UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN INSURANCE ASSOCIATION, *et al.*<br><br>      Plaintiffs,<br><br>      v.<br><br>UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*<br><br>      Defendants. | No. 1:13-cv-00966 (RJL) |

**DEFENDANTS' UNOPPOSED MOTION TO STAY PROCEEDINGS**

Defendants respectfully move for a stay of proceedings in this matter, including their obligation to respond to the Complaint, pending the Supreme Court's resolution of *Township of Mount Holly v. Mount Holly Gardens Citizens in Action, Inc.* ("*Mount Holly*"), No. 11-1507. In substance, *Mount Holly* presents the same issue of statutory interpretation that plaintiffs seek to litigate in the above-captioned action: namely, whether a disparate impact theory of liability is cognizable under the Fair Housing Act, 42 U.S.C. § 3601 *et seq*. The Supreme Court's resolution of this question – whether in the affirmative or the negative – would at a minimum streamline the proceedings in this case, if not eliminate the need for litigation entirely. Accordingly, the interests of judicial economy argue strongly in favor of a stay to allow the Supreme Court to issue its controlling decision in *Mount Holly*. Counsel for plaintiffs has represented that plaintiffs do not oppose the stay of proceedings sought herein.

**BACKGROUND**

The Fair Housing Act (FHA) makes it unlawful to, *inter alia*, refuse to sell, rent, or "otherwise make unavailable or deny[] a dwelling" to any person because of race, color, religion, sex, familial status, national origin, or handicap.  42 U.S.C. § 3604(a), (f). The Department of Housing and Urban Development (HUD), which is charged with interpreting and implementing the FHA, has long construed the prohibitions against discrimination in the FHA to encompass a disparate-impact theory of liability.  HUD reaffirmed this interpretation in a recent formal rulemaking, which provides that: "Liability may be established under the Fair Housing Act based on a practice's discriminatory effect . . . even if the practice was not motivated by a discriminatory intent."  *Implementation of the Fair Housing Act's Discriminatory Effects Standard*, 78 Fed. Reg. 11,460, 11,482 (Feb. 15, 2013) (codified at 24 C.F.R. § 100.500).

Plaintiffs, two insurance trade organizations, filed this action on June 26, 2013, seeking to invalidate § 100.500 pursuant to the Administrative Procedure Act (APA). Plaintiffs contend that HUD's rule is inconsistent with the "plain language" of the FHA, which in their view "prohibits only intentional discrimination."  Compl. ¶¶ 6, 70-73. Defendants' response to the Complaint is presently due on August 30.

At the time that plaintiffs filed the present action, the Supreme Court had already granted a petition for certiorari in *Mount Holly Gardens Citizens in Action, Inc. v. Township of Mount Holly*, 658 F.3d 375 (3d Cir. 2011), a case in which private plaintiffs brought suit in federal court for violations of the FHA, including disparate-impact claims, arising out of the planned demolition of a predominantly minority neighborhood.  The grant of certiorari, issued on June 17, 2013, was limited to a single question:  "Are

disparate impact claims cognizable under the Fair Housing Act?" *See* 133 S. Ct. 2824 (June 17, 2013); Petition for a Writ of Certiorari (filed June 11, 2012); *see also* http://www.supremecourt.gov/qp/11-01507qp.pdf. Merits briefing in *Mount Holly* is scheduled to commence on August 26.

## ARGUMENT

This Court undoubtedly has discretion to stay this case pending resolution of *Mount Holly*: "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Thus, "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal.*, 593 F.2d 857, 863 (9th Cir. 1979). A stay is especially appropriate where a forthcoming decision by another court will be controlling on issues presented in the action in question. *See, e.g., Allina Health Svcs. v. Sebelius*, 756 F. Supp. 2d 61, 71 (D.D.C. 2010) (staying case pending decision by D.C. Circuit in another case raising overlapping legal issues).

This is a paradigmatic case where a stay of proceedings would conserve the resources of both the parties and the Court, and would promote an orderly disposition of the issues presented. It is apparent from the face of the Complaint that plaintiffs seek to litigate the same issue of statutory interpretation that the Supreme Court is set to decide in *Mount Holly* this coming term, namely, whether the FHA allows for disparate-impact claims. To be sure, the context in which that question is presented in *Mount Holly* differs

from the present context: *Mount Holly* involves private litigation in which plaintiffs seek relief under a disparate impact theory of liability; whereas the instant litigation involves a facial pre-enforcement challenge to HUD's regulation formalizing HUD's long-held interpretation of the availability of such a theory of liability, as an exercise of the agency's broad authority to interpret and implement the FHA.  *See* 42 U.S.C. § 3614a.  In light of this distinction, the present case may involve legal issues not presented in *Mount Holly*.  Nevertheless, the Supreme Court's disposition of *Mount Holly* is likely to affect the disposition of this case significantly, if not eliminate the need for litigation in this case entirely.

Because a decision by the Supreme Court in *Mount Holly* "may affect the future scope and necessity of litigation in this court," a stay would advance the interests of judicial economy.  *See IBT/HERE Emp. Representatives' Council v. Gate Gourmet Div. Ams.*, 402 F. Supp. 2d 289, 292 (D.D.C. 2005) (citation omitted).  Such a stay will not cause undue delay in this case, inasmuch as *Mount Holly* is scheduled to be heard in the coming Term.[1]  Nor can a stay be said to cause prejudice to plaintiffs, who do not oppose the instant motion.  Accordingly, the balance of interests weighs heavily in favor of a stay.

## CONCLUSION

For the foregoing reasons, the Court should stay the present matter pending the outcome of the proceedings before the Supreme Court in *Mount Holly*.

---

[1] On June 26, 2013, the parties in *Mount Holly* informed the Supreme Court that they were in settlement negotiations.  The Department of Justice is not involved in such negotiations.  If that case settles, this court could lift any stay in this case at that point.

Dated:  August 15, 2013				Respectfully submitted,

							STUART F. DELERY
							Assistant Attorney General

							RONALD C. MACHEN JR.
							United States Attorney

							 /s/ Kyle R. Freeny
							MICHAEL SITCOV
							KYLE R. FREENY (Cal. Bar No. 247857)
							DANIEL P. MOSTELLER (DC Bar No. 980802)
							Attorneys
							U.S. Department of Justice
							20 Massachusetts Ave., N.W.
							Washington, DC  20001
							Tel: (202) 514-5108/Fax: (202) 616-8470
							Email:  Kyle.Freeny@usdoj.gov

							*Counsel for Defendants*