IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN INSURANCE ASSOCIATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, et al., <br><br> Defendants. | Case No. 1:13-cv-00966 |

**UNOPPOSED MOTION OF THE NATIONAL FAIR HOUSING ALLIANCE, THE LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW, THE NATIONAL LOW INCOME HOUSING COALITION, THE POVERTY & RACE RESEARCH ACTION COUNCIL, THE NATIONAL HOUSING LAW PROJECT, AND LATINOJUSTICE PRLDEF FOR LEAVE TO FILE A BRIEF** *AMICUS CURIAE*

The National Fair Housing Alliance ("NFHA"), the Lawyers' Committee for Civil Rights Under Law ("LCCRUL"), the National Low Income Housing Coalition ("NLIHC"), the Poverty & Race Research Action Council ("PRRAC"), the National Housing Law Project ("NHLP"), and LatinoJustice PRLDEF, through counsel, respectfully move this Court for leave to file the attached Brief *Amicus Curiae* in Support of the Defendants' Motion to Dismiss or, In the Alternative, For Summary Judgment. The proposed brief is attached to this Motion. In support of this Motion, NFHA, LCCRUL, NLIHC, PRRAC, NHLP, and LatinoJustice PRLDEF state as follows:

1.      NFHA is a consortium of approximately 97 private, non-profit, fair housing organizations, state and local civil rights groups, and individuals.  In conjunction with its members, NFHA strives to eliminate housing discrimination and ensure equal housing opportunities for all people through leadership, education and outreach, membership services, public policy initiatives, advocacy, and enforcement.  As part of its enforcement activities, NFHA assists its members and participates in federal and state court litigation brought under the Fair Housing Act ("FHA") and state and local fair housing laws.  In addition to bringing its own claims, NFHA monitors federal cases brought under the FHA and files amicus briefs in cases in which it has an interest.

2.      Identifying and eliminating discrimination in the availability and marketing of homeowner's insurance has been one of NFHA's highest priorities for almost two decades. NFHA has dedicated significant resources to the study of the homeowner's insurance market, and has received grants and contracts with the U.S. Department of Housing and Development ("HUD") to investigate homeowner's insurers.  NFHA has also been a complainant or a plaintiff in many cases involving racial discrimination in the availability and marketing of homeowner's insurance.  For example, NFHA was the plaintiff in *National Fair Housing Alliance et al. v. Prudential Insurance Company*, 208 F. Supp. 2d 46 (D.D.C. 2002), and in *National Fair Housing Alliance et al. v. Travelers Insurance Company*, Case No. 1:00-cv-1506 (D.D.C. filed June 26, 2000).  NFHA was the lead complainant in *National Fair Housing Alliance v. State Farm Insurance Companies*, Case No. 05-94-1351-8 (HUD), and *National Fair Housing Alliance v. Allstate Insurance Company*, Case No. 03-94-0529-8 (HUD).  NFHA has filed amicus briefs in several insurance discrimination cases, including *United Farm Bureau Mutual*

*Insurance Company v. Metropolitan Human Relations Comm'n*, 24 F.3d 1008 (7th Cir. 1994), and *Ojo v. Farmers Group, Inc.*, 600 F.3d 1205, 1208 (9th Cir. 2010).

3. LCCRUL is a nonpartisan, non-profit organization that was formed in 1963 at the request of President John F. Kennedy to involve the private bar in providing legal services to address racial discrimination. The principal mission of LCCRUL is to secure, through the rule of law, equal justice under law, including working with communities across the nation to combat and remediate discriminatory housing practices. LCCRUL's major objective is to use the skills and resources of the bar to obtain equal opportunity for minorities by addressing factors that contribute to racial justice and economic opportunity. Given our nation's history of racial discrimination, *de jure* segregation, and the *de facto* inequities that persist, LCCRUL's primary focus is to represent the interests of African Americans in particular, other racial and ethnic minorities, and other victims of discrimination, where doing so can help to secure justice for all racial and ethnic minorities. The Lawyers' Committee and its affiliates have litigated numerous fair housing claims pursuant to the FHA, Title VIII of the Civil Rights Act of 1968, many of which have raised disparate impact claims.

4. NLIHC is a non-profit policy advocacy and research organization dedicated solely to achieving socially just public policy that assures that people with the lowest incomes in the United States have affordable and decent homes. Its members include state and local housing coalitions, residents of public and assisted housing and their organizations, non-profit housing providers, homeless service providers, fair housing organizations, public housing agencies, private developers and property owners, housing researchers, local and state government agencies, faith-based organizations, and concerned citizens. NLIHC works only on behalf of and

with low income people who need safe, decent, and affordable housing, especially those with the most serious housing problems.

5.     PRRAC is a civil rights policy organization based in Washington, D.C., committed to bringing the insights of social science research to the fields of civil rights and poverty law.  PRRAC's housing work focuses on the government's role in creating and perpetuating patterns of racial and economic segregation, the long term consequences of segregation for low income families of color in the areas of health, education, employment, and economic mobility, and the government policies that are necessary to remedy these disparities.

6.     NHLP is a private, non-profit, national housing and legal advocacy center established in 1968.  Its mission is to advance housing justice for poor people by increasing and preserving the supply of decent, affordable housing; improving existing housing conditions, including physical conditions and management practices; expanding and enforcing low income tenants' and homeowners' rights; and increasing housing opportunities for racial and ethnic minorities. Through policy advocacy and litigation, NHLP has been responsible for many critically important changes to federal housing policy and programs that have resulted in increased housing opportunities and improved housing conditions for poor people. NHLP has worked with thousands of advocates, attorneys, and agencies throughout the country on cases involving tenants and homeowners. For decades, NHLP has been involved in efforts to promote fair housing opportunity for all.

7.     LatinoJustice PRLDEF, which was founded in 1972 as the Puerto Rican Legal Defense and Education Fund, champions an equitable society. Using the power of the law together with advocacy and education, LatinoJustice seeks to protect opportunities for all Latinos to succeed in school and work, fulfill their dreams, and sustain their families and communities.

For over 40 years, LatinoJustice has advocated for and defended the constitutional rights and the equal protection of all Latinos under the law, and has litigated numerous cases challenging multiple forms of discrimination including fair housing, employment, education, language rights, redistricting, and voting rights. LatinoJustice has successfully challenged discriminatory housing practices preserving the right of Latino immigrants to secure housing in their communities.

8. All *amici* are committed to vigorous enforcement of the FHA and have actively used and/or supported disparate impact analysis in their efforts to ensure non-discrimination in all aspects of the housing market, including the provision of property insurance. In addition, all *amici* submitted comments in support of the HUD regulation at issue here. In the 45 years since the FHA was passed, the federal courts, the federal government, and fair housing plaintiffs have successfully enforced the FHA on the basis of disparate impact principles. Long before HUD formally promulgated its Disparate Impact regulation in 2013 – the subject of this Administrative Procedure Act challenge – facially neutral housing practices were struck down because they were based on no legitimate business justification, yet operated to deprive minorities, persons with disabilities, families with children, and other protected classes from the full range of housing products and services available to others. Thus, disparate impact analysis has long-provided an essential tool for identifying and ending patterns, practices, and polices that have a disproportionately negative impact on protected groups. Without this important tool, it will be extremely difficult, if not impossible, to address pervasive and covert housing discrimination.

9. This Court has the discretion to determine "the fact, extent, and manner of participation by the amicus." *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003) (internal quotation omitted). "'An *amicus* brief should normally be allowed . . . when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the

parties are able to provide.'" *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136-37 (D.D.C. 2008) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997)).

10.     *Amici*'s experience in FHA cases raising disparate impact claims, including claims of discrimination by providers of property insurance, and their consistent support of the HUD regulation provide the Court with a unique perspective of the issues in this case and will be "helpful and of interest to the Court in the instant litigation." *Cobell*, 246 F. Supp. 2d at 62.

11.     On January 28, 2014, Plaintiffs filed a Notice of Consent to Amicus Briefs in which they consented to the filing of any and all briefs of *amici curiae*, whether in support of either or neither party. On January 30, 2014, Counsel for *amici* contacted counsel for HUD and was informed that HUD takes no position on this motion.

WHEREFORE, NFHA, LCCRUL, NLIHC, PRRAC, NHLP, and LatinoJustice PRLDEF respectfully request the Court to grant this Unopposed Motion for Leave to File the attached Brief *Amicus Curiae* in the above matter.

        Respectfully Submitted,

        */s/ Stephen M. Dane*
        Stephen M. Dane
        Glenn Schlactus
        RELMAN, DANE & COLFAX PLLC
        1225 19th Street, N.W., Suite 600
        Washington, D.C. 20036
        Telephone: (202) 728-1888
        Fax: (202) 728-0848

        */s/ Joseph D. Rich*
        Joseph D. Rich
        LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
        1401 New York Avenue, N.W., Suite 400
        Washington, D.C. 20005
        Telephone: (202) 662-8600
        Fax: (202) 783-5113

        Attorneys for *Amici Curiae*

Dated: February 10, 2014

## CERTIFICATE OF SERVICE

      I hereby certify that on February 10, 2014, I filed the foregoing document entitled **Unopposed Motion of the National Fair Housing Alliance, the Lawyers' Committee for Civil Rights Under Law, the National Low Income Housing Coalition, the Poverty & Race Research Action Council, the National Housing Law Project, and LatinoJustice PRLDEF for Leave to File a Brief** *Amicus Curiae* via the Court's CM/ECF system, which shall send notice to the following counsel of record:

Kannon K. Shanmugam, Esq.
Allison B. Jones, Esq.
Williams & Connolly LLP

Kyle R. Freeny, Esq.
U.S. Department of Justice, Civil Division

Daniel P. Mosteller, Esq.
U.S. Department of Justice, Civil Rights Division

                                              */s/ Glenn Schlactus*
                                              Glenn Schlactus
                                              RELMAN, DANE & COLFAX PLLC
                                              1225 19th Street, N.W., Suite 600
                                              Washington, D.C. 20036
                                              Telephone: (202) 728-1888
                                              Fax: (202) 728-0848

                                              Attorney for *Amici Curiae*