# EXHIBIT A



...........  ........g and Urban Development
Washington, D.C. 20410-2000

February 26, 1996



OFFICE OF THE ASSISTANT SECRETARY
FOR FAIR HOUSING AND EQUAL OPPORTUNITY

Mr. Richard D. Rogers
Deputy Director
Illinois Department of Insurance
320 West Washington Street
Springfield, IL  62767-0001

SUBJECT: <u>National Fair Housing Alliance</u> v. <u>State Farm Insurance Company</u>, Case Number 05-94-1351-8

Dear Mr. Rogers:

Thank you for your letter of January 18, 1996. The Department of Housing and Urban Development is in the process of investigating a complaint filed with this office against the above insurance company to determine whether illegal discrimination did in fact take place. The Federal Fair Housing Act (FHAct, Act), current regulations, and case law <u>require</u> that HUD investigate and adjudicate matters pertaining to discrimination in the provision of property insurance. The Department recognizes the interest state insurance regulators have in insurance redlining issues, but because this investigation is ongoing, as in the case of your market conduct examinations, we are unable to release complaint related information until the case has been closed. The Department has, however, informed the Ohio Insurance Commissioner of our investigation, which is the state where the alleged discrimination took place.

It appears from your letter that you may not fully understand HUD's responsibilities as the primary Federal fair housing law enforcement agency. The FHAct and its regulations have a very different purpose and content from codes promulgated by state insurance commissioners. Unlike insurance codes, the Act does not regulate the insurance industry. Therefore, HUD does not and will not approve rate filings or underwriting guidelines, establish solvency requirements, or perform any of the standard functions currently provided by state regulators to assure competition, availability and affordability of insurance. HUD is concerned <u>solely</u> with discriminatory policies or practices as prohibited by the Act.

Because property insurance is required to secure a mortgage loan, which is generally required to purchase a dwelling, denying insurance on a prohibited basis effectively makes housing unavailable in violation of Section 3604(a). Similarly, because insurance is a service clearly connected with purchasing a

dwelling, discrimination in the provision of this service on a prohibited basis violates Section 3604(b). Property insurance is also required to maintain a dwelling, and, thus, enjoy the full benefits and privileges of homeownership. Therefore, discrimination in the provision of property insurance constitutes discrimination in residential real estate-related transactions in violation of Section 3605.

Several Administrations, both Republican and Democratic, beginning with a HUD General Counsel opinion in 1978, have concluded that the Fair Housing Act prohibits: (1) insurance redlining and other policies and practices that deny insurance or make it unavailable on the basis of race or any other protected status, and (2) discrimination in the terms, conditions, costs or other aspects of insurance coverage. HUD, in its capacity as the nation's chief fair housing law enforcer, promulgated regulations implementing the Fair Housing Amendments Act of 1988 defining as prohibited conduct "Refusing to provide municipal services or property or hazard insurance for dwellings or providing such services or insurance differently because of race, color, religion, sex, handicap, familial status, or national origin" (24 C.F.R. Section 100.70(d)(4)).

Case precedents such as Dunn v. Midwestern Indemnity Mid-American Fire & Casualty Co., 472 F. Supp. 1106 (S.D. Ohio 1979) and McDiarmid v. Economy Fire & Casualty Co., 604 F. Supp. 105 (S.D. Ohio 1984) established the applicability of the Fair Housing Act to discriminatory insurance practices. More recent precedents, N.A.A.C.P. v. American Family Mutual Insurance Co., 978 F.2d 287 (7th Cir. 1992), cert. denied, 113 S. Ct. 2335 (1993), Nationwide Mutual Insurance Co. v. Cisneros, No. C3-92-52 (S.D. Ohio Feb. 24, 1994), and Strange v. Nationwide Mutual Insurance Co., No. 93-6585 (E.D. Pa. 9-22-94) reaffirmed this principal, according deference to HUD's substantive regulation promulgated in 1989 under standards established in Chevron U.S.A., Inc. v. Natural Resources Defense Council, 467 U.S. 837 (1984). But see Mackey v. Nationwide Insurance Co., 724 F. 2d 419 (4th Cir. 1984). While the Fourth Circuit held to the contrary, that decision was rendered prior to the Department's regulation stating that insurance is covered by the Act. The Seventh Circuit in the 1992 American Family case, in finding that insurance is covered, found the reasoning of that 1984 decision unpersuasive stating that "events have bypassed Mackey" and found the regulations to be controlling, based upon the Department's statutory authority to issue them and the weight such regulations are accorded.

In the most recent appellate decision on the issue, on May 1, 1995, the Sixth Circuit followed the Seventh Circuit and joined the long line of courts that have upheld the Department's jurisdiction and found that the Fair Housing Act complements rather than conflicts with state laws or the McCarran-Ferguson

3

Act. In a suit filed by the Nationwide Insurance Company contesting HUD's authority to investigate an allegation of insurance discrimination under the Act, Nationwide Mutual Ins. Co. v. Cisneros, No. 94-3296 (6th Cir. May 1, 1995), the court stated, "we conclude that HUD's interpretation of the Fair Housing Act is consistent with goals of the Fair Housing Act and a reasonable interpretation of the statute . . . we hold that the McCarran-Ferguson Act does not preclude HUD's interpretation of the Fair Housing Act."

Neither the Act nor the regulation require insurers to take all comers and offer the same product at the same price for any applicant. Selection of markets, products, prices, and other terms and conditions are not affected by HUD's regulation, except to the extent that any practice constituted unlawful discrimination under the Fair Housing Act. Nothing in the Act requires or encourages any practice that is inconsistent with sound actuarial and underwriting principles including but not limited to the requirement that prices not be excessive, inadequate, or unfairly discriminatory.

It is true that, depending on the facts of the specific case, a HUD investigation may examine the practices of particular insurers who are alleged to have engaged in discriminatory practices, including underwriting activities and pricing of particular insurance policies, but only to the extent that such practices are alleged to constitute unlawful discrimination in violation of the Fair Housing Act. This is so because discrimination under the Fair Housing Act is not restricted solely to the issue of refusing to write policies in minority neighborhoods. As in every other area of housing that falls under the jurisdiction of the Act, discrimination that occurs in the terms and conditions under which products and services are made available is also prohibited.

Discrimination on the basis of risk constitutes sound business practice that does not conflict with the Fair Housing Act. But when distinctions are drawn on the basis of subjective perception, inaccurate stereotypes, or overt prejudice then such practices do violate the Act.

HUD has no desire to usurp Illinois', or any other state's jurisdiction when it comes to the regulation of the business of insurance. The Department will not ignore the input nor the cooperation of state insurance regulatory agencies. This agency does have jurisdiction and required by the Fair Housing Act to investigate all complaints involving alleged discrimination in the provision of property insurance.

4

If you would like to discuss this further, or you require additional assistance, please contact Peter Kaplan, Director, Office of Regulatory Initiatives and Federal Coordination at (202) 708-2904. Thank you for your interest in this matter.

Sincerely,

Elizabeth K. Julian
Acting Assistant Secretary for
Policy and Initiatives