IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN INSURANCE ASSOCIATION,<br><br>  et al.,<br><br>      Plaintiffs,<br><br>        v.<br><br>UNITED STATES DEPARTMENT OF<br>HOUSING AND URBAN DEVELOPMENT,<br><br>  et al.,<br><br>      Defendants. | Case No. 1:13-cv-00966-RJL |

**UNOPPOSED MOTION OF NAACP LEGAL DEFENSE
& EDUCATIONAL FUND, INC., THE AMERICAN CIVIL LIBERTIES UNION,
THE NATIONAL CONSUMER LAW CENTER,
AND THE NATIONAL COMMUNITY REINVESTMENT COALITION
FOR LEAVE TO FILE A BRIEF AMICUS CURIAE**

The NAACP Legal Defense & Educational Fund, Inc. (LDF), the American Civil Liberties Union (ACLU), the National Consumer Law Center (NCLC), and the National Community Reinvestment Coalition (NCRC), through counsel, respectfully move this Court for leave to file the attached Brief Amicus Curiae in Support of Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment. The proposed brief is attached to this Motion. In support of this Motion, LDF, ACLU, NCLC, and NCRC state as follows:

1. The **NAACP Legal Defense and Educational Fund, Inc. (LDF)** is a non-profit legal organization that, for more than seven decades, has helped African Americans secure their civil and constitutional rights. Throughout its history, LDF has challenged public and private

policies and practices that deny African Americans housing opportunities and isolate African-American communities. *See, e.g.*, *McGhee v. Sipes*, 334 U.S. 1 (1948) (companion case to *Shelley v. Kraemer*, 334 U.S. 1 (1948)); *Cent. Ala. Fair Hous. Ctr. v. Lowder Realty Co.*, 236 F.3d 629 (11th Cir. 2000) (racial steering); *Comer v. Cisneros*, 37 F.3d 775 (2d Cir. 1994) (racial discrimination in public housing and assistance programs); *NAACP v. Am. Family Mut. Ins. Co.*, 978 F.2d 287 (7th Cir. 1992) (redlining in homeowners insurance business); *Kennedy Park Homes Ass'n v. City of Lackawanna*, 436 F.2d 108 (2d Cir. 1970) (exclusionary zoning); *Thompson v. U.S. Dep't of Hous. & Urb. Dev.*, No. 95-309, 2006 WL 581260 (D. Md. Jan. 10, 2006) (federal government's obligation to affirmatively further fair housing); Consent Decree, *Byrd v. First Real Estate Corp. of Ala.*, No. 95-CV-3087 (N.D. Ala. May 14, 1989) (racial steering); *Price v. Gadsen Corp.*, No. 93-CV-1784 (N.D. Ala. filed Aug. 30, 1993) (unfair lending practices); *Brown v. Artery Org., Inc.*, 654 F. Supp. 1106 (D.D.C. 1987) (redevelopment plans that unfairly eliminate affordable housing); *see also* LDF et al., *The Future of Fair Housing: Report on the National Commission of Fair Housing and Equal Opportunity* (Dec. 2008). LDF has also long played an instrumental role in advancing the doctrine of disparate impact discrimination. *See, e.g.*, *Lewis v. City of Chicago*, 560 U.S. 205 (2010); *Griggs v. Duke Power Co.*, 401 U.S. 424 (1971).

    2.    The **American Civil Liberties Union (ACLU)** is a nationwide, nonpartisan organization with more than 500,000 members dedicated to the principles of liberty and equality embodied in the Constitution and this nation's civil rights laws. Since its founding in 1920, the ACLU has litigated numerous cases aimed at ending segregation and racial discrimination in all its forms, and it has appeared frequently as amicus curiae in cases implicating these issues. Of particular relevance to this case, the ACLU advocates for people who have historically been

denied their civil rights to housing on the basis of race and membership in other protected classes.  *See, e.g.*, *Park View Heights Corp. v. City of Black Jack*, 605 F.2d 1033, 1035 (8th Cir. 1979), *cert. denied*, 445 U.S. 905 (1980) (plaintiffs' counsel in Fair Housing Act challenge to zoning ordinance that blocked construction of integrated housing development); *Am. Family Mut. Ins. Co.*, 978 F.2d 287 (plaintiffs' counsel in Fair Housing Act challenge to redlining in homeowners insurance business); *United States v. C.B.M. Group, Inc.*, No. 01-857-PA (D. Or. filed June 8, 2001) (co-counsel in Fair Housing Act challenge to application of "zero-tolerance for violence" policies to victims of domestic violence as disparate impact discrimination based on sex); *Bouley v. Young-Sabourin*, 394 F. Supp. 2d 675 (D. Vt. 2005) (amicus curiae in Fair Housing Act challenge to practice of evicting victims of domestic violence); *Adkins v. Morgan Stanley*, No. 12-CV-7667 (S.D.N.Y. filed Oct. 15, 2012) (plaintiffs' counsel in Fair Housing Act challenge to discrimination in mortgage securitization).

    3.    The **National Consumer Law Center (NCLC)** is a national research and advocacy organization focusing on justice in consumer financial transactions, especially for low income and elderly consumers.  Since its founding as a nonprofit corporation in 1969, NCLC has been a resource center addressing numerous consumer finance issues affecting equal access to fair credit in the marketplace.  NCLC publishes a 20-volume Consumer Credit and Sales Legal Practice Series, including Credit Discrimination, Sixth Ed., and has served on the Federal Reserve System Consumer-Industry Advisory Committee and committees of the National Conference of Commissioners on Uniform State Laws.  NCLC has also acted as the Federal Trade Commission's designated consumer representative in promulgating important consumer-protection regulations.

4. The **National Community Reinvestment Coalition (NCRC)** is a nonprofit public interest organization founded in 1990. NCRC, both directly and through its network of six hundred community-based member organizations, works to increase access to basic banking services, including credit and savings, and to create and sustain affordable housing, job development and vibrant communities for America's working families. NCRC, through its National Neighbors civil rights program, seeks to advance fair lending and open housing practices nationwide and actively assists in efforts to affirmatively further fair housing and eliminate discrimination that is detrimental to the economic growth of low to moderate income and traditionally underserved communities.

5. Proposed amici are committed to zealously enforcing our nation's antidiscrimination laws, including the prohibition against disparate impact discrimination under the Fair Housing Act of 1968 (FHA), Pub. L. No. 90-284, 82 Stat. 81 (1968) (codified as amended at 42 U.S.C. §§ 3601-3631). Since the enactment of the FHA in 1968, this nation has made substantial progress toward eliminating racial segregation and discrimination in public and private housing, and disparate impact liability has been a key tool in achieving that progress. Yet, in many housing markets across our nation, the vestiges of de jure residential segregation persist. Moreover, the recent economic crisis revealed a new set of discriminatory policies and practices that deny housing opportunities on the basis of race and other protected characteristics. Disparate impact analysis has been a critical weapon in the statute's antidiscrimination arsenal for over forty years, and it remains indispensable to fulfilling Congress's promise to eradicate discrimination in housing. All eleven federal courts of appeals to have addressed the issue have held that disparate impact claims are authorized by the text, structure, and history of the FHA. Those decisions are consistent with the long-standing interpretation of the U.S. Department of

Housing and Urban Development (HUD), as codified in the recently promulgated regulation at issue in this case.  *See* HUD, Final Rule, *Implementation of the Fair Housing Act's Discriminatory Effects Standard*, 78 Fed. Reg. 11,460 (Feb. 15, 2013).

6.     This Court has the discretion to permit participation by amicus curiae for the benefit of the Court.  *See Hard Drive Prods., Inc. v. Does 1-1,495*, 892 F. Supp. 2d 334, 337 (D.D.C. 2012).  "Amicus participation is normally appropriate when . . . the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide."  *Id.* (quoting *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008)).

7.     Proposed amici submit that their experience combating discriminatory barriers to equal housing opportunity and their longstanding support for enforcing the principles of disparate impact discrimination codified in HUD's recently promulgated rule provide a perspective that may benefit the Court and warrants their participation as amici.  Notably, amici submitted comments in support of the HUD regulation.

8.     Plaintiffs have filed a Notice of Consent to Amicus Briefs, in which they "notif[ied] the Court of their consent to the filing of any and all briefs of amicus curiae, whether in support of either or neither party."  ECF No. 18.

9.     On February 11, 2014, counsel for proposed amici notified counsel for Defendants of their intent to file an amicus brief in this case and were informed that Defendants take no position on the filing of this motion.

10.     This Court has already granted motions by other organizations for leave to file amicus briefs in this case, *see* ECF Nos. 22, 24, as it has in other cases of public interest or importance, *see, e.g.*, *NACS v. Bd. of Governors of Fed. Reserve Sys.*, __ F. Supp. 2d __,

No. 11-02075, 2013 WL 3943489, at *9 (D.D.C. July 31, 2013) (Leon, J.) (accepting three amicus curiae briefs for filing, two in support of plaintiffs and one in support of neither party); *Smoking Everywhere, Inc. v. U.S. Food & Drug Admin.*, 680 F. Supp. 2d 62, 78 (D.D.C. 2010) (Leon, J).

Therefore, LDF, ACLU, NCLC, and NCRC respectfully request that the Court grant this Unopposed Motion for Leave to File a Brief Amicus Curiae and accept the attached brief for filing.

        Respectfully submitted,

        *s/ Ryan P. Haygood*
        Sherrilyn Ifill
          Director-Counsel
        Christina A. Swarns
        Ryan P. Haygood (Bar. No. 53135)
        Ria Tabacco Mar
        NAACP Legal Defense &
          Educational Fund, Inc.
        40 Rector St., 5th Floor
        New York, NY 10006
        (212) 965-2200

        Joshua Civin (Bar No. 494496)
        NAACP Legal Defense &
          Educational Fund, Inc.
        1444 I St., NW, 10th Floor
        Washington, DC 20005
        (202) 682-1300

        Dennis D. Parker
        Laurence M. Schwartztol
        Rachel E. Goodman
        Peter W. Beauchamp
        American Civil Liberties Union Foundation
        125 Broad St., 18th Floor
        New York, NY 10004
        (212) 549-2500

                                        Alys I. Cohen (Bar No. 452411)
                                        National Consumer Law Center
                                        1001 Connecticut Avenue, NW,
                                           Suite 510
                                        Washington, DC 20036
                                        (202) 452-6252

                                        Attorneys for Amici Curiae

Dated: February 20, 2014

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2014, I filed the foregoing document entitled **Unopposed Motion of the NAACP Legal Defense & Educational Fund, Inc., the American Civil Liberties Union, the National Consumer Law Center, and the National Community Reinvestment Coalition for Leave to File a Brief Amicus Curiae** via the Court's CM/ECF system, which shall send notice to the following counsel of record for the parties:

Kannon K. Shanmugam, Esq.
Allison B. Jones, Esq.
Williams & Connolly LLP

Kyle R. Freeny, Esq.
U.S. Department of Justice, Civil Division

Daniel P. Mosteller, Esq.
U.S. Department of Justice, Civil Rights Division

*s/ Ryan P. Haygood*
Ryan P. Haygood (Bar. No. 53135)
NAACP Legal Defense &
  Educational Fund, Inc.
40 Rector St., 5th Floor
New York, NY 10006

Attorney for Amici Curiae