IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN INSURANCE ASSOCIATION and NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT and SHAUN DONOVAN, in his official capacity as Secretary of Housing and Urban Development,<br><br>    Defendants. | Civil Action No. 13-cv-966 (RJL) |

**MOTION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF IN
SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

The American Financial Services Association ("AFSA"), the Consumer Mortgage Coalition ("CMC"), the Independent Community Bankers of America® ("ICBA"), and the Mortgage Bankers Association ("MBA") (collectively, "*amici*") respectfully move for leave to file an *amici curiae* brief in support of the Motion for Summary Judgment filed by plaintiffs the American Insurance Association and the National Association of Mutual Insurance Companies ("Plaintiffs") in the above-captioned matter.

As set out in *amici's* proposed brief:

- AFSA is a national trade association for providers of financial services to consumers, including residential mortgage loans. AFSA seeks to promote responsible, ethical lending to informed borrowers and to improve and protect consumers' access to credit.

- CMC is a national trade association comprised of residential mortgage lenders, servicers, and service providers. CMC was formed in 1995 to pursue reform of the mortgage origination process, and their members participate in every stage of the home financing process.

- The ICBA, a national trade association, is the nation's voice for nearly 7,000 community banks of all sizes and charter types. ICBA member community banks seek to improve cities and towns by using local dollars to help families purchase homes and are actively engaged in the business of residential mortgage lending in the communities that they serve.

- The MBA is the national association representing the real estate finance industry, an industry that employs more than 280,000 people in virtually every community in the country. Headquartered in Washington, D.C., the association works to ensure the continued strength of the nation's residential and commercial real estate markets, to expand homeownership, and to extend access to affordable housing to all Americans. Its membership of over 2,200 companies includes all elements of real estate finance, including mortgage companies, mortgage brokers, commercial banks, thrifts, Wall Street conduits, and life insurance companies.

*Amici's* members are subject to Section 805 of the Fair Housing Act (the "FHA"), 42 U.S.C. § 3605, which prohibits discrimination in residential real estate-related transactions, and the proper scope of the FHA is the subject matter of this litigation. *Amici* and their members vigorously support the FHA and strongly oppose discrimination. They have serious concerns that recognition of a disparate-impact theory of liability under the FHA, as asserted by Defendants in the Rule at issue in this litigation, would allow challenges to legitimate business practices that themselves raise no inference of unlawful discrimination. *See* 24 C.F.R. §100.500. *Amici* and their members have an interest in the disposition of this case, as Plaintiffs' challenge to the subject Rule raises many issues that *amici* and their members themselves face with respect to compliance with the FHA and the regulations implementing it.

This Court has allowed *amicus curiae* participation "'when the *amicus* … has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003). Because of the close involvement of *amici* and their members in the issues raised in this case, *amici's*

participation in this case would provide such perspective. *Amici* thus respectfully submit that their brief will provide the Court insight into the Rule's impact on the consumer lending industry and assist the Court in adjudicating the important questions presented in this case.

Plaintiffs have consented to this filing. *See* Plaintiff's Notice of Consent to Amicus Briefs (Jan. 28, 2014) (Dkt. No. 18). Counsel for the *amici* conferred with counsel for Defendants on March 17 and 18, 2014, who stated that defendants oppose the filing as untimely because their consent was sought too late.

Respectfully submitted,

*/s/ John Longstreth*

| | |
|---|---|
| Paul F. Hancock (D.C. Bar No. 159327) | John Longstreth (D.C. Bar No.367047) |
| K&L GATES LLP | K&L GATES LLP |
| Southeast Financial Center, Suite 3900 | 1601 K Street NW |
| 200 South Biscayne Boulevard | Washington, D.C. 20006 |
| Miami, FL 33131-2399 | (202) 778-9000 |
| (305) 539-3300 | john.longstreth@klgates.com |
| paul.hancock@klgates.com | |

*Counsel for Amici Curiae*

Dated: March 18, 2014

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of March, 2014, I caused the foregoing document entitled Motion to File *Amici Curiae* Brief in Support of Plaintiffs' Motion for Summary Judgment to be filed via the Court's CM/ECF system, which shall send notice to the following counsel of record for the parties:

Kannon K. Shanmugam
Allison B. Jones
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC 20005

Kyle R. Freeny
U.S. Department of Justice
Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, DC 20530

Daniel P. Mosteller
U.S. Department of Justice
Civil Division
950 Pennsylvania Avenue, N.W.
Washington, DC 20530-00001

                                             */s/ John Longstreth*
                                             John Longstreth