**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| AMERICAN INSURANCE ASSOCIATION, *et al.* ) ) ) ) Plaintiffs, ) ) v. ) ) UNITED STATES DEPARTMENT ) OF HOUSING AND URBAN ) DEVELOPMENT, *et al.* ) ) Defendants. ) ) | No. 1:13-cv-00966 (RJL) |

## NOTICE OF RECENT AUTHORITY

Defendants respectfully submit this Notice of Recent Authority to bring to the Court's attention two recent developments in other cases related to the availability of disparate impact liability under the Fair Housing Act ("FHA") and/or the Department of Housing and Urban Development's ("HUD's") Discriminatory Effects Rule at issue in this case.

On October 2, 2014, the Supreme Court granted the petition for certiorari in *Texas Dep't of Housing and Community Affairs v. The Inclusive Communities Project, Inc.*, No. 13-1371, on the question of whether disparate impact claims are cognizable under the FHA. *See* --- S.Ct. ----, 2014 WL 4916193 (Oct. 2, 2014); Petition for Certiorari (filed May 13, 2014); *see also* http://www.supremecourt.gov/Search.aspx?FileName=/docketfiles/13-1371.htm. Accordingly, the Supreme Court is expected to decide this Term the very same question of statutory interpretation presented in the instant case, and its resolution of that question will, of course, be controlling here.

In addition, on September 3, 2014, the District Court for the Northern District of Illinois granted in part, and denied in part, HUD's motion for summary judgment in *Property Casualty Insurers Ass'n of America v. Castro*, No. 1:13-cv-08564 (N.D. Ill. Sept. 3, 2014), a case in which another insurance trade organization challenged the Discriminatory Effects Rule on different legal grounds. The district court rejected the plaintiff's McCarran-Ferguson Act challenge as unripe, Slip Op. at 24-32, in part because McCarran-Ferguson "would not necessarily preclude" disparate impact claims against all insurance practices. *See id.* at 27. The court also found that "the FHA is silent regarding how the FHA [sic] or a private plaintiff should prove a housing discrimination claim," necessitating deference to HUD's reasonable adoption of a three-part burden-shifting framework for establishing liability under a disparate impact theory. Slip Op. at 49. But the court granted summary judgment to the plaintiff on its claim that HUD failed to adequately respond to comments submitted by insurance groups during the comment period and remanded the matter to the agency for further consideration and explanation. *Id.* at 38-47. A copy of the opinion is attached hereto.

Dated: October 14, 2014  Respectfully submitted,

JOYCE R. BRANDA
Acting Assistant Attorney General

MOLLY J. MORAN
Acting Assistant Attorney General

RONALD C. MACHEN JR.
United States Attorney

RACHEL J. HINES
Assistant Branch Director
Federal Programs Branch

 */s/ Kyle R. Freeny*
KYLE R. FREENY (Cal. Bar No. 247857)

-3-

        DANIEL P. MOSTELLER (DC Bar No. 980802)
        Attorneys
        U.S. Department of Justice
        20 Massachusetts Ave., N.W.
        Washington, DC 20001
        Tel: (202) 514-5108/Fax: (202) 616-8470
        Email: Kyle.Freeny@usdoj.gov
        *Counsel for Defendants*