IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN INSURANCE ASSOCIATION and NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT and SHAUN DONOVAN, in his official capacity as Secretary of Housing and Urban Development, <br><br> Defendants. | Civil Action No. 13-cv-966 (RJL) |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
NOTICE OF RECENT AUTHORITY**

Plaintiffs American Insurance Association and National Association of Mutual Insurance Companies submit this response to Defendants' Notice of Recent Authority.

1. Although Defendants note that the Supreme Court granted a petition for writ of certiorari in *Texas Department of Housing and Community Affairs* v. *Inclusive Communities Project, Inc.*, No. 13-1371, they conspicuously do not ask the Court to stay this case or otherwise delay its ruling on the parties' summary-judgment motions. Nor would any such stay or delay be appropriate. The *Inclusive Communities Project* case marks the third time in the last four years that the Supreme Court has granted review to decide whether disparate-impact claims are cognizable under the Fair Housing Act. *See Township of Mount Holly* v. *Mt. Holly Gardens Citizens in Action, Inc.*, 133 S. Ct. 2824 (2013); *Magner* v. *Gallagher*, 132 S. Ct. 548 (2011). The previous two cases settled before the Court could decide the issue, and the risk of a similar outcome in

*Inclusive Communities Project* is substantial.  Under those circumstances, the grant of certiorari is no reason to slow the progress of this litigation.

  2. Regarding the decision in *Property Casualty Insurers Association of America* v. *Donovan*, Civ. No. 13-8564 (N.D. Ill. Sept. 3, 2014), Defendants' description is incomplete at best.  The district court in that case held that the Property Casualty Insurers Association of America (PCI), a trade association like Plaintiffs, had standing to challenge the Disparate-Impact Rule because its members were the objects of the Rule.  The court accepted PCI's argument that its members' compliance costs and increased exposure to disparate-impact liability constituted injury in fact.  Slip op. 34-35.  And the court expressly rejected the argument—which Defendants also made here—that HUD's preexisting policy, not the Disparate-Impact Rule, caused those injuries.  *Id.* at 36.

  The *PCI* court's ruling on ripeness, moreover, has nothing to do with this case.  The plaintiff had argued that "application of the Disparate Impact Rule to the insurance industry would violate the McCarran-Ferguson Act."  Slip op. 17.  That claim, the court held, was unripe because "the Court can only speculate about . . . whether the McCarran-Ferguson Act will preclude [hypothetical disparate-impact] claims."  *Id.* at 27.  Plaintiffs have not pleaded any such claim here; instead, Plaintiffs have maintained that the Disparate-Impact Rule is beyond HUD's power because the Fair Housing Act prohibits only intentional discrimination.  That purely legal challenge is plainly ripe for adjudication.

  Finally, the *PCI* court remanded to HUD for further explanation, but did not vacate the Disparate-Impact Rule in the interim.  Slip op. 52.  Thus, like the grant of certiorari in *Inclusive Communities Project*, the decision in *PCI* should not delay this Court's resolution of this case.

                        Respectfully submitted,

                        /s/Kannon K. Shanmugam
                        Kannon K. Shanmugam (#474304)
                        Allison B. Jones (#991503)
                        A. Joshua Podoll (#1011743)
                        WILLIAMS & CONNOLLY LLP
                        725 Twelfth Street, N.W.
                        Washington, DC 20005
                        Telephone:  (202) 434-5000
                        Facsimile:  (202) 434-5029

October 16, 2014                    *Counsel for Plaintiffs*