UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN INSURANCE ASSOCIATION, *et al.* ) ) ) Plaintiffs, ) ) v. ) ) UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.* ) ) ) ) Defendants. ) | No. 1:13-cv-00966 (RJL) |

## DEFENDANTS' MOTION TO STAY PROCEEDINGS

As Defendants noted in their Notice of Recent Authority (Doc. No. 41), the Supreme Court recently granted the petition for certiorari in *Texas Dep't of Housing and Community Affairs v. The Inclusive Communities Project, Inc.*, No. 13-1371, and is thus expected to decide this Term whether disparate impact claims are cognizable under the FHA.  *See* --- S.Ct.  ----, 2014 WL 4916193 (Oct. 2, 2014); Petition for Certiorari (filed May 13, 2014).  In light of this development, Defendants now respectfully move for a stay of proceedings in this matter, pending the Supreme Court's resolution of *Inclusive Communities*.  The interests of judicial economy weigh strongly in favor of a brief stay to allow the Supreme Court to issue a decision in *Inclusive Communities*.

This Court undoubtedly has authority to stay this case pending resolution of *Inclusive Communities*.  "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal.*, 593

F.2d 857, 863 (9th Cir. 1979).  A stay is especially appropriate in cases that solely involve issues of law, where a forthcoming decision by another court is expected to control the legal issues presented in the action in question.  *See, e.g., Allina Health Svcs. v. Sebelius*, 756 F. Supp. 2d 61, 71 (D.D.C. 2010) (staying case pending decision by D.C. Circuit in another case raising overlapping legal issues).  Indeed, this Court previously stayed proceedings in this matter pending the Supreme Court's disposition of *Township of Mount Holly v. Mount Holly Gardens Citizens in Action, Inc.*, a case that presented the same question of statutory interpretation but which ultimately settled before the Supreme Court heard argument.  *See* Minute Order of Aug. 29, 2013.

A brief stay of proceedings pending a ruling in *Inclusive Communities* will promote an efficient and orderly disposition of the case, as the legal question of whether disparate impact claims are cognizable under the FHA is the sole merits issue presented in this case.  Notably, the Supreme Court's resolution of that question is expected to be controlling here, whether it answers the question in the affirmative or negative.  And a stay will not cause undue delay in this case, which has already been fully briefed and argued.  *Cf. Fonville v. District of Columbia*, 766 F. Supp. 2d 171, 172, 175  (D.D.C. 2011) (granting defendant's motion to stay after parties had briefed cross-dispositive motions for summary judgment because the case presented "nearly identical issues" as those pending before the District of Columbia Court of Appeals such that the stay would "foster efficiency and conservation of resources").

Nor will a brief stay meaningfully prejudice Plaintiffs.  Although Plaintiffs contend, in their response to Defendants' Notice of Recent Authority, that the grant of certiorari in *Inclusive Communities* is "no reason to slow the progress of this litigation," Pls.' Resp. at 2 (Doc. No. 42), they fail to identify any meaningful prejudice they would suffer in awaiting the Supreme Court's

decision later this Term.  This is not a case, for example, where the parties need to take discovery in order to resolve the claims and there is a risk that evidence may grow stale.  All that remains is for this Court to issue its decision, and it makes little sense for it to do so while the same issue is under consideration by the Supreme Court.[1]

For all these reasons, the balance of interests weighs heavily in favor of a stay of proceedings to allow the Supreme Court to rule in *Inclusive Communities*.  Pursuant to Local Rule 7(m), undersigned counsel contacted counsel for Plaintiffs, who represented that they oppose this motion.

Dated:  October 22, 2014				Respectfully submitted,

						JOYCE R. BRANDA
						Acting Assistant Attorney General

						GREGORY B. FRIEL
						Deputy Assistant Attorney General

						RONALD C. MACHEN JR.
						United States Attorney

						RACHEL J. HINES
						Assistant Branch Director
						Federal Programs Branch

						 /s/ Kyle R. Freeny
						KYLE R. FREENY (Cal. Bar No. 247857)
						DANIEL P. MOSTELLER (DC Bar No. 980802)

---

[1] Plaintiffs provide no factual support for their contention that the "risk" of settlement in *Inclusive Communities* is "substantial." Pls.' Resp. at 2.  At the time Defendants sought a stay of proceedings pending *Mount Holly*, the parties in *Mount Holly* had already advised the Supreme Court that they were pursuing settlement negotiations, a fact that Defendants noted in their unopposed motion.  *See* Defs.' Mot. to Stay at 4 (Doc. No. 12).  No such similar representation has been made by the parties in *Inclusive Communities*.  But even if the State of Texas and the private housing group were for some reason to settle that matter, a stay of this case for a period of a few months will not meaningfully prejudice Plaintiffs, as this case is fully briefed and the Court would be in a position to issue a decision at any point thereafter.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 256 (1936) (A party may be required "to submit to delay not immoderate in extent and not oppressive in its consequences if … convenience will thereby be promoted.")

-4-

        Attorneys
        U.S. Department of Justice
        20 Massachusetts Ave., N.W.
        Washington, DC 20001
        Tel: (202) 514-5108/Fax: (202) 616-8470
        Email:  Kyle.Freeny@usdoj.gov

*Counsel for Defendants*