IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN INSURANCE ASSOCIATION and NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT and SHAUN DONOVAN, in his official capacity as Secretary of Housing and Urban Development,<br><br>Defendants. | Civil Action No. 13-cv-966 (RJL) |

**PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO STAY PROCEEDINGS**

Defendants' stay motion is belated and peculiar. On October 2, 2014, the Supreme Court granted the petition for certiorari in *Texas Department of Housing and Community Affairs* v. *Inclusive Communities Project*, No. 13-1371. Almost two weeks later, on October 14, Defendants notified this Court of the Supreme Court's action. Dkt. No. 41. As Plaintiffs noted in their response to Defendants' notice, Defendants conspicuously did not ask the Court to stay this case or otherwise delay its ruling on the parties' summary-judgment motions. Dkt. No. 42. More than a week later—as if inspired by Plaintiffs' response—Defendants submitted the instant motion, this time asking the Court to stay the case pending the outcome of *Inclusive Communities Project*.

The Court should deny Defendants' motion. In order to obtain a stay, the moving party "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis* v. *North American Co.*, 299 U.S. 248, 255 (1936). If the moving party does not

"demonstrat[e] a case of clear hardship," a stay should not be granted. *Hisler* v. *Gallaudet University*, 344 F. Supp. 2d 29, 35 (D.D.C. 2004) (quoting *Landis*, 229 U.S. at 255).

Defendants have utterly failed—really, they have not even tried—to make that showing. To begin with, a stay in this case would prejudice Plaintiffs. As matters currently stand, Plaintiffs' members are expending substantial resources in an effort to assess and attempt to ensure their compliance with the Disparate-Impact Rule; they face the prospect of enforcement in jurisdictions where they did not formerly face disparate-impact liability; and at least one of Plaintiffs' members remains the object of a continuing HUD disparate-impact investigation. *See* Dkt. No. 27, at 6-12. Until this suit is resolved, Plaintiffs will remain in uncertainty concerning their obligations—and will continue to incur substantial costs.

The substantial likelihood that *Inclusive Communities Project* will settle merely exacerbates that prejudice. Defendants have asserted that Plaintiffs provide no factual support for the claim that *Inclusive Communities Project* is likely to settle. Dkt. 43, at 3 n.1. But by now, the Court can surely take judicial notice of that possibility. Twice in the last three years, the Supreme Court has granted review in cases presenting the question whether disparate-impact claims are cognizable under the Fair Housing Act, and each time the case has settled under nebulous circumstances—on at least one occasion, with the active participation of the Department of Justice, which, ironically enough, filed the motion seeking a stay here. *See Township of Mount Holly* v. *Mt. Holly Gardens Citizens in Action, Inc.*, 133 S. Ct. 2824 (2013); *Magner* v. *Gallagher*, 132 S. Ct. 548 (2011).

There is a substantial likelihood that *Inclusive Communities Project* will continue that trend. In opposing the petition for certiorari, the Inclusive Communities Project—the plaintiff in that case—suggested that the Supreme Court should decline review and instead wait for this very case to reach the Court. *See* Br. in Opp. at 21-22, *Inclusive Communities Project*, *supra* (No. 13-

2

1371).  In so doing, it went so far as to hint that, if certiorari were granted, that case (unlike this one) would "settle before [a] definitive determination[] can be rendered." *Id.* at 22.  At the risk of stating the obvious, if *Inclusive Communities Project* settles before the Supreme Court can decide the question presented, a stay would delay the resolution of this case, causing further prejudice to Plaintiffs' members.

What is more, Defendants do not claim that they will suffer any prejudice if this case goes forward, much less the "clear . . . hardship or inequity" they must show in order to justify a stay.  *Landis*, 299 U.S. at 255.  Remarkably, in their motion, Defendants offer no affirmative reason why they require a stay.  Far from doing so, Defendants acknowledge that the continued progress of this case will have no impact on them, because "[a]ll that remains is for this Court to issue its decision."  Dkt. No. 43, at 3.

The balance of equities overwhelmingly demonstrates that a stay would be inappropriate here.  Delay would prejudice Plaintiffs' members, who must attempt to comply with the Disparate-Impact Rule pending the outcome of this case.  And delay is all that is likely to result from a stay, given the previous dismissals of *Magner* and *Mt. Holly* and the Inclusive Communities Project's not-so-veiled threat of settlement in its own case.  On the other side of the balance, Defendants would concededly suffer no prejudice from the denial of a stay.  This is merely the latest episode of gamesmanship in litigation that has already seen all too much of it.  Because Defendants have not met their burden of showing "clear . . . hardship or inequity," their motion should be denied.  *Landis*, 299 U.S. at 255.

                                          Respectfully submitted,

                                          /s/Kannon K. Shanmugam
                                          Kannon K. Shanmugam (#474304)
                                          Allison B. Jones (#991503)
                                          A. Joshua Podoll (#1011743)
                                          WILLIAMS & CONNOLLY LLP
                                          725 Twelfth Street, N.W.
                                          Washington, DC 20005
                                          Telephone:  (202) 434-5000
                                          Facsimile:  (202) 434-5029

October 24, 2014                                      *Counsel for Plaintiffs*