IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN INSURANCE ASSOCIATION and NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT and JULIAN CASTRO, in his official capacity as Secretary of Housing and Urban Development,<br><br>　　　　Defendants. | Civil Action No. 13-cv-966 (RJL) |

**NOTICE OF PLAINTIFFS' INTENT
TO MOVE FOR LEAVE TO AMEND THE COMPLAINT**

Plaintiffs American Insurance Association and National Association of Mutual Insurance Companies hereby respectfully notify the Court of their intention to move for leave to file an amended complaint in this matter within 21 days of the issuance of the mandate from the court of appeals, which occurred earlier today.  Plaintiffs intend to file their motion for leave to amend and amended complaint on or before December 8, 2015.

　　　　1.　　On November 3, 2014, this Court granted summary judgment in favor of Plaintiffs, vacating the Disparate-Impact Rule promulgated by Defendants on the ground that disparate-impact claims are not cognizable under the Fair Housing Act.  Defendants appealed, and the court of appeals held the case in abeyance pending the Supreme Court's decision in *Texas Department of Housing and Community Affairs* v. *The Inclusive Communities Project, Inc.*, 135 S. Ct. 2507 (2015).  The Supreme Court issued its decision in that case on June 25, 2015, holding

that the Fair Housing Act permits disparate-impact claims.  At the same time, however, the Court noted that disparate-impact liability under the Act is "limited in key respects," which the Court elaborated on at length in its opinion.  *Id.* at 2522-2525.

2. After the Supreme Court's decision, Plaintiffs moved in the court of appeals to vacate the judgment below and remand the case for further proceedings.  Plaintiffs explained that they intend to seek leave from this Court to amend their complaint to add claims that the Disparate-Impact Rule is invalid in light of the limits on disparate-impact liability under the Fair Housing Act that the Supreme Court articulated in *Inclusive Communities Project*.  Defendants opposed that motion and asked the court of appeals to remand the case with directions to enter judgment for Defendants.

3. On September 23, 2015, the court of appeals granted Plaintiffs' requested relief, vacating the judgment and remanding for further proceedings.  The court of appeals denied Defendants' request to direct this Court to enter judgment for Defendants.  The court of appeals issued the mandate earlier today, on November 17, 2015.

4. As they represented to the court of appeals, Plaintiffs intend to request leave from this Court to file an amended complaint adding claims grounded in the limits on disparate-impact liability under the Fair Housing Act that the Supreme Court recently articulated in *Inclusive Communities Project*.  Plaintiffs intend to file their motion and amended complaint within 21 days of the issuance of the mandate, that is, on or before December 8, 2015.

                                                      Respectfully submitted,

                                                     /s/Kannon K. Shanmugam
                                                     Kannon K. Shanmugam (#474304)
                                                     Allison B. Jones (#991503)
                                                     A. Joshua Podoll (#1011743)
                                                     WILLIAMS & CONNOLLY LLP
                                                     725 Twelfth Street, N.W.
                                                     Washington, DC 20005
                                                     Telephone:  (202) 434-5000
                                                     Facsimile:  (202) 434-5029

November 17, 2015                                       *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

    I, Kannon K. Shanmugam, counsel for appellees, certify that, on November 17, 2015, a copy of the attached Notice of Plaintiffs' Intent to Move for Leave to Amend the Complaint was filed with the Clerk and served through the Court's electronic filing system.  I further certify that all parties required to be served have been served.

                                                /s/ Kannon K. Shanmugam
                                                KANNON K. SHANMUGAM

November 17, 2015