IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN INSURANCE ASSOCIATION and NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT and JULIAN CASTRO, in his official capacity as Secretary of Housing and Urban Development,<br><br>Defendants. | Civil Action No. 13-cv-966 (RJL) |

**PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiffs American Insurance Association and National Association of Mutual Insurance Companies move to amend their complaint for the first time to add allegations based on the Supreme Court's recent decision in *Texas Department of Housing and Community Affairs* v. *The Inclusive Communities Project, Inc.*, 135 S. Ct. 2507 (2015). In support of this motion and in accordance with Local Rule 7, Plaintiffs attach a memorandum of law, a proposed order granting the motion, and the proposed amended complaint. Counsel for Plaintiffs has conferred with counsel for the government, who has informed Plaintiffs' counsel that the government opposes this motion.

                                          Respectfully submitted,

                                          /s/Kannon K. Shanmugam
                                          Kannon K. Shanmugam (#474304)
                                          Allison B. Jones (#991503)
                                          A. Joshua Podoll (#1011743)
                                          WILLIAMS & CONNOLLY LLP
                                          725 Twelfth Street, N.W.
                                          Washington, DC 20005
                                          Telephone:  (202) 434-5000
                                          Facsimile:  (202) 434-5029

December 8, 2015                                   *Counsel for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN INSURANCE ASSOCIATION and NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT and JULIAN CASTRO, in his official capacity as Secretary of Housing and Urban Development,<br><br>Defendants. | Civil Action No. 13-cv-966 (RJL) |

**MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT**

Plaintiffs American Insurance Association and National Association of Mutual Insurance Companies move for leave to amend their complaint, Dkt. 1, in light of the Supreme Court's decision in *Texas Department of Housing & Community Affairs* v. *Inclusive Communities Project, Inc.*, 135 S. Ct. 2507 (June 25, 2015). In *Inclusive Communities*, the Supreme Court held that disparate-impact claims are cognizable under the Fair Housing Act (FHA) but emphasized that such claims are subject to substantial limitations. The Disparate-Impact Rule promulgated by the Department of Housing and Urban Development (HUD) flouts those limitations. Plaintiffs respectfully request that the Court permit them to amend their complaint to challenge the Disparate-Impact Rule in light of those newly announced limitations.

**BACKGROUND**

1.  Plaintiffs filed their original complaint in this action on June 26, 2013. The parties cross-moved for summary judgment and, on November 3, 2014, this Court granted

(1)

Plaintiffs' motion. Dkt. 45. In its opinion, the Court held that HUD's Disparate-Impact Rule was unlawful because disparate-impact claims are not cognizable under the FHA. The government appealed.

Approximately one month before this Court issued its summary-judgment ruling, the Supreme Court granted certiorari in *Texas Department of Housing & Community Affairs* v. *Inclusive Communities Project, Inc.*, 135 S. Ct. 46 (2014). That case raised the same question as this one: namely, whether the Fair Housing Act authorizes disparate-impact claims. At the government's request, the court of appeals held this case in abeyance pending the outcome of *Inclusive Communities*.

On June 25, 2015, the Supreme Court decided *Inclusive Communities*, ruling that disparate-impact claims are cognizable under the Fair Housing Act. 135 S. Ct. at 2525. The Court warned, however, that disparate-impact liability under the FHA is "limited in key respects." *Id.* at 2522. Because the "FHA is not an instrument to force [housing-related entities] to reorder their priorities" or to "displace valid governmental and private priorities," *id.* at 2522, 2524, "[g]overnmental or private policies are not contrary to the disparate-impact requirement unless they are artificial, arbitrary, and unnecessary barriers," *id.* at 2524 (internal quotation marks omitted).

A disparate-impact claim that relies only on statistical disparity, moreover, must fail unless the plaintiff can "point to a defendant's policy or policies causing that disparity." 135 S. Ct. at 2523. Likewise, a "federal law [that] substantially limits the [defendant's] discretion" breaks the causal connection required for a disparate-impact claim. *Id.* at 2524. And in all cases, the disparate-impact requirement cannot be applied in a manner that would "cause race to be used and considered in a pervasive way." *Id.* at 2523.

In light of *Inclusive Communities*' novel interpretation of the FHA, Plaintiffs requested that the court of appeals vacate this Court's order granting summary judgment and remand to this Court for further proceedings. *See* Pltfs. Mot. to Vacate and Remand, No. 14-5321 (D.C. Cir. July 15, 2015). Plaintiffs advised the court of appeals that they intended, on remand, to seek leave to amend their complaint and argue that the Disparate-Impact Rule is invalid in light of *Inclusive Communities*. *Id.* at 2. Seeking to prevent a remand to this Court, the government opposed the motion, arguing that the court of appeals should reverse outright and prevent Plaintiffs from having an opportunity to seek leave to amend in this Court. *See* Gov't Mot. to Govern Future Proceedings and Resp. to Mot. to Vacate and Remand, No. 14-5321 (D.C. Cir. July 24, 2015).

The court of appeals granted Plaintiffs' motion on September 23, 2015. *See* Order, No. 14-5321 (D.C. Cir. Sept. 23, 2015). It vacated this Court's order granting summary judgment and "remanded to the district court for consideration in light of [*Inclusive Communities*]." *Id.* The mandate issued on November 17, 2015.

2. The limitations on disparate-impact liability under the FHA that the Supreme Court announced in *Inclusive Communities* give rise to four new grounds on which Plaintiffs seek to challenge the Disparate-Impact Rule. *See* Ex. A (Proposed Amended Complaint).

*First*, the Disparate-Impact Rule is unlawful as applied to insurers because it necessarily injects race into ratemaking and underwriting decisions. Insurers decide what to charge and who to insure based on statistics. The process is race-blind. The Disparate-Impact Rule, however, would necessarily require insurers to consider race in their ratemaking and underwriting decisions. *See* Amended Mem. Op., Dkt. 47, at 26-29. As it applies to insurers, therefore, the Disparate-Impact Rule inevitably will "cause race to be used and considered in a pervasive way." *Inclusive Communities*, 135 S. Ct. at 2523. That outcome is inconsistent with the FHA. *Id.*

3

*Second*, the Disparate-Impact Rule is unlawful as applied to insurers' rating and underwriting practices because state law "substantially limits" insurers' discretion. *Inclusive Communities*, 135 S. Ct. at 2524. Insurers are subject to a complex set of state laws. Absent a clear statement from Congress, federal law cannot interfere with those state regulations. *See* 15 U.S.C. § 1012(b). In *Inclusive Communities*, the Supreme Court emphasized that, when the law "substantially limits the [defendant's] discretion," the plaintiff cannot show causation for purposes of a disparate-impact claim. 135 S. Ct. at 2524. State insurance laws impose just such a limitation. Disparate-impact claims based on insurers' rating and underwriting practices therefore must fail. Because, on its face, the Disparate-Impact Rule authorizes such claims, it violates the FHA.

*Third*, the Disparate-Impact Rule is unlawful—and especially harmful and disruptive to insurers—because it allows disparate-impact claims to proceed based on statistics alone. As the Supreme Court explained in *Inclusive Communities*, defendants may not be "held liable for racial disparities they did not create." 135 S. Ct. at 2523. As a result, a disparate-impact claim under the FHA cannot proceed "if the plaintiff cannot point to a defendant's policy or policies causing that disparity." *Id.* But HUD has stated that a plaintiff may make a prima facie showing of disparate-impact liability under the Disparate-Impact Rule based only on statistics—and without identifying the specific practice that caused the disparity. 78 Fed. Reg. 11,460, 11,469, 11,478 (2013). Because it does not require a plaintiff to identify a specific policy that caused the allegedly disparate impact, the Disparate-Impact Rule is inconsistent with the FHA.

*Fourth*, the Disparate-Impact Rule violates the FHA because it allows plaintiffs to second-guess defendants' policies, even if those policies are not "artificial, arbitrary, and unnecessary barriers." *Inclusive Communities*, 135 S. Ct. at 2522 (internal quotation marks omitted). The Rule's burden-shifting framework allows a plaintiff to prevail on a disparate-

4

impact claim—even after a defendant proves that the challenged practice is necessary to achieve a substantial, legitimate, nondiscriminatory interest—by showing that the defendant's stated interest "could be served by another practice that has a less discriminatory effect."  24 C.F.R. § 100.500(c)(2), (3).  HUD expressly rejected a rule requiring that the plaintiff's alternative be "equally effective" or "at least as effective" as the challenged practice in advancing the defendant's interest.  78 Fed. Reg. 11,473.  The Disparate-Impact Rule thus allows plaintiffs, inconsistent with the FHA, to "second guess which of two reasonable approaches a [defendant] should follow," without requiring a showing that the challenged policy was an "artificial, arbitrary, and unnecessary barrier[]."  *Inclusive Communities*, 135 S. Ct. at 2522 (internal quotation marks omitted).  That second-guessing is especially damaging to insurers, whose ratemaking and underwriting decisions are dictated by valid policies and priorities, including state law and actuarial standards.

## ARGUMENT

**THE COURT SHOULD PERMIT PLAINTIFFS TO AMEND THE COMPLAINT IN LIGHT OF *INCLUSIVE COMMUNITIES***

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading "with . . . the court's leave."  That rule "is to be construed liberally"—"[c]ourts should freely give leave for a party to amend a pleading when justice so requires."  *Brink* v. *Continental Insurance Co.*, 787 F.3d 1120, 1128 (D.C. Cir. 2015).  Indeed, "it is an abuse of discretion to deny leave to amend unless there is sufficient reason, such as undue delay, bad faith or dilatory motive[,] repeated failure to cure deficiencies by previous amendments or futility of amendment."  *Firestone* v. *Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal quotation marks and alterations omitted).  The government "bears the burden of persuasion that [Plaintiffs'] motion to

5

amend should be denied." *Easter* v. *District of Columbia*, Civ. No. 14-1754 (EGS), ___ F. Supp. 3d ___, 2015 WL 5253864, at *2 (D.D.C. Sept. 8, 2015).

The Supreme Court's recent decision in *Inclusive Communities* amply justifies Plaintiffs' request to amend. When an intervening Supreme Court decision changes the law, leave to amend is appropriate. *See, e.g.*, *Moss* v. *United States Secret Service*, 572 F.3d 962, 972 (9th Cir. 2009) (holding that a plaintiff should be granted leave to amend in light of "significant change, with broad-reaching implications," in *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544 (2007)). Precisely so here. *Inclusive Communities* announced a series of limitations on disparate-impact liability. The Disparate-Impact Rule is inconsistent with those limitations. The claims in the Amended Complaint seek to invalidate the Disparate-Impact Rule on that basis. Plaintiffs should have an opportunity to litigate those claims in this Court. *See id.*

This case presents none of the circumstances that would justify denial of a motion to amend. There is no evidence of undue delay, dilatory motive, or bad faith. *Firestone*, 76 F.3d at 1208. To state the obvious, Plaintiffs could not have pursued claims based on *Inclusive Communities* before the Supreme Court decided the case. Plaintiffs informed the court of appeals of their intent to seek leave to amend less than three weeks after the Court released its opinion. And Plaintiffs are filing this motion three weeks after the D.C. Circuit's mandate issued. Plaintiffs have been diligent, not dilatory.

Nor is the proposed amendment futile. *Inclusive Communities* repeatedly warned that disparate-impact liability under the FHA is limited. Plaintiffs' Amended Complaint attempts to enforce those limitations in the insurance context. That attempt is more than "at least plausible"; it is valid. *Brink*, 787 F.3d at 1129. To be sure, HUD will contest Plaintiffs' claims. But that is a matter for later briefing on the merits, not a reason to deny leave to amend in the first place.

Finally, the government would suffer no unfair prejudice from the proposed amendment. "[T]o show prejudice sufficient to justify a denial of leave to amend the opposing party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely." *In re Vitamins Antitrust Litigation*, 217 F.R.D. 34, 36 (D.D.C. 2003) (internal quotation marks omitted); *accord Uzoukwu* v. *Metropolitan Washington Council of Governments*, 983 F. Supp. 2d 67, 85 (D.D.C. 2013). The government cannot make that showing here. This case has proceeded entirely on the parties' legal submissions; there has been no factual development. And, given the posture of the case, the government still could collect any facts it needed to mount a defense. Granting the motion to amend would not cause the government any relevant prejudice.

To the contrary, allowing Plaintiffs to amend would be the most efficient course of action. The statute of limitations on Plaintiffs' claims has not yet run. *See* 28 U.S.C. § 2401. If the Court denied Plaintiffs' motion to amend, Plaintiffs would simply file a new complaint raising their new claims. That makes little sense where, as here, the Court is already familiar with the Disparate-Impact Rule and the parties are poised to litigate the issues raised in the Amended Complaint. *See, e.g.*, *Malibu Media, LLC* v. *Harrison*, Civ. No. 12-1117, 2014 WL 902548, at *2 (S.D. Ind. Mar. 7, 2014) (recognizing that, "[a]s Plaintiff points out, the Court could either allow the Plaintiff to amend the complaint or the Plaintiff can file a new lawsuit," and concluding that "it would save the parties and the judicial system time and money by allowing the Plaintiff to amend"); *Capitol Records, LLC* v. *Vimeo, LLC*, 972 F. Supp. 2d 537, 550 (S.D.N.Y. 2013) (stating that "Defendants have not identified any way in which requiring Plaintiffs to file a new action would be more efficient than permitting them to amend their existing complaint to add new instances of infringement").

\*     \*     \*     \*     \*

*Inclusive Communities* imposed strict limitations on disparate-impact liability under the FHA, and the Disparate-Impact Rule is inconsistent with those limitations. The Court should allow Plaintiffs to challenge the Rule on the basis of those newly announced limitations.

                                                                                      Respectfully submitted,

                                                                                      /s/Kannon K. Shanmugam  
                                                                                      Kannon K. Shanmugam (#474304)  
                                                                                      Allison B. Jones (#991503)  
                                                                                      A. Joshua Podoll (#1011743)  
                                                                                      WILLIAMS & CONNOLLY LLP  
                                                                                      725 Twelfth Street, N.W.  
                                                                                      Washington, DC 20005  
                                                                                      Telephone: (202) 434-5000  
                                                                                      Facsimile: (202) 434-5029

December 8, 2015                                                                         *Counsel for Plaintiffs*