**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| AMERICAN INSURANCE ASSOCIATION and NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT and JULIAN CASTRO, in his official capacity as Secretary of Housing and Urban Development, <br><br> Defendants. | Civil Action No. 13-cv-966 (RJL) |

**REPLY IN SUPPORT OF PLAINTIFFS'
MOTION FOR LEAVE TO AMEND THE COMPLAINT**

In *Texas Department of Housing & Community Affairs* v. *Inclusive Communities Project, Inc.*, 135 S. Ct. 2507 (2015), the Supreme Court imposed strict limitations on disparate-impact liability under the Fair Housing Act.  The Department of Housing and Urban Development's Disparate-Impact Rule is inconsistent with those limitations, especially as it applies to Plaintiffs' members.  As a result, Plaintiffs have sought permission to amend their complaint and challenge the Disparate-Impact Rule.

HUD urges the Court to deny Plaintiffs' request to amend because, according to HUD, Plaintiffs should have pursued their claims based on *Inclusive Communities* before *Inclusive Communities* was decided.  To state that argument is to refute it.  The Court should grant Plaintiffs' motion.

1.    HUD's opposition stumbles out of the starting block because it misstates the applicable legal standard.  Under Rule 15, "[c]ourts should freely give leave for a party to amend

a pleading when justice so requires," *Brink* v. *Continental Insurance Co.*, 787 F.3d 1120, 1128 (D.C. Cir. 2015), and it is the non-moving party's burden to persuade the Court that "a motion to amend should be denied." *Easter* v. *District of Columbia*, Civ. No. 14-1754 (EGS), ___ F. Supp. 3d ___, 2015 WL 5253864, at *2 (D.D.C. Sept. 8, 2015).

HUD argues that a different rule applies once a court has made a substantive decision on the merits; in that circumstance, HUD says, the moving party has the burden to show that it is entitled to amend, because "Rule 15's liberality must be tempered with considerations of finality." Opp. 4 (citing *Williams* v. *Citigroup, Inc.*, 659 F.3d 208, 213 (2d Cir. 2011)).

HUD's position, based entirely on out-of-circuit authority, is incorrect. Courts in this circuit apply the same familiar Rule 15 standard, regardless of when a plaintiff seeks leave to amend. *See, e.g.*, *Clayton* v. *District of Columbia*, 999 F. Supp. 2d 178, 182 (D.D.C. 2013) (granting leave to amend under Rule 15 standard after decision on motion to dismiss); *Shea* v. *Clinton*, 288 F.R.D. 1, 4 (D.D.C. 2012) (granting leave to amend under Rule 15 standard after decisions on motions to dismiss, summary judgment motions, and motion to reconsider). To be sure, a plaintiff attempting to amend when a final judgment is in place must first meet the criteria for setting the judgment aside. *See, e.g.*, *Building Industry Association of Superior California* v. *Norton*, 247 F.3d 1241, 1245 (D.C. Cir. 2001); *accord Williams*, 659 F.3d at 213.[1] But that step is irrelevant here because the D.C. Circuit *vacated* this Court's judgment when it remanded to this Court; as a result, there is no judgment currently in place. *See* Order, No. 14-5321 (D.C. Cir. Sept. 23, 2015).

---

[1] HUD's citation of *Williams* is perplexing. Far from applying a more stringent standard to a request to amend after a substantive decision on the merits, the *Williams* court *reversed* the district court's denial of a post-judgment motion to amend as an abuse of discretion, on the ground that "the liberal spirit of Rule 15 [does not] necessarily dissolve[] as soon as final judgment is entered." *Williams*, 659 F.3d at 214 (citing *Foman* v. *Davis*, 371 U.S. 178 (1962)). *Williams* thus does not support, but in fact undercuts, HUD's position.

2.      HUD has failed to carry its burden to demonstrate any reason why leave to amend should be denied here.  HUD does not argue that Plaintiffs have advanced their new claims in bad faith, had a dilatory motive, or failed to cure deficiencies through previous amendments.  *See* Mem. in Support of Mot. 5.  Nor does HUD assert that the amendment would cause HUD undue prejudice.  *See id.*  And HUD does not dispute that the most efficient course for resolution of Plaintiffs' new claims would be to allow amendment here, rather than to force Plaintiffs to re-file their claims in a new action.  *See id.* at 7.

Instead, HUD argues that Plaintiffs should be bound by their previous decision to pursue a single claim before the Supreme Court issued its decision in *Inclusive Communities*.  *See* Opp. 6.  But Plaintiffs' new claims were not available until the Supreme Court decided that case.  In *Inclusive Communities*, the Court defined the contours of disparate-impact liability and afforded defendants "new protections  .  .  .  from disparate-impact claims."  Elizabeth L. McKeen, Bimal Patel & Ashley Pavel, *Robust Causality and Cautionary Standards: Why the Inclusive Communities Decision, Despite Upholding Disparate-Impact Liability, Establishes New Protections for Defendants—Part I*, 132 Banking L.J. 553, 553 (2015) (McKeen).  Plaintiffs have requested leave to amend to add new claims based explicitly and entirely on those new protections.  To state the obvious, claims based on *Inclusive Communities* were not available to Plaintiffs before the Supreme Court decided *Inclusive Communities*.  And it is well established that such a change in governing law justifies granting leave to amend.  *See Moss* v. *United States Secret Service*, 572 F.3d 962, 972 (9th Cir. 2009) (holding that leave to amend was appropriate in light of the Supreme Court's decision in *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544 (2007)).

This is not a case like *Feeney* v. *Massachusetts*, 475 F. Supp. 109, 110 (D. Mass. 1979), where the plaintiff pressed claims that were previously available but "have not so far been

considered   . . .   and were not foreclosed by the Supreme Court's ruling."   Nor does it resemble *Omni Outdoor Advertising, Inc.* v. *Columbia Outdoor Advertising, Inc.*, 974 F.2d 502, 503, 506 (4th Cir. 1992), where the court had to determine, on remand from the Supreme Court, whether the plaintiff was entitled to a new trial on several theories of liability that were available but not previously pursued in the case.   Rather, in this case, the Supreme Court's intervening decision is itself the basis for Plaintiffs' request to amend.   HUD's concerns about piecemeal litigation do not apply.

By the same token, HUD could not plausibly suggest that Plaintiffs unduly delayed in bringing their new claims.   The cases HUD cites explain why.   Consider *Omni Outdoor Advertising*, where the plaintiffs sought to add new claims after a ten-year delay and a sixteen-day jury trial—and after the statute of limitations on the new claims had expired.   *Omni Outdoor Advertising*, 974 F.2d at 506.   *Murphy* v. *PriceWaterhouseCoopers, LLP*, 813 F. Supp. 2d 45 (D.D.C. 2011) (Leon, J.), is similar.   There, this Court denied leave to amend where the plaintiffs waited nine years to add their new claims and the original claims in the case already had been resolved "under the proper standard."   *Id.* at 53-55.

This case is a marked contrast.   Less than one month after the Supreme Court decided *Inclusive Communities*, Plaintiffs informed the D.C. Circuit that they would seek leave to amend based on the Supreme Court's decision.   And less than a month after the D.C. Circuit's mandate issued, Plaintiffs requested leave to amend in this Court.   Plaintiffs have diligently pursued their new claims based on *Inclusive Communities*; they have not delayed, unduly or otherwise.

3.     Perhaps recognizing that it cannot satisfy its burden under Rule 15, HUD attempts to argue that Plaintiffs' new claims are not really new.   Rather, HUD says, Plaintiffs raised in prior submissions the claims they now seek to add, and a different insurance trade association

made similar claims in the Northern District of Illinois.  *See* Opp. 6-8.[2]  That argument does not

withstand scrutiny.  The Proposed Amended Complaint alleges that the Disparate-Impact Rule is

inconsistent with specific limitations that the Supreme Court placed on disparate-impact liability

in *Inclusive Communities*.  *See*, *e.g.*, Dkt. 52-1, ¶¶ 80, 87, 94-95, 103-105.  It is true that, at a

high level of generality, some of those allegations touch the same broad subjects as arguments

and comments Plaintiffs made in the past—for example, Plaintiffs' comments to HUD during

rulemaking touched the general subject of the impropriety of HUD's burden-shifting standard,

*see id.* ¶ 63, and Plaintiffs have (utterly unsurprisingly) always maintained that compliance with

the Rule is in conflict "with sound actuarial principles and basic widespread principles of state

insurance law," Opp. 5 (quoting Pls.' Summ. J. Opp. 38).  But the specific claims that Plaintiffs

now seek to add to their complaint in order to remedy those problems were not available before

the Supreme Court decided *Inclusive Communities*.  The fact that those claims concern

problematic aspects of the Rule that Plaintiffs have previously identified in no way suggests that

the legal bases for challenging those problems were previously available to Plaintiffs.  Quite the

contrary, *Inclusive Communities*' "new protections" are the basis of Plaintiffs' new claims.

McKeen 553.

    4.    HUD's futility argument is similarly unavailing.  HUD urges that, in *Inclusive*

*Communities*, the Supreme Court addressed only the question whether a disparate-impact theory

---

[2] HUD argues that, because the District Court for the Northern District of Illinois remanded the Rule to HUD for further consideration, HUD may "be placed in the awkward position of needing to comply with the remand of the Final Rule by one district court, while also separately litigating Plaintiffs' new challenges to the Final Rule, as originally promulgated, before this Court."  Opp. 8.  That argument has no bearing on Plaintiffs' right to file an amended complaint in this action.  The Illinois district court did not vacate the Disparate-Impact Rule when it remanded, so the Rule remains in effect—and HUD conspicuously does not argue otherwise. *See Property Casualty Insurers Association of America* v. *Donovan*, 66 F. Supp. 3d 1018, 1054 (N.D. Ill. 2014).  Notably, HUD has taken no action in the more than sixteen months since the district court's decision.

could lie under the FHA and answered that question in the affirmative.  And HUD argues that, in any event, the Court's opinion in *Inclusive Communities* was consistent with HUD's Rule because it cited the Rule and because the Court's analysis applies only to lower courts evaluating particular disparate-impact claims.  Opp. 9-10.

Even the most cursory review of the Supreme Court's opinion dispels HUD's arguments. To begin with, the Court discussed the new limitations on disparate-impact claims at great length, unhindered by the fact that the question presented was simply whether disparate-impact claims could survive under the FHA.  *See, e.g.*, *Inclusive Communities*, 135 S. Ct. at 2522-2524. The Court did not answer that question in a binary way, but instead took a third approach: namely, that only a certain, more limited, universe of disparate-impact claims could survive under the statute.  Those limitations broke new ground, and they are the basis of Plaintiffs' new claims.  *See, e.g.*, Proposed Am. Compl., Dkt. 52-1, ¶¶ 80, 87, 94-95, 103-105 (discussing conflicts between Disparate-Impact Rule and *Inclusive Communities*).  Moreover, those limitations define the scope of disparate-impact liability under the FHA; it makes no sense to argue, as HUD does in claiming that the limits do not apply to it, that the agency can somehow define disparate-impact liability to reach beyond the statutory boundaries identified by the Supreme Court.

The mere fact that the Supreme Court cited the Disparate-Impact Rule in no way suggests that the Court somehow implicitly upheld the Rule in all respects.  HUD's contrary argument rests on the assumption that HUD correctly anticipated all of the limitations the Supreme Court imposed on disparate-impact claims in *Inclusive Communities*.  Not only is that wrong, as the Proposed Amended Complaint demonstrates, but it is also hard to square with HUD's consistent efforts to prevent courts from evaluating disparate-impact liability under the FHA.  Indeed, HUD's argument is just the latest step in its protracted campaign to insulate disparate-impact

liability under the FHA and the Disparate-Impact Rule from any sort of judicial review. *See* Mem. in Support of Mot. for Summ. J., Dkt. 16.1, at 1, 4 (Dec. 20, 2013).

*     *     *     *     *

In *Inclusive Communities*, the Supreme Court imposed new limitations on disparate-impact liability under the FHA.  HUD has not identified any valid reason to deny Plaintiffs' request that the Court allow Plaintiffs to challenge the Rule on the basis of those newly announced limitations.

Respectfully submitted,

/s/Kannon K. Shanmugam
Kannon K. Shanmugam (#474304)
Allison B. Jones (#991503)
A. Joshua Podoll (#1011743)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone:  (202) 434-5000
Facsimile:  (202) 434-5029

January 19, 2016                           *Counsel for Plaintiffs*