Felicia K. Watson
D.C. Bar No. 468492
National Association of Home Builders
  of the United States
1201 15th Street, N.W.
Washington, D.C.  20005
Telephone: (202) 266-8200
Fax: (202) 266-8161
Email: fwatson@nahb.org

Attorney for *Amicus Curiae*
National Association of Home Builders
of the United States

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN INSURANCE ASSOCIATION, and NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES,<br><br>*Plaintiffs,*<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, and SHAUN DONOVAN, in his official capacity as Secretary of Housing and Urban Development,<br><br>*Defendants.* | Case No. 1:13-cv-00966-RJL<br><br>**UNOPPOSED MOTION FOR LEAVE TO FILE AN** *AMICUS CURIAE* **BRIEF OF NATIONAL ASSOCIATION OF HOME BUILDERS OF THE UNITED STATES AND** *AMICUS CURIAE* **BRIEF** |

**UNOPPOSED MOTION FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF AND CORPORATE DISCLOSURE CERTIFICATION**

The National Association of Home Builders of the United States ("NAHB") respectfully moves for leave to file an *amicus curiae* brief in support of Plaintiffs' requested relief in this matter. In support of its motion, proposed amici state as follows:

NAHB is a Washington, D.C.-based trade association whose mission is to enhance the climate for housing and the building industry. Chief among NAHB's mission is to provide and expand opportunities for all people to have safe, decent, and affordable housing. Founded in 1942, NAHB is a federation of more than 700 state and local associations. About one-third of NAHB's approximately 140,000 members are home builders or remodelers, and its builder members construct about 80 percent of all new homes in the United States. NAHB is a vigilant advocate in the Nation's courts, and it frequently participates as a party litigant and *amicus curiae* to safeguard the property rights and interests of its members.

In February 2013, the United States Department of Housing and Urban Development ("HUD") issued the final rule titled Implementation of the Fair Housing Act's Discriminatory Effects Standard, 78 Fed. Reg. 11,460 (Feb. 15, 2013) (hereinafter "the Discriminatory Effects Rule"). NAHB's members will likely benefit from the rule, as it makes clear that states and localities may not enact or implement "land-use rules, ordinances, policies, or procedures that restrict or deny housing opportunities or otherwise make unavailable or deny dwellings to persons because of race, color, religion, sex, handicap, familial status, or national origin." 78 Fed. Reg. at 11,481; *see Texas Dep't of Hous. & Cmty. Affairs v. Inclusive Communities Project, Inc.*, 135 S. Ct. 2507, 2522 (2015) ("The availability of disparate-impact liability, furthermore, has allowed private developers to vindicate the FHA's objectives and to protect their property rights by stopping municipalities from enforcing arbitrary and, in practice, discriminatory ordinances barring the

2

construction of certain types of housing units."). However, NAHB's *amicus* brief would support the Plaintiff because NAHB is always concerned when an agency develops a rule or regulation that exceeds its congressionally delegated authority.

The Discriminatory Effects Rule establishes a procedure by which courts must analyze disparate impact claims (24 C.F.R. § 100.500(c)). 78 Fed. Reg. at 11,482. NAHB's brief will focus solely on the burden shifting procedure portions of the Discriminatory Effects Rule, arguing that Congress did not provide HUD with any authority to compel the court system to utilize a specific procedure for deciding disparate impact cases.

Pursuant to Local Civil Rule 7(o) an *amicus curiae* may only file an *amicus curiae* brief upon leave of the Court. LCvR 7(o). However,

> An amicus brief should normally be allowed . . . when the amicus has an interest in some other case that may be affected by the decision in the present case . . . , or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.

*Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997)).

NAHB has litigated "disparate impact" claims in federal court, filed comments on the Discriminatory Effects Rule, and participated as an *amicus* in *Texas Dep't of Hous. & Cmty. Affairs v. Inclusive Communities Project, Inc.,* 135 S. Ct. 2507 (2015). In addition, as a litigant in federal court in other contexts, NAHB is well-versed in the law of congressional delegation and separation of powers. NAHB believes it can be helpful by focusing its argument on a section of the rule that, if allowed to stand, could lead other federal agencies to assume/adopt powers properly held by the judicial branch, not the executive.

NAHB has corresponded with counsel for both Plaintiffs and Defendants seeking consent to file the instant motion.  Counsel for Plaintiffs has filed a notice of consent to the filing of all *amicus curiae* briefs in this case, and specifically consented to NAHB's filing.  *See* ECF No. 18.  Counsel for Defendants informed undersigned counsel that the Defendants do not oppose the instant motion.

For the foregoing reasons, NAHB respectfully requests this Court grant it leave to file an *amicus curiae* brief in this matter.

### CORPORATE DISCLOSURE CERTIFICATION

Pursuant to Local Rule 7.1, *Amicus Curiae* National Association of Home Builders, a non-profit corporation organized under the laws of Nevada, hereby states that it has no parent companies or subsidiaries, and that it has issued no stock to the public.  The association has more than 700 state and local home builders associations with whom it is affiliated, but all of those associations are, to the best of National Association of Home Builders' knowledge, non-profit corporations that have not issued stock to the public.

These representations are made in order that judges of this Court may determine the need for recusals.

Dated this 28th day of June, 2016.

Respectfully Submitted

/s/ Felicia K. Watson
Felicia K. Watson (D.C. Bar No. 468492)
Thomas Ward (D.C. Bar No. 453907)
National Association of Home
  Builders of the United States
1201 15th Street, N.W.
Washington, D.C.  20005
Telephone: (202) 266-8200

Fax: (202) 266-8161
Email: fwatson@nahb.org


Attorneys for *Amicus Curiae*
National Association of Home
Builders of the United States

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of June, 2016, I transmitted the foregoing documents entitled UNOPPOSED MOTION FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF OF NATIONAL ASSOCIATION OF HOME BUILDERS OF THE UNITED STATES and CORPORATE DISCLOSURE CERTIFICATION, and *AMICUS CURIAE* BRIEF to be filed via the Court's CM/ECF system, which shall send notice to the following counsels of record:

Adam Joshua Podoll, Esq.
Allison B. Jones, Esq.
Kannon K. Shanmugan, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005

Brian G. Kennedy, Esq.
Kyle R. Freeny, Esq.
U.S. Department of Justice Civil Division,
Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, D.C. 20530

Daniel Paul Mosteller, Esq.
U.S. Department of Justice Civil Division
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001

/s/ Felicia K. Watson_____
Felicia K. Watson (D.C. Bar No. 468492)
National Association of Home Builders
  of the United States
1201 15th Street, N.W.
Washington, D.C. 20005
Telephone: (202) 266-8200
Fax: (202) 266-8161
Email: fwatson@nahb.org

Attorney for *Amicus Curiae*
National Association of Home
Builders of the United States