IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN INSURANCE ASSOCIATION and NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT and JULIAN CASTRO, in his official capacity as Secretary of Housing and Urban Development,<br><br>Defendants. | Civil Action No. 13-cv-966 (RJL) |

**AFFIDAVIT OF ANDREW P. FORSTENZER**

**IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

I, Andrew P. Forstenzer, declare as follows:

1. I am over eighteen years of age and am not suffering under any legal or physical disability.
2. As General Counsel at Preferred Mutual Insurance Company ("Preferred Mutual") my duties include overseeing government affairs and Preferred Mutual's compliance with state and federal law.
3. Preferred Mutual is a member of Plaintiff National Association of Mutual Insurance Companies, and insures policyholders in New York, New Jersey, Massachusetts and New Hampshire.
4. I submit this declaration in support of Plaintiff National Association of Mutual Insurance Companies' Motion for Summary Judgment. I am testifying to the statements below based upon my personal knowledge.
5. Preferred Mutual does not currently collect or use information regarding the race, color, religion, national original, sex, familial status or handicap of its policyholders.

6. In the past, in response to the enactment of the Disparate Impact Rule, Preferred Mutual has undertaken to consider how to collect, organize and analyze such data, both from existing and prospective policyholders.
7. In doing so, Preferred Mutual has determined that collection of such data from current policyholders would require Preferred Mutual to devote significant resources at considerable additional cost and be a financial burden to the company. Costs would include, among others, survey campaigns, expenses associated with the expansion of ongoing customer management system development and upgrades, consultant fees related to the expansion of our data warehouse and considerable man/hours by our systems development personnel.
8. Collection of such data from prospective policyholders would also require Preferred Mutual to devote significant resources and impose a financial burden on our company. Among the costs to be incurred would be those related to development of a new user interface to collect the data and house it on an expanded data warehouse, including retention of outside consultants, the purchase of additional data sources and the expenditure of considerable man/hours by our internal systems development personnel.
9. Compliance with this rule will, in addition, require Preferred Mutual to rebuild its rate engine through the additional expenditure of man/hours by internal systems development personnel.
10. Once data has been collected, the company will face additional costs to build and scrub the modelling set necessary to develop applicable rating models, to retain consultants to assist us in data analysis and compliance with the rule and in adding additional full time employees to monitor compliance.
11. But for the Disparate Impact Rule, Preferred Mutual would not incur the costs described above.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 24, 2016.

*[signature]*

Andrew P. Forstenzer

Sworn and subscribed before me this

24th day of June, 2016

*[signature]*

Lora Rowe, Notary Public

LORA A. ROWE #4767854
Notary Public, State of New York
Qualified in Chenango County
Commission Expires 9/30/18