IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN INSURANCE ASSOCIATION<br><br>and<br><br>NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT and JULIAN CASTRO, in his official capacity as Secretary of Housing and Urban Development,<br><br>Defendants. | Civil Action No. 13-cv-966 (RJL) |

**AFFIDAVIT OF SALVATORE T. LADUCA IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

I, Salvatore T. LaDuca, declare as follows:

1. I am over eighteen years of age and am not suffering under any legal or physical disability.

2. Plaintiffs have filed an action to enjoin the enforcement of the Department of Housing Development's "Disparate-Impact Rule".

3. I submit this declaration in support of Plaintiffs' motion for summary judgment. I am testifying to the statements below based on my personal knowledge.

i

1255401.2 6/24/2016

4. I am Vice President of Product Management & Actuarial at Merchants Mutual Insurance Company, Merchants Preferred Insurance Company and Merchants National Insurance Company (collectively "Merchants"). I am responsible for managing the Actuarial and Product Management functions, which include the development of Merchants' rating and underwriting systems that comply with state insurance laws and regulations. Failure to comply with these laws can lead to severe penalties including the loss of the right to do business in that state.

5. Merchants is licensed to sell Homeowners insurance in 11 states and is a member of the National Association of Mutual Insurance Companies, which is a plaintiff in the action.

6. Merchants' Homeowners products offering are underwritten and rated using standard risk factors based on data specific to an insured property. Examples of such factors include age of home and type of construction but also include broader factors such as weather and catastrophe history of the geographic area.

7. These risk factors are filed with State insurance regulators as part of the approval process for Merchants' rates, which govern what Merchants may charge homeowners for premiums.

8. State laws and regulations are clear and consistent in their permission of such risk based pricing and underwriting. They are equally clear in the prohibition of collecting or using data on the race, color, religion, national origin, sex, familial status, or handicap of its policyholders or prospective policyholders.

9. Merchants does not currently collect, retain, or use data regarding the race, color, religion, national origin, sex, familial status, or handicap of its policyholders or prospective policyholders.

10. Because of the Disparate-Impact Rule, Merchants will need to assess whether and how it can collect, organize, and analyze such data from existing and prospective policyholders in a manner consistent with state insurance laws. We see this effort as being in direct conflict with the state insurance laws preventing discrimination described above. We estimate that costs associated with the assessment and execution of the plan to collect, organize, and analyze such data would be significant.

11. After collecting such data, Merchants would need to evaluate what steps it could take to comply with the Disparate-Impact Rule without violating state and federal discrimination laws. That analysis will consume further time and resources with additional significant costs.

12. Should Merchants need to revise its Homeowners insurance rates to ensure compliance with the Disparate-Impact Rule, the revised rates would likely be in conflict with current state insurance laws that require pricing based on risk characteristics, and could adversely impact our ability to continue to do business as a Homeowners' insurer.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 27, 2016.

Salvatore T. LaDuca

1255401.2 6/24/2016