UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

---

AMERICAN INSURANCE ASSOCIATION et al.,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, et al.,

Defendants.

Civil Action No. 13-cv-966 (RJL)

---

## AFFIDAVIT OF STEHPANIE LLOYD IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

The affiant being duly sworn testifies as follows:

1.   I, Stephanie Lloyd, am an employee of Farmers Group, Inc. and hold the position of Chief Underwriting Officer, Personal Lines. Farmers Group, Inc. is a wholly owned subsidiary of Zurich Insurance Group, Ltd. and is a member of the American Insurance Association. Farmers Group Inc. is not an insurance carrier, but does provide certain insurance-related administrative services. In my position, I am familiar with the underwriting practices of the insurance companies which comprise the Farmers Insurance Group of Companies. I make this affidavit in support of Plaintiffs' motion for summary judgment. I have personal knowledge of the facts set forth herein and, if called as a witness, I would competently testify as follows.

2.  The companies which comprise the Farmers Insurance Group of Companies (hereinafter "Farmers Insurance") sell personal and commercial lines property and casualty insurance throughout the United States.

3.  Farmers Insurance does not use a policyholder's race or ethnicity as a factor in its insurance underwriting. Farmers Insurance does not use race or ethnicity in determining which risks to insure or in determining the price or premium rate charged to insure risks.

4.  Farmers Insurance does not collect and maintain data on the race or ethnicity of policyholders for purposes of making underwriting or rating decisions.

5.  Like other insurance companies, Farmers Insurance is subject to regulation by each State in which it does business.

6.  In virtually every state in which Farmers Insurance does business, State insurance laws and/or regulations prohibit race or ethnicity being used as a factor in underwriting and pricing.

7.  Because Farmers Insurance does not collect, maintain or use data on race or ethnicity for underwriting or pricing, Farmers Insurance has no present ability to determine from its own data if its underwriting and pricing does, or does not, have an "adverse impact" on racial or ethnic minorities. Likewise, Farmers Insurance has no ability to evaluate possible alternative underwriting and/or pricing that may, or may not, have a lesser "adverse impact" on these groups.

8.  To evaluate and avoid potential liability under the "disparate impact rule" promulgated by the Department of Housing and Urban Development, Farmers Insurance would have to collect and maintain data on the race and ethnicity of all policyholders, and would have

to take into consideration race and ethnicity in its underwriting and pricing decisions. Such a practice would contravene the insurance laws and/or regulations of numerous States in which Farmers Insurance does business.

June 30, 2016                                          _____
                                                                  Stephanie Lloyd