## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AMERICAN INSURANCE ASSOCIATION
and NATIONAL ASSOCIATION OF
MUTUAL INSURANCE COMPANIES,

      Plaintiffs,

        v.

UNITED STATES DEPARTMENT OF
HOUSING AND URBAN DEVELOPMENT
and JULIAN CASTRO, in his official
capacity as Secretary of Housing and Urban
Development,

      Defendants.

Civil Action No. 13-cv-966 (RJL)

## AFFIDAVIT OF SCOTT ST. ANGEL
## IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

I, Scott St. Angel, declare as follows:

1. I am over eighteen years of age and not suffering under any legal or physical disability.

2. I submit this declaration in support of Plaintiffs' Opposition to Defendants' Motion to Dismiss.

3. I am testifying to the statements below based on my personal knowledge.

4. As President & CEO of Farmers Insurance Company of Flemington I am responsible for the oversight of all company operations including underwriting and rating.

5. Farmers Insurance Company of Flemington sells homeowners insurance exclusively in New Jersey, and is a member of the National Association of Mutual Insurance Companies (NAMIC).

6. As a Mutual insurance company, Farmers Insurance Company of Flemington has no stockholders.   We are organized solely for the benefit of our Policyholders, each of whom is a member of the Company.

7. The insurance industry in New Jersey is highly regulated under the oversight of the Department of Banking and Insurance.  Compliance with jurisdictional rules and regulations is essential to doing business in the state and failure to comply with regulatory mandates can be catastrophic; including financial penalties and even the loss of the right to do business in the state.

8.  Farmers Insurance Company of Flemington utilizes a risk based underwriting process that uses objective data about a given risk to establish eligibility and pricing. This data includes elements such as type of construction, property age & condition, hurricane exposure, proximity to a fire department or fire hydrant, occupancy, and roof type, for example.

9.  Farmers Insurance Company of Flemington does not collect or retain records of the race, color, religion, national origin, sexual orientation, gender, familial status, or handicap of its policyholders, nor does it have existing capabilities to store or utilize that information.

10. Collecting that data from existing policyholders and housing it in Farmers Insurance Company of Flemington's system would be extremely expensive and disruptive to our operations. The costs would include survey campaigns, new hardware and software, expanded data-storage facilities, and substantial human resources, which we do not have available on staff. This will place a huge financial burden on us and, therefore, our Policyholders.

11. Further, we expect many of our Policyholders will simply refuse to provide us with this type of information. Many of our Policyholders will likely consider this type of information to be private, sensitive, and irrelevant to their insurance transaction so it may be impossible for us to collect it from them. Additionally, we would anticipate a large volume of calls, complaints and inquiries from Policyholders in response to any request for such information, which will place a significant burden on our customer service resources and reduce our ability to operate our business and properly service our Policyholders' insurance needs.

12. Without collecting data on the race, color, religion, national origin, sexual orientation, gender, familial status, or handicap of its Policyholders, Farmers Insurance Company of Flemington will not be able to assess whether any of its practices violate the Disparate-Impact Rule.

13. In order to comply, Farmers Insurance Company of Flemington would need to adjust its underwriting, rating, and pricing decisions to take race, color, religion, national origin, sexual orientation, gender, familial status, or handicap into account. It is unclear whether or how we could do so in a manner consistent with our obligations under state law and without a total overhaul of the objective risk-based underwriting process that has served our policyholders well for over 160 years.

14. But for the Disparate-Impact Rule, Farmers Insurance Company of Flemington would not collect, retain, or use data about the race, color, religion, national origin, sexual orientation, gender, familial status, or handicap of its policyholders.

Under penalty of perjury, I declare that the foregoing is true and correct to the best of my knowledge and belief.

Executed on June 29, 2016 in Flemington, New Jersey.

Scott St. Angel