IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN INSURANCE ASSOCIATION and NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT and JULIAN CASTRO, in his official capacity as Secretary of Housing and Urban Development,<br><br>Defendants. | Civil Action No. 13-cv-966 (RJL) |

AFFIDAVIT OF DALITH WELLS
IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

1. My name is Dalith Wells. I am Personal Lines Underwriting Manager for Employers Mutual Casualty Company (hereinafter "EMC"). I am over the age of eighteen years and have personal knowledge of the facts set forth in this Affidavit. I understand that this affidavit will be submitted in support of Plaintiffs' Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(c)(1)(A).

2. EMC is a mutual insurance company organized under the laws of the State of Iowa and is licensed to do business in all fifty states plus the District of Columbia.

3. EMC is a member of the Plaintiff National Association of Mutual Insurance Companies.

4. In approximately twenty-two (22) states, EMC, and its affiliates, provide homeowners insurance to private individuals as contemplated by the Department of Housing and

1

Urban Development's "Implementation of Fair Housing Act's Discriminatory Effects Standard," 24 C.F.R. §§ 100.5 *et seq.* (hereinafter the "Disparate-Impact Rule).

5. Currently, EMC makes its underwriting and rating decisions for homeowners insurance based solely upon risk. EMC does not consider any of the following factors of homeowners insurance applicants when underwriting homeowners insurance: race, color, religion, national origin, sex, familial status, or handicap.

6. Because EMC does not consider these factors, EMC does not collect this information from homeowners insurance applicants.

7. Further, because EMC does not collect this information from homeowners insurance applicants, EMC does not know the effect of using this information to underwrite and/or rate homeowners insurance.

8. To ensure our compliance with the Disparate-Impact Rule, EMC will be forced to begin collecting information from homeowners insurance applicants regarding their race, color, religion, sex, handicap, familial status, and national origin.

9. Without collecting data on the race, color, religion, national origin, sex, familial status, or handicap of our policyholders, EMC will not be able to assess whether any of our practices violate the Disparate-Impact Rule.

10. Because many state insurance laws prohibit EMC from collecting or using data on the race, color, religion, national origin, sex, familial status, or handicap of its policyholders, EMC does not collect or use such data in any state. Collecting this information would cause EMC to be in violation of numerous state insurance laws. We are unaware of how to collect this information without violating the state laws which forbid it.

11. Because EMC does not collect this information, we do not have developed loss histories for the race, color, religion, national origin, sex, familial status, or handicap of our policyholders. This causes the risk rating for each factor to be more unpredictable.

12. EMC uses local independent insurance agents to market and sell homeowners insurance to insureds across the country. In the states where collection of this information is illegal, compliance with the Disparate Impact Rule would force us to ask our insurance agents to break the law. This would necessarily harm our relationships with those agents and interfere with our agency agreements.

13. Because EMC endeavored to comply with these numerous state insurance laws, we do not have the technological capability to collect this information from any of our current insureds or potential new insureds without deviating from our standard homeowners insurance processes.

14. Ultimately, in order to comply with the Disparate-Impact Rule, our technological capabilities and processes will need to be changed, at an unknown but significant cost of time and money to reprogram systems, to send requests for information to agents and insureds, and to staff the entry of the data in our new system.

15. Additionally, incorporating information regarding race, color, religion, national origin, sex, familial status, or handicap of our insureds into our risk rating models for homeowners insurance will be costly, time-consuming, burdensome, and potentially disruptive to our current risk models.

16. But for the Disparate-Impact Rule, EMC would not incur these costs and harm to our business practices.

Pursuant to Iowa Code 622.1, I certify under penalty of perjury and pursuant to the laws of the state of Iowa that the preceding is true and correct.

Executed: June 29, 2016      _____*Dalith Wells*_____
Dalith Wells, Personal Lines Underwriting Manager for
Employers Mutual Casualty Company