**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN INSURANCE ASSOCIATION, *et al.*, <br>       *Plaintiffs*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*, <br><br>       *Defendants*. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> No. 1:13-cv-00966 (RJL) |

**JOINT STATUS REPORT**

On May 10, 2018, this Court held a status conference in this action. At that conference, the Court directed the parties to file a joint status report on June 25, 2018, setting forth a proposal for next steps in this litigation. *See* Transcript of Status Conference Hearing 16:1-5 (May 10, 2018). After conferring, the parties were unable to agree on a shared proposal and therefore present their respective positions below for the Court's consideration.

Plaintiffs' Position: Less than two hours before the parties' last status conference, HUD issued a press release announcing that it intended to seek public comment on the question whether the Disparate Impact Rule is consistent with the Supreme Court's decision in *Texas Department of Housing and Community Affairs* v. *Inclusive Communities Project, Inc.*, 135 S. Ct. 2507 (2015). On June 20, 2018, HUD issued an Advance Notice of Proposed Rulemaking seeking comment on "possible amendments to HUD's 2013 final rule implementing the Fair Housing Act's disparate impact standard." 83 Fed. Reg. 28,560 (June 20, 2018). That open-ended notice announces that "HUD is reviewing the final rule and supplement to determine what changes, *if any*, are appropriate

1

following the Supreme Court's 2015 ruling" in *Inclusive Communities*. *Id.* (emphasis added). It does not commit HUD to undertake rulemaking or any other action with respect to the Disparate-Impact Rule.

Summary judgment in this action has been fully briefed since October 2016. The Court initially set oral argument more than fourteen months ago. Plaintiffs have waited for the Administration to install key HUD and Department of Justice officials. When those officials took office, Plaintiffs engaged with them in a good-faith effort to resolve this case. For that effort, Plaintiffs have received a vague advance notice of proposed rulemaking that commits to nothing and asks what action "if any" HUD should take in response to *Inclusive Communities*. In addition, HUD has refused to commit to refrain from taking enforcement action under the Rule against Plaintiffs' members while any continued stay is in place. In light of HUD's self-evident slow-walking, the Court should proceed to set this case for oral argument at its convenience.

If the Court believes that HUD should have one last opportunity to resolve this case before summary judgment, it may wish to consider setting the argument for mid-October. That would give HUD a chance to consider any comments it receives in response to its notice and to commit to moving forward with actual rulemaking. If HUD proposed a rule that would moot Plaintiffs' claims, the Court could adjourn the argument. Otherwise, the argument could—and, in light of HUD's foot-dragging, should—proceed.

Government's Position:   On June 20, 2018, the U.S. Department of Housing & Urban Development ("HUD") issued an Advance Notice of Proposed Rulemaking ("ANPRM"), inviting public comment on possible amendments to HUD's 2013 rule implementing the Fair Housing Act's disparate impact standard, as well as the 2016 supplement to HUD's responses to certain insurance

industry comments made during the rulemaking. *See Reconsideration of HUD's Implementation of the Fair Housing Act's Disparate Impact Standard*, 83 Fed. Reg. 28560 (June 20, 2018). The public comment period will be open until August 20, 2018. *See id.* In light of the ANPRM, Defendants move to continue the stay in this case until October 19, 2018, to allow HUD to solicit and consider the public comments submitted with respect to the rule and supplement at issue in this case. Defendants propose filing a joint status report on October 19, 2018, updating the Court on the status of HUD's consideration and proposing any next steps in this litigation. Defendants would plan to apprise the Court of any substantive updates in the meantime.

Accordingly, Defendants request that the Court stay this case until October 19, 2018, at which time the parties will submit a joint status report. A proposed order consistent with Defendants' motion is attached hereto as Exhibit B.

Date:  June 25, 2018                                   Respectfully submitted,

/s/ Kannon K. Shanmugam                          /s/ Emily S. Newton
Kannon K. Shanmugam (#474304)              CHAD A. READLER
Allison Jones Rushing (#991503)                 Acting Assistant Attorney General
Joshua Podoll (#1011743)
WILLIAMS & CONNOLLY LLP                   LESLEY FARBY
725 Twelfth Street, N.W.                              Assistant Brach Director
Washington, DC 20005                                Federal Programs Branch
Telephone:  (202) 434-5000
Facsimile:  (202) 434-5029                           EMILY S. NEWTON, Va. Bar #80745
                                                                    Trial Attorney
*Counsel for Plaintiffs*                                  U.S. Department of Justice
                                                                    Civil Division, Federal Programs Branch
                                                                    20 Massachusetts Avenue, NW
                                                                    Washington, DC 20001
                                                                    (202) 305-8356
                                                                    (202) 616-8470 (fax)
                                                                    emily.s.newton@usdoj.gov

                                                                    *Counsel for Defendants*