**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

AMERICAN INSURANCE ASSOCIATION, *et al.*,
*Plaintiffs*,

v.

UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*,
*Defendants*.

No. 1:13-cv-00966 (RJL)

**JOINT STATUS REPORT**

Plaintiffs, American Insurance Association ("AIA") and National Association of Mutual Insurance Companies ("NAMIC"), and Defendants, Secretary Benjamin Carson and the United States Department of Housing and Urban Development ("HUD"), submit this joint status report, pursuant to the Court's July 16, 2018, Minute Order, staying this case until, and ordering the parties to submit a joint status report on, October 19, 2018. The parties have conferred regarding the appropriate next steps in this case and present their respective positions below for the Court's consideration.

Plaintiffs' position: During the parties' last status conference, which took place more than five months ago, the Court expressed concern at HUD's "unwillingness or inability to face up to the issue that is squarely before them and make a decision." Status Conf. Tr. 12:22-23 (May 10, 2018). Between then and now, the only official action HUD has taken is to issue an open-ended advance notice of proposed rulemaking announcing that it "is reviewing the final rule and supplement to determine what changes, *if any*, are appropriate following the Supreme Court's 2015 ruling" in *Texas*

*Department of Housing & Community Affairs v. Inclusive Communities Project, Inc.*, 135 S. Ct. 2507 (2015). 83 Fed. Reg. 28,560 (June 20, 2018) (emphasis added). Two days before this status report was due, defense counsel informed Plaintiffs that HUD intended to transmit a notice of proposed rulemaking to the Office of Information and Regulatory Affairs within 60 days. In this status report, HUD took still another step backward, representing that it will "endeavor to send a draft NPRM to the Office of Management and Budget and begin the inter-agency review process within the next 60-90 days." HUD's counsel did not represent what the contours of the proposed rule would be.

Summary judgment in this case, which has been pending since June 2013, has been fully briefed for almost exactly two years. Oral argument originally was scheduled more than twenty months ago. The Court postponed oral argument to give the Administration an opportunity to install key HUD and Department of Justice officials. When those officials took office, Plaintiffs engaged with them in a good-faith effort to resolve this case. To this date, however, HUD has not yet proposed a new or amended rule and has refused to commit to refrain from taking enforcement action against Plaintiffs' members under the existing rule while any continued stay is in place.

Plaintiffs appreciate HUD's commitment to issue a notice of proposed rulemaking. But given HUD's history of slow-walking this case, the uncertainty surrounding the contents of any proposed rule it might issue, and HUD's ongoing refusal to commit that it will not take enforcement action against Plaintiffs' members, further delay is unwarranted. Plaintiffs therefore renew their request that the Court set a date for oral argument on the parties' cross-motions for summary judgment at its earliest convenience. If HUD proposed a rule that would moot Plaintiffs' claims, the Court could adjourn the argument. If not, the Court would be in a position to resolve the parties'

motions for summary judgment expeditiously.

Defendants' position: In this case, AIA continues to challenge HUD's Final Rule, entitled *Implementation of the Fair Housing Act's Discriminatory Effects Standard*, 78 Fed. Reg. 11460 (Feb. 15, 2013) (A.R. 611) ("the Rule"). On June 20, 2018, HUD published an Advance Notice of Proposed Rulemaking ("ANPRM"), inviting public comment on possible amendments to the Rule, as well as on the 2016 supplement to HUD's responses to certain insurance industry comments made during the initial rulemaking. *See Reconsideration of HUD's Implementation of the Fair Housing Act's Disparate Impact Standard*, 83 Fed. Reg. 28560 (June 20, 2018). The public comment period closed on August 20, 2018. *See id.*

In response to the ANPRM, HUD received approximately 1,900 public comments—nearly twenty times more than HUD received during the initial rulemaking. Based on its initial review of those comments, HUD plans to issue a Notice of Proposed Rulemaking ("NPRM"). HUD is moving expeditiously given the significant number of comments and HUD's responsibility to engage in a careful and thoughtful process in considering a revision to the rule. HUD will endeavor to send a draft NPRM to the Office of Management and Budget and begin the inter-agency review process within the next 60-90 days.

In light of HUD's plans to issue an NPRM, which could affect this litigation, Defendants do not believe oral argument would be appropriate at this time and instead urge the Court to continue the stay in this case for 60 days, or until December 18, 2018. Defendants propose to file a joint status report on December 18, 2018, updating the Court on the expected timing of any further action by HUD and proposing any next steps in this case. Defendants would plan to apprise the Court of any substantive updates in the meantime as appropriate. Defendants have attached a proposed order

consistent with their motion.

Date: October 19, 2018

Respectfully submitted,

Kannon K. Shanmugam (#474304)
Allison Jones Rushing (#991503)
Joshua Podoll (#1011743)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

*Counsel for Plaintiffs*

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

LESLEY FARBY
Assistant Brach Director
Federal Programs Branch

*/s/ Emily Newton*
EMILY SUE NEWTON
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW, Room 12104
Washington, D.C. 20005
Tel: (202) 305-8356 / Fax: (202) 616-8460
emily.s.newton@usdoj.gov

*Counsel for Defendants*