UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN INSURANCE ASSOCIATION and NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT and BENJAMIN CARSON, in his official capacity as Secretary of Housing and Urban Development,<br><br>*Defendants*. | No. 1:13-cv-00966 (RJL) |

**UNOPPOSED MOTION TO DISMISS WITHOUT PREJUDICE
BY PLAINTIFF AMERICAN INSURANCE ASSOCIATION**

Pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiff American Insurance Association (AIA) moves to dismiss its claims in this action without prejudice. Defendants Department of Housing and Urban Development (HUD) and Secretary Benjamin Carson have indicated that they do not take a position on the motion, and Plaintiff National Association of Mutual Insurance Companies (NAMIC) indicates that it consents to the motion.

AIA and NAMIC filed this suit in 2013 to challenge the Disparate Impact Rule promulgated by HUD. Another property-casualty insurance company trade association (including homeowners insurers) based in Chicago, the Property Casualty Insurers Association of America (PCI), filed an action in the United States District Court for the Northern District of Illinois also challenging the Disparate Impact Rule. *See Property Casualty Insurers Ass'n of America* v. *Carson*, No. 13-8564

(N.D. Ill. Nov. 27, 2013). The two suits asserted different claims and have followed different paths to date.

In this case, AIA and NAMIC challenged the validity of disparate-impact claims generally under the Fair Housing Act (FHA), and this Court granted summary judgment in their favor. Dkt. 46. HUD appealed, but before briefing began, the Supreme Court decided *Texas Department of Housing and Community Affairs* v. *Inclusive Communities Project, Inc.*, 135 S. Ct. 2507 (2015). On remand from the District of Columbia Circuit, AIA and NAMIC amended their complaint to add claims that HUD's Disparate Impact Rule is inconsistent with limitations on disparate-impact liability set out in *Inclusive Communities*. The case is currently stayed pending anticipated further rulemaking by HUD.

In the Northern District of Illinois case, PCI challenged the application of the Disparate Impact Rule specifically to homeowners insurance on several grounds, including that application of the Rule to homeowners insurance violates the McCarran-Ferguson Act, 15 U.S.C. §§ 1011-1015, and that HUD's explanation for applying the Rule to homeowners insurance was arbitrary and capricious. The district court granted PCI's motion for summary judgment in part and denied it in part, concluding that HUD's explanation for the Rule was deficient and remanding the Rule to HUD for further explanation. *See Property Casualty Insurers Ass'n of America* v. *Donovan*, 66 F. Supp. 3d 1018, 1046–54 (N.D. Ill. 2014). In 2016, HUD published a supplemental explanation for its decision to apply the Rule to homeowners insurance. *See* 81 Fed. Reg. 69,012 (Oct. 5, 2016). In 2017, PCI filed an amended complaint challenging the reasoning in HUD's Supplemental Explanation and asserting that HUD continued to apply the Rule to homeowners insurance in violation of the limits imposed by the McCarran-Ferguson Act, *Inclusive Communities*, and the filed-rate doctrine. The case is currently stayed pending anticipated further rulemaking by HUD.

<span>
</span>

On January 1, 2019, AIA merged into PCI, which subsequently changed its name to the American Property Casualty Insurance Association (APCIA). APCIA intends to continue to pursue the Disparate Impact Rule litigation in the Northern District of Illinois initiated by its predecessor PCI, the sole plaintiff in that case. To avoid any potential concerns related to claim splitting and res judicata, APCIA's predecessor AIA seeks dismissal without prejudice of its claims in this litigation. Granting that dismissal would allow this case to proceed with Plaintiff NAMIC alone without potentially interfering with the litigation in the Northern District of Illinois.

Federal Rule of Civil Procedure 41(a)(1)(A) permits voluntary dismissal without a court order (i) on notice by the plaintiff before the opposing party has served an answer or filed a motion for summary judgment, or (ii) on the stipulation of all parties. Unless the plaintiff has previously dismissed an action based on the same claim, the dismissal is "without prejudice." Fed. R. Civ. P. 41(a)(1)(B). Federal Rule of Civil Procedure 41(a)(2) permits voluntary dismissal by court order on the request of the plaintiff on terms that the court considers proper. "Unless the order states otherwise, a dismissal under . . . paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2). Because HUD has filed a motion for summary judgment in this case, dismissal by notice under Rule 41(a)(1)(A)(i) is unavailable. AIA thus seeks dismissal without prejudice by court order under Rule 41(a)(2).

Granting dismissal without prejudice will ensure that the orderly withdrawal of AIA from this action following its merger with PCI does not somehow prejudice the merged entity's ability to pursue its longstanding claims in the Northern District of Illinois action. HUD will not be prejudiced by such a dismissal, as it will leave HUD in the same position as before the AIA-PCI merger with respect to the two ongoing suits. Indeed, as noted above, HUD does not oppose this motion.

Plaintiff NAMIC likewise will not be prejudiced, as it may continue to pursue this action. NAMIC also does not oppose this motion.

Accordingly, AIA respectfully requests that this Court grant its unopposed motion to dismiss its claims in this action without prejudice.

Dated: March 15, 2019                                   Respectfully submitted,

/s/ Kannon K. Shanmugam
Kannon K. Shanmugam (#474304)
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
2001 K Street, N.W.
Washington, DC 20006
Tel.: (202) 223-7300
Fax: (202) 223-7420
kshanmugam@paulweiss.com

*Counsel for Plaintiffs*