# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN INSURANCE ASSOCIATION, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*,<br><br>    Defendants. | Civil Case No. 13-966 (RJL) |

## ORDER
(March 25th, 2019) [Dkt. # 104]

American Insurance Association ("AIA"), together with the National Assocaition of Mutual Insurance Companies ("NAMIC"), brought this suit in 2013 challenging the Disparte Impact Rule promulgated by the United States Department of Housing and Urban Development ("HUD"). *See* Complaint [Dkt. #1]. Around the same time, the Property Casualty Insurers Association of America ("PCI") filed a similar action in the United States District Court for the Northern District of Illinois. *See Property Casualty Insurers Ass'n of America v. Carson,* No. 13-8564 (N.D. Ill. Nov. 27, 2013). Both cases proceeded through summary judgment prior to the Supreme Court's decision in *Texas Department of Housing and Community Affairs v. Inclusive Communities Project, Inc.*, 135 S. Ct. 2507 (2015). Following that decision, plaintiffs in both cases amended their complaints. Meanwhile, HUD initiated rulemaking regarding its continued application of the Disparate

Impact Rule. While both cases were stayed pending HUD's anticipated rulemaking, AIA merged with PCI on January 1, 2019, forming what is now known as American Property Casualty Insurance Association ("APCIA"). Pl.'s Mot. at 3. AIA subsequently filed this unopposed motion to dismiss the instant case without prejudice under Fed. R. Civ. P. 41(a)(2), seeking to avoid potential concerns related to claim splitting and res judicata with PCI's case in the Northern District of Illinois. *Id.*

Dismissals under Rule 41(a)(2) "generally [are] granted in the federal courts unless the defendant would suffer legal prejudice other than the prospect of a second lawsuit or some tactical disadvantage." *Conafay v. Wyeth Labs,* 793 F.2d 350, 353 (D.C. Cir. 1986). In applying Rule 41(a)(2), a court must consider (1) whether the plaintiff seeks the motion for voluntary dismissal in good faith, and (2) whether the dismissal would cause the defendant legal prejudice. *See, e.g., Pharm. Care Mgmt Ass'n v. D.C.*, 796 F. Supp. 2d 93, 96 (D.D.C. 2011). Having considered AIA's motion, I find that defendants will suffer no prejudice by allowing AIA to withdraw from this case and prosecute the claims of its predecessor-in-interest, PCI, in the Northern District of Illinois. NAMIC will continue to pursue the claims in this case.

It is hereby **ORDERED** that Plaintiff AIA's Unopposed Motion to Dismiss Without Prejudice is **GRANTED**.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge