UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES,<br><br>      *Plaintiff*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*,<br><br>      *Defendants*. | No. 1:13-cv-00966 (RJL) |

## JOINT STATUS REPORT

Plaintiff, National Association of Mutual Insurance Companies ("NAMIC"), asserts a challenge under the Administrative Procedure Act to the application of the U.S. Department of Housing and Urban Development's ("HUD") 2013 Rule, entitled *Implementation of the Fair Housing Act's Discriminatory Effects Standard*, 78 Fed. Reg. 11460 (Feb. 15, 2013) (A.R. 611) ("the 2013 Rule"), to risk-based pricing and underwriting of homeowners, property, and hazard insurance. After public notice-and-comment rulemaking, on September 24, 2020, HUD published in the Federal Register a final rule replacing the 2013 Rule, which was set to take effect on October 26, 2020 ("the 2020 Rule"). *See* 85 Fed. Reg. 60288 (Sept. 24, 2020). On October 25, 2020, a district court issued an order postponing the effective date of the 2020 Rule. *See Mass. Fair Hous. Ctr.* v. *U.S. Dep't of Hous. & Urban Dev.*, No. CV 20-11765-MGM, 2020 WL 6390143 (D. Mass.).

On September 14, 2020, NAMIC and Defendants, HUD and HUD Secretary, Benjamin Carson, notified this Court that HUD had recently issued a final rule. *See* ECF No. 118. To provide Plaintiff the opportunity to consider the rule, and the parties time to confer, the parties

1

proposed that the case continue to be stayed for 91 days, or until December 14, 2020, at which time they would submit a joint filing.  *See id.*  In a minute entry on September 14, 2020, the Court granted the parties' request, continued the stay in this case, and directed the parties to file a joint status report on or before December 14, 2020, updating the Court and proposing any next steps in this case.  The parties have conferred and respectfully propose to continue the stay in this case for 60 days and file another joint status report on February 12, 2021.  The parties' respective positions are as follows.

Plaintiff's Position:  Because of the issuance of the nationwide preliminary injunction postponing the effective date of the 2020 Rule in *Massachusetts Fair Housing Center*, the 2013 Rule remains in effect.  Under Federal Rule of Appellate Procedure 4(a)(1)(B), the government has until December 24, 2020, to file a notice of appeal of the court's order.  As the Court is no doubt aware, in this case, Plaintiff's motion for summary judgment challenging the 2013 Rule, including on the ground that it fails to meet the requirements articulated by the Supreme Court in *Texas Department of Housing and Community Affairs* v. *Inclusive Communities Project, Inc.*, 135 S. Ct. 2507 (2015), has been fully briefed since October 28, 2016.  At that time, Plaintiff reluctantly agreed to multiple stays to allow for the then-new administration to fill certain senior government positions and to consider the possibility of engaging in further rulemaking.  Now, more than four years later, the transition to yet another administration presents the potential for further substantial delay.  If it appears as of the next status report date that the new administration does not intend to defend the 2020 Rule, Plaintiff intends to seek an argument date on its motion for summary judgment at the Court's earliest convenience.

Government's Position:  As Plaintiff notes, the 2020 Rule has been enjoined, and the time

for the Government to appeal has not run. In light of those circumstances, the Government agrees with Plaintiff that extending the current stay in this case for another 60 days is appropriate. The Government cannot represent at this time whether, as of February 12, 2021, it will be appropriate to schedule oral argument on the pending motions for summary judgment with respect to the 2013 Rule. The Government would anticipate, however, continuing to work with Plaintiff and the Court to propose appropriate next steps, including possibly the submission of updated briefing as necessary.

\*   \*   \*

A proposed order consistent with this motion is attached.

Date:  December 14, 2020                                    Respectfully submitted,

| | |
|---|---|
| Kannon K. Shanmugam (#474304)<br>PAUL, WEISS, RIFKIND, WHARTON<br>& GARRISON LLP<br>2001 K Street, N.W.<br>Washington, DC 20006<br>Telephone:  (202) 223-7300<br>Facsimile:  (202) 223-7420<br><br>*Counsel for Plaintiff* | JEFFREY BOSSERT CLARK<br>Acting Assistant Attorney General<br>Civil Division<br><br>LESLEY FARBY<br>Assistant Branch Director<br>Federal Programs Branch<br><br>*/s/ Emily Newton*<br>EMILY SUE NEWTON<br>Senior Trial Counsel<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street, NW, Room 12104<br>Washington, D.C. 20005<br>Tel: (202) 305-8356 / Fax: (202) 616-8460<br>emily.s.newton@usdoj.gov<br><br>*Counsel for Defendants* |