**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES, | ) ) ) | |
| *Plaintiff*, | ) ) | |
| v. | ) ) | No. 1:13-cv-00966 (RJL) |
| UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*, | ) ) ) ) ) | |
| *Defendants*. | ) ) | |

**JOINT STATUS REPORT**

Plaintiff, National Association of Mutual Insurance Companies ("NAMIC"), asserts a challenge under the Administrative Procedure Act to the application of the U.S. Department of Housing and Urban Development's ("HUD") 2013 Rule, entitled *Implementation of the Fair Housing Act's Discriminatory Effects Standard*, 78 Fed. Reg. 11460 (Feb. 15, 2013) (A.R. 611) ("the 2013 Rule"), to risk-based pricing and underwriting of homeowners, property, and hazard insurance.   After public notice-and-comment rulemaking, on September 24, 2020, HUD published in the Federal Register a final rule replacing the 2013 Rule, which was set to take effect on October 26, 2020.   *See* 85 Fed. Reg. 60288 (Sept. 24, 2020) ("the 2020 Rule").   On October 25, 2020, a district court issued an order postponing the effective date of the 2020 Rule.   *See Mass. Fair Hous. Ctr.* v. *U.S. Dep't of Hous. & Urban Dev.*, No. CV 20-11765-MGM, 2020 WL 6390143 (D. Mass.). On February 9, 2021, HUD and its Acting Secretary filed a consent motion to voluntarily dismiss the then-pending appeal of the district court's decision.   *See Mass. Fair Hous. Ctr.* v. *U.S. Dep't of Hous. & Urban Dev.*, No. 21-1003, Entry ID 6400379 (1st Cir. Feb. 9, 2021).

On September 14, 2020, NAMIC and Defendants, HUD and then-HUD Secretary, Benjamin Carson, notified this Court that HUD had recently issued the 2020 Rule.  *See* ECF No. 118.  To provide Plaintiff the opportunity to consider the rule, and the parties time to confer, the parties proposed that the case continue to be stayed for 91 days, or until December 14, 2020, at which time they would submit a joint filing.  *See id.*  In a minute entry on September 14, 2020, the Court granted the parties' request, continued the stay in this case, and directed the parties to file a joint status report on or before December 14, 2020, updating the Court and proposing any next steps in this case.

On December 14, 2020, the parties filed another joint status report requesting that the Court continue the stay in this case for 60 days, or until February 12, 2021.  In that filing, Plaintiff informed the Court that, if by February 12, 2021, it appeared that the new administration did not intend to defend the 2020 Rule, Plaintiff would seek an argument date on its motion for summary judgment, which has been pending since October 28, 2016.   The Government indicated in that filing that, at that time, it could not represent whether, as of February 12, 2021, it would be appropriate to schedule oral argument on the pending motions for summary judgment with respect to the 2013 Rule.   In a minute entry on December 18, 2020, the Court granted the parties' request and ordered that by February 12, 2021, "the parties shall . . . update[e] the Court on the expected timing of any further government action and proposing any next steps in this case."   The parties' respective positions are as follows.

Plaintiff's Position:   As the Court is aware, the 2013 Final Rule remains in effect because of the issuance of the nationwide preliminary injunction against the 2020 Rule in *Massachusetts Fair Housing Center*.   On December 23, 2020, HUD—acting under the direction of the Trump Administration—filed a notice of appeal of the preliminary injunction.

On January 26, 2021, however, the Biden Administration issued a memorandum indicating its intention to revisit the 2020 Rule. *See* White House Briefing Room, *Memorandum on Redressing Our Nation's and the Federal Government's History of Discriminatory Housing Practices and Policies* (Jan. 26, 2021) <tinyurl.com/bidenhousingmemo>. In that memorandum, the White House instructed as follows:

> The Secretary [of HUD] shall . . . , as soon as practicable, take all steps necessary to examine the effects of the September 24, 2020, rule entitled "HUD's Implementation of the Fair Housing Act's Disparate Impact Standard" . . . , including the effect that amending the February 15, 2013, rule entitled "Implementation of the Fair Housing Act's Discriminatory Effects Standard" has had on HUD's statutory duty to ensure compliance with the Fair Housing Act. Based on that examination, the Secretary shall take any necessary steps, as appropriate and consistent with applicable law, to implement the Fair Housing Act's requirements that HUD administer its programs in a manner that affirmatively furthers fair housing and HUD's overall duty to administer the Act . . . including by preventing practices with an unjustified discriminatory effect.

*Id.* at Sec. 2. The memorandum signaled the Biden Administration's likely intent to withdraw the 2020 Rule. Indeed, counsel for HUD has confirmed that the status of the 2020 Rule is already under active consideration.

On February 9, 2021, HUD voluntarily dismissed the appeal of the preliminary injunction in *Massachusetts Fair Housing Center*. Withdrawal of the appeal confirms that the Biden Administration has no intention of permitting the 2020 Rule to go into effect.

Plaintiff's motion for summary judgment challenging the 2013 Rule, including on the ground that it fails to meet the requirements articulated by the Supreme Court in *Texas Department of Housing and Community Affairs* v. *Inclusive Communities Project, Inc.*, 135 S. Ct. 2507 (2015), has been fully briefed since October 28, 2016. At that time, Plaintiff reluctantly agreed to multiple stays to allow the then-new Trump Administration to fill certain senior government positions and to consider the possibility of engaging in further rulemaking. HUD did ultimately engage in

rulemaking, but it did not issue the final rule until September 2020.   Now, after Plaintiff's motion

for summary judgment has been pending for more than four years, a subsequent presidential

administration has confirmed that it has no intention of retaining the 2020 Rule; the 2013 Rule

remains in effect for the foreseeable future, and Plaintiff's members are subject to actions under

that Rule.   Given the significant delays that have already occurred and the new Administration's

voluntary dismissal of the appeal from the injunction against the 2020 Rule, Plaintiff respectfully

requests an argument date on its motion for summary judgment at the Court's earliest convenience.

In the alternative, Plaintiff requests that the Court set a status conference in approximately 30 days,

by which time HUD should be able to provide a fuller explanation of the nature and expected timing

of any further government action pertaining to the 2013 and 2020 Rules.

    Government's Position:   On January 26, 2021, President Biden issued a "Memorandum on

Redressing Our Nation's and the Federal Government's History of Discriminatory Housing

Practices and Policies," directing the Secretary of HUD to, "as soon as practicable, take all steps

necessary to examine the effects of the [2020 Rule], including the effect that amending the [2013

Rule] has had on HUD's statutory duty to ensure compliance with the Fair Housing Act."   *See*

https://www.whitehouse.gov/briefing-room/presidential-actions/2021/01/26/memorandum-on-

redressing-our-nations-and-the-federal-governments-history-of-discriminatory-housing-practices-

and-policies/.   The Memorandum further directed the Secretary, "[b]ased on that examination …

[to] take any necessary steps, as appropriate and consistent with applicable law, to implement the

Fair Housing Act's requirements that HUD administer its programs in a manner that affirmatively

furthers fair housing and HUD's overall duty to administer the Act …[,] including by preventing

practices with an unjustified discriminatory effect."   Pursuant to the President's directive, HUD is

actively examining the discriminatory effects rules and assessing appropriate next steps to carry out

HUD's statutory duties.

Given the President's directive and HUD's ongoing consideration of the rule and issues

implicated in this matter, the Government respectfully submits that the Court should continue the

stay in this case for 60 days, or until April 13, 2021, on which date the Government would update

the Court on any expected government action and the parties could propose any next steps in this

case.   As the Court is aware, oral argument in this case was deferred at the beginning of the Trump

Administration to allow for the appointment of political leadership, including the General Counsel

of HUD and the Assistant Attorney Generals of the Civil and Civil Rights Divisions of the

Department of Justice.   *See* Tr. 5:7-14, 9:20-10:18 (May 16, 2017).   And when HUD subsequently

engaged in notice-and-comment rulemaking, the Court and the parties agreed to continue the stays

in this case to allow for that administrative process to take place before continuing to litigate over

a rule that was under active reconsideration.   *See, e.g.,* ECF Nos. 100, 103, 107-119.   The

Government believes the same deference should be accorded to the new administration both to

allow key decision-makers to determine how HUD should proceed and to accommodate any

administrative process.

The Government understands that this matter has been stayed for a lengthy period of time.

But within days of the commencement of the new administration, the President directed HUD to

examine amendments to the 2013 Rule and to take any necessary steps to prevent discriminatory

effects in housing, and HUD is actively considering those issues.   Because those issues are directly

implicated by this litigation, the Government believes it is reasonable and prudent to allow for the

agency's consideration rather than proceeding with oral argument at this time.   The Government

thus requests a modest continuation of the stay in this case, or until April 13, 2021, at which time

it anticipates that HUD will likely be able to provide a fuller explanation of the nature and timing of any next steps.

Although the Government does not believe that it is appropriate to proceed with oral argument at this time, if the Court determines to do so, the Government believes it would be appropriate for the parties to update the Court with short supplemental briefs prior to oral argument and requests that the Court direct the parties to confer and propose a briefing and oral argument schedule to allow sufficient time for decision-makers in the new administration to familiarize themselves with the issues and review any supplemental briefing prior to oral argument.

Date:   February 12, 2021

MICHAEL D. GRANSTON
Deputy Assistant Attorney General
Civil Division

LESLEY FARBY
Assistant Branch Director
Federal Programs Branch

EMILY SUE NEWTON
Senior Trial Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W., Room 12104
Washington, DC 20005
Telephone:  (202) 305-8356
Facsimile:  (202) 616-8460

*Counsel for Defendants*

Respectfully submitted,

/s/ Kannon K. Shanmugam
Kannon K. Shanmugam (#474304)
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
2001 K Street, N.W.
Washington, DC 20006
Telephone:  (202) 223-7300
Facsimile:  (202) 223-7420
kshanmugam@paulweiss.com

*Counsel for Plaintiff*