UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES, | ) ) ) | |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) | No. 1:13-cv-00966  (RJL) |
| UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*, | ) ) ) ) ) | |
| *Defendants*. | ) ) | |

**JOINT STATUS REPORT**

Plaintiff, National Association of Mutual Insurance Companies ("NAMIC"), asserts a challenge under the Administrative Procedure Act to the application of the U.S. Department of Housing and Urban Development's ("HUD") 2013 Rule, entitled *Implementation of the Fair Housing Act's Discriminatory Effects Standard*, 78 Fed. Reg. 11460 (Feb. 15, 2013) (A.R. 611) ("the 2013 Rule"), to risk-based pricing and underwriting of homeowners, property, and hazard insurance. After public notice-and-comment rulemaking, on September 24, 2020, HUD published in the Federal Register a final rule replacing the 2013 Rule, which was set to take effect on October 26, 2020. *See* 85 Fed. Reg. 60288 (Sept. 24, 2020) ("the 2020 Rule"). On October 25, 2020, a district court issued an order postponing the effective date of the 2020 Rule. *See Mass. Fair Hous. Ctr.* v. *U.S. Dep't of Hous. & Urban Dev.*, No. CV 20-11765-MGM, 2020 WL 6390143 (D. Mass.). On February 9, 2021, HUD filed a consent motion to voluntarily dismiss the then-pending appeal of the district court's decision. *See Mass. Fair Hous. Ctr.* v. *U.S. Dep't of Hous. & Urban Dev.*, No. 21-1003, Entry ID 6400379 (1st Cir. Feb. 9, 2021).

1

On January 26, 2021, President Biden issued a "Memorandum on Redressing Our Nation's and the Federal Government's History of Discriminatory Housing Practices and Policies," directing the Secretary of HUD to,

> as soon as practicable, take all steps necessary to examine the effects of the [2020 Rule]. . . , including the effect that amending the [2013 Rule] has had on HUD's statutory duty to ensure compliance with the Fair Housing Act. Based on that examination, the Secretary shall take any necessary steps, as appropriate and consistent with applicable law, to implement the Fair Housing Act's requirements that HUD administer its programs in a manner that affirmatively furthers fair housing and HUD's overall duty to administer the Act . . . including by preventing practices with an unjustified discriminatory effect.

https://www.whitehouse.gov/briefing-room/presidential-actions/2021/01/26/memorandum-on-redressing-our-nations-and-the-federal-governments-history-of-discriminatory-housing-practices-and-policies/. Pursuant to the President's directive, HUD began actively examining the discriminatory effects rules, and on April 12, 2021, HUD sent to the Office of Management and Budget ("OMB") a draft proposed rule for inter-agency review. *See* https://www.reginfo.gov/public/do/eoDetails?rrid=162113. The parties' respective positions are as follows:

<u>Plaintiff's Position</u>: As the Court is aware, the 2013 Final Rule remains in effect because of the issuance of the nationwide preliminary injunction against the 2020 Rule in *Massachusetts Fair Housing Center*. On January 26, 2021, the Biden Administration issued its "Memorandum on Redressing Our Nation's and the Federal Government's History of Discriminatory Housing Practices and Policies," which explained that the Administration intended to reconsider the 2020 Rule. Following that announcement, HUD voluntarily dismissed the appeal that it had taken under the Trump Administration from the preliminary injunction in *Massachusetts Fair Housing Center*. On April 12, 2021, HUD sent a draft of a proposed rule to the Office of Management and Budget for inter-agency review titled "Reinstatement of HUD's Discriminatory Effects Standard (FR-

2

6251)." *See* https://www.reginfo.gov/public/do/eoDetails?rrid=162113.

Although the substance of the proposed rule is not available to the public, it is apparent that HUD intends to repeal the now-enjoined 2020 Rule and reinstate the 2013 Rule, which is currently in effect. HUD certainly has offered no indication to the contrary. Meanwhile, Plaintiff's motion for summary judgment challenging the 2013 Rule, including on the ground that it fails to meet the requirements articulated by the Supreme Court in *Texas Department of Housing and Community Affairs* v. *Inclusive Communities Project, Inc.*, 135 S. Ct. 2507 (2015), has been fully briefed since October 28, 2016.

Given the significant delays that have already occurred and HUD's clear intention to reinstate the 2013 Rule, Plaintiff respectfully requests an argument date on its motion for summary judgment at the Court's earliest convenience. In the alternative, Plaintiff requests that the Court set a status conference in approximately 30 days, at which time HUD should be required to explain why the challenge to the 2013 Rule is not ripe for argument.

Defendants' Position:   As a result of HUD's recent action, a proposed rule addressing the very rule at issue in this case is under active consideration by the Executive Branch via the Office of Management and Budget's ("OMB") inter-agency review process. In light of that ongoing consideration, Defendants respectfully request a continuation of the stay in this case for 90 days, or until July 14, 2021, on which date Defendants propose that the parties file another joint status report to update the Court on the status of the proposed rule and propose any next steps as appropriate.

As the Court is aware, oral argument in this case was deferred at the beginning of the Trump Administration to allow for the appointment of political leadership, including the General Counsel

3

of HUD and the Assistant Attorney Generals of the Civil and Civil Rights Divisions of the Department of Justice. *See* Tr. 5:7-14, 9:20-10:18 (May 16, 2017). And when HUD subsequently engaged in notice-and-comment rulemaking, the Court and the parties agreed to continue the stays in this case to allow for that administrative process to take place before continuing to litigate over a rule that was under active reconsideration. *See, e.g.,* ECF Nos. 100, 103, 107-119. The Government believes the same deference should be accorded to the new administration both to accommodate the ongoing administrative process and to allow key decision-makers to determine how HUD should proceed.

It is not, as Plaintiff would have it, "apparent" that HUD will adopt a rule identical to the 2013 Rule. As Plaintiff acknowledges, the substance of the draft proposed rule submitted to OMB is not yet public, and in any event, it is also not yet settled. "[A] central purpose of notice-and-comment rulemaking is to subject agency decisionmaking to public input and to obligate the agency to consider and respond to the material comments and concerns that are voiced," *Make The Rd. New York v. Wolf*, 962 F.3d 612, 634 (D.C. Cir. 2020)—all in an effort "to get the wisest rules," *Dismas Charities, Inc. v. U.S. Dep't of Just.*, 401 F.3d 666, 680 (6th Cir. 2005). "On top of that, part of the purpose of notice and comment rulemaking is to ensure the parties develop a record for judicial review." *Make The Rd. New York*, 962 F.3d at 634 (internal quotation and citations omitted). Plaintiff's proposal would undermine both of these purposes and put HUD—and this Court—in the precarious position of having to take a position on a rule under active inter-agency consideration and before HUD could consider public input and publish a final rule.

The Government understands that this matter has been stayed for a lengthy period of time. But within days of the commencement of the new administration, the President directed HUD to

4

examine amendments to the 2013 Rule and to take any necessary steps to prevent discriminatory effects in housing.  And in less than three months, HUD has already taken significant steps by drafting and sending a proposed rule to OMB for inter-agency consideration.  That rulemaking process will directly implicate the issues in this litigation.  Accordingly, Defendants believe it is reasonable and prudent, as Plaintiff conceded at times during the last administration, to allow for the continuation of the rulemaking process, rather than proceeding with argument on a rule under active consideration.  Defendants therefore respectfully request a 90-day continuation of the stay in this case and propose that the parties file another joint status report on July 14, 2021, at which time HUD anticipates it will likely be able to provide an update on the nature and timing of any next steps.

Although the Government does not believe it is appropriate to proceed with oral argument at this time, if the Court determines to do so, the Government believes it would be appropriate for the parties to update the Court with short supplemental briefs prior to oral argument and requests that the Court direct the parties to confer and propose a briefing and oral argument schedule to allow sufficient time for decision-makers in the new administration to familiarize themselves with the issues and review any supplemental briefing prior to oral argument.

Date:  April 15, 2021                                                  Respectfully submitted,

| | |
|---|---|
| Kannon K. Shanmugam (#474304)<br>PAUL, WEISS, RIFKIND, WHARTON<br>& GARRISON LLP<br>2001 K Street, N.W.<br>Washington, DC 20006<br>Telephone:  (202) 223-7300<br>Facsimile:  (202) 223-7420 | MICHAEL D. GRANSTON<br>Deputy Assistant Attorney General<br>Civil Division<br><br>LESLEY FARBY<br>Assistant Branch Director<br>Federal Programs Branch |
| *Counsel for Plaintiff* | */s/ Emily Newton* |

5

EMILY SUE NEWTON
Senior Trial Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW, Room 12104
Washington, D.C. 20005
Tel: (202) 305-8356 / Fax: (202) 616-8460
emily.s.newton@usdoj.gov

*Counsel for Defendants*