UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES, | ) ) ) |
| *Plaintiff*, | ) ) |
| v. | ) ) No. 1:13-cv-00966 (RJL) |
| UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*, | ) ) ) ) ) |
| *Defendants*. | ) ) ) |

## NOTICE OF STATUS UPDATE

Plaintiff National Association of Mutual Insurance Companies writes to notify the Court of the promulgation of a notice of proposed rulemaking by the Department of Housing and Urban Development (HUD) reinstating the 2013 disparate-impact rule. In light of HUD's clear intention to continue to enforce the provisions of the 2013 Rule and to revoke the protections for the insurance industry in the 2020 Rule, plaintiff respectfully requests that argument be scheduled on the parties' cross-motions for summary judgment at the Court's earliest convenience.

As the Court is aware, plaintiff asserts a challenge under the Administrative Procedure Act to the application of HUD's 2013 disparate-impact rule, 78 Fed. Reg. 11,460 (Feb. 15, 2013), to risk-based pricing and underwriting of homeowners, property, and hazard insurance. Plaintiff argues that the 2013 Rule contravenes several limitations on disparate-impact liability under the Fair Housing Act (FHA) as articulated in *Texas Department of Housing & Community Affairs* v. *Inclusive Communities Project, Inc.*, 576 U.S. 519 (2015). *See* Dkt. 60, at 1-2. Among other grounds, plaintiff argues that the 2013 Rule pervasively injects the consideration of race and other protected characteristics into the actuarial model used by insurers; plaintiff also argues that the 2013 Rule

forces insurers to take protected characteristics into account when making rating and underwriting decisions, contrary to state insurance law.  *See* Dkt. 60, at 15-24.

In September 2020, HUD published a final rule replacing the 2013 Rule.  *See* 85 Fed. Reg. 60,288.  That rule amended the 2013 Rule in order to implement a burden-shifting framework for disparate-impact liability under the FHA that "more closely aligns with the [Supreme] Court's decision in *Inclusive Communities*."  *Id.*  The 2020 Rule did so in part by incorporating into the relevant regulations specific limitations on disparate-impact liability articulated in *Inclusive Communities*.  *Compare*, *e.g.*, *id.* at 60,332 (requiring the plaintiff to plead a "robust causal link between the challenged policy or practice and the adverse effect on members of a protected class"), *with Inclusive Communities*, 576 U.S. at 542 (stating that "[a] robust causality requirement ensures that '[r]acial imbalance . . . does not, without more, establish a prima facie case of disparate impact'"); *compare* 85 Fed. Reg. 60,332 (requiring a plaintiff to plead that a challenged policy or practice is "arbitrary, artificial, and unnecessary to achieve a valid or legitimate objective"), *with Inclusive Communities*, 576 U.S. at 543 (holding that "governmental or private policies are not contrary to the disparate-impact requirement unless they are 'artificial, arbitrary, and unnecessary barriers'" (citation omitted)).

The 2020 Rule also addressed the application of the disparate-impact standard to insurers. In particular, the 2020 Rule expressly stated that nothing in the disparate-impact regulations "is intended to invalidate, impair, or supersede any law enacted by any state for the purpose of regulating the business of insurance."  85 Fed. Reg. 60,333.  The rule recognized a defense to disparate-impact liability applicable when a defendant's practice or policy is "reasonably necessary to comply with" state statutes, state judicial and administrative decisions, and state regulations and guidance, *id.*—as may be the case for insurers, *see* Dkt. 60, at 21-24.  The rule recognized another

2

defense applicable when a challenged policy or practice is "intended to predict an occurrence of an outcome"—as do the actuarial models used by insurers—if the "prediction represents a valid interest" and the outcome predicted does not have a "disparate impact on protected classes." *Id.* By making those changes to the 2013 Rule, the 2020 Rule responded to many of the problems identified by plaintiff in its pending motion for summary judgment.

Before the 2013 Rule became effective, however, a federal district court in Massachusetts issued a nationwide preliminary injunction staying the effective date of the 2020 Rule. *See Massachusetts Fair Housing Center* v. *HUD*, 496 F. Supp. 3d 600 (D. Mass. 2020). In December 2020, HUD—acting under the direction of the Trump Administration—filed a notice of appeal of the preliminary injunction.

On January 26, 2021, the Biden Administration issued its "Memorandum on Redressing Our Nation's and the Federal Government's History of Discriminatory Housing Practices and Policies," which explained that the Administration intended to reconsider the 2020 Rule. Following that announcement, HUD voluntarily dismissed the appeal that it had taken under the Trump Administration from the preliminary injunction in *Massachusetts Fair Housing Center*.

Today, HUD issued a notice of proposed rulemaking for a rule titled "Reinstatement of HUD's Discriminatory Effects Standard." *See* 86 Fed. Reg. 33,590. As the title of the proposed rule suggests, HUD "proposes to recodify the 2013 Rule's discriminatory effect standard" and eliminate all of the substantive changes it made previously in the 2020 Rule, *id.* at 33,594, including the provisions respecting the application of disparate-impact liability to insurers and the defenses that would apply to insurers. In so doing, HUD explained its view that the decision in *Inclusive Communities* "maintained the fundamentals of long-established precedent rather than changing them." *Id.* Under the proposed rule, the only provision of the 2020 Rule that would remain is the addition

of certain examples of discriminatory activity to a "non-exhaustive list of prohibited activities."  *Id.* at 33,596.

HUD has publicly stated that it intends to repeal the now-enjoined 2020 Rule and recodify the 2013 Rule, which remains in effect.   Meanwhile, plaintiff's motion for summary judgment challenging the 2013 Rule has been fully briefed for almost five years.   Given the significant delays that have already occurred and HUD's express intention to recodify the 2013 Rule, plaintiff respectfully requests an argument date on its motion for summary judgment at the Court's earliest convenience.

    Respectfully submitted,

    /s/ Kannon K. Shanmugam
    Kannon K. Shanmugam (#474304)
    PAUL, WEISS, RIFKIND,
     WHARTON & GARRISON LLP
    2001 K Street, N.W.
    Washington, DC 20006
    (202) 223-7300
    kshanmugam@paulweiss.com

June 25, 2021