# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES, <br><br> *Plaintiff*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*, <br><br> *Defendants*. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> No. 1:13-cv-00966 (RJL) |

## RESPONSE TO PLAINTIFF'S NOTICE OF STATUS UPDATE

Plaintiff, National Association of Mutual Insurance Companies ("NAMIC"), asserts a challenge under the Administrative Procedure Act to the application of the U.S. Department of Housing and Urban Development's ("HUD") 2013 Rule, entitled *Implementation of the Fair Housing Act's Discriminatory Effects Standard*, 78 Fed. Reg. 11460 (Feb. 15, 2013) (A.R. 611) ("the 2013 Rule"), to risk-based pricing and underwriting of homeowners, property, and hazard insurance. After public notice-and-comment rulemaking, on September 24, 2020, HUD published in the Federal Register a final rule replacing the 2013 Rule, which was set to take effect on October 26, 2020. *See* 85 Fed. Reg. 60288 (Sept. 24, 2020) ("the 2020 Rule"). On October 25, 2020, a district court issued an order staying the implementation and postponing the effective date of the 2020 Rule. *See Mass. Fair Hous. Ctr.* v. *U.S. Dep't of Hous. & Urban Dev.*, No. CV 20-11765-MGM, 2020 WL 6390143 (D. Mass.). Though HUD initially sought to appeal the district court's decision, on February 9, 2021, HUD filed a consent motion to voluntarily dismiss the appeal. *See Mass. Fair Hous. Ctr.* v. *U.S. Dep't of Hous. & Urban Dev.*, No. 21-1003, Entry ID 6400379 (1st Cir. Feb. 9, 2021).

1

On January 26, 2021, President Biden issued a "Memorandum on Redressing Our Nation's and the Federal Government's History of Discriminatory Housing Practices and Policies," directing the Secretary of HUD to,

> as soon as practicable, take all steps necessary to examine the effects of the [2020 Rule]. . . , including the effect that amending the [2013 Rule] has had on HUD's statutory duty to ensure compliance with the Fair Housing Act. Based on that examination, the Secretary shall take any necessary steps, as appropriate and consistent with applicable law, to implement the Fair Housing Act's requirements that HUD administer its programs in a manner that affirmatively furthers fair housing and HUD's overall duty to administer the Act . . . including by preventing practices with an unjustified discriminatory effect.

https://www.whitehouse.gov/briefing-room/presidential-actions/2021/01/26/memorandum-on-redressing-our-nations-and-the-federal-governments-history-of-discriminatory-housing-practices-and-policies/. Pursuant to the President's directive, HUD began actively examining the discriminatory effects rules, and on April 12, 2021, HUD sent to the Office of Management and Budget ("OMB") a draft proposed rule for inter-agency review. *See* https://www.reginfo.gov/public/do/eoDetails?rrid=162113. On June 25, 2021, HUD published a Notice of Proposed Rulemaking ("NPRM") proposing to recodify the 2013 Discriminatory Effects Rule and soliciting comments on that proposal. HUD, Reinstatement of HUD's Discriminatory Effects Standard, 86 Fed. Reg. 33,590 (Jun. 25, 2021). HUD announced a 60-day comment period, *id.*, which will conclude on August 24, 2021.

In a Notice on June 25, 2021, Plaintiff notified the Court of HUD's publication of the NPRM and reiterated its request, stated in the joint status report the parties filed with the Court on April 15, 2021, that the Court schedule argument on the parties' cross-motions for summary judgment despite HUD's ongoing consideration of the Rule that is the subject of those motions. The Government respectfully submits that Plaintiff's request is inappropriate at this time and respectfully requests that

2

the Court continue the stay in this case to allow for the ongoing rulemaking process.

As the Court is aware, oral argument in this case was deferred at the beginning of the Trump Administration to allow for the appointment of political leadership, including the General Counsel of HUD and the Assistant Attorney Generals of the Civil and Civil Rights Divisions of the Department of Justice. *See* Tr. 5:7-14, 9:20-10:18 (May 16, 2017). And when HUD subsequently engaged in notice-and-comment rulemaking, the Court and the parties agreed to continue the stays in this case to allow for that administrative process to take place before continuing to litigate over a rule that was under active reconsideration. *See, e.g.,* ECF Nos. 100, 103, 107-119. The Government believes the same deference should be accorded to the current administration and rulemaking, to allow the administrative process to take place before continuing to litigate over a rule under active reconsideration.

The substance of the rule is not yet settled, and Plaintiff, like other members of the public, has the opportunity to comment on HUD's proposal to shape the ultimate outcome. "[A] central purpose of notice-and-comment rulemaking is to subject agency decisionmaking to public input and to obligate the agency to consider and respond to the material comments and concerns that are voiced," *Make The Rd. New York v. Wolf*, 962 F.3d 612, 634 (D.C. Cir. 2020)—all in an effort "to get the wisest rules," *Dismas Charities, Inc. v. U.S. Dep't of Just.*, 401 F.3d 666, 680 (6th Cir. 2005). "On top of that, part of the purpose of notice and comment rulemaking is to ensure the parties develop a record for judicial review." *Make The Rd. New York*, 962 F.3d at 634 (internal quotation and citations omitted). Plaintiff's proposal would undermine both of these purposes and put HUD—and this Court—in the position of having to take a position on a rule under active consideration and before HUD could consider public input and publish a final rule.

3

The Government understands that this matter has been stayed for a lengthy period of time. But within days of the commencement of the new administration, the President directed HUD to examine amendments to the 2013 Rule and to take any necessary steps to prevent discriminatory effects in housing. And in less than six months, HUD has taken significant steps by publishing an NPRM for public comment and consideration. The rulemaking provides that the comment period will close in two months, or by August 24, 2021. HUD is thus proceeding apace on a rulemaking that will directly implicate the issues in this litigation. Accordingly, Defendants believe it is reasonable and prudent, as Plaintiff conceded at times during the last administration, to allow for the continuation of the rulemaking process, rather than proceeding with argument on a proposed rulemaking that is not yet final and could change between the time of argument and the time of any court decision. Defendants therefore respectfully request a 90-day continuation of the stay in this case and propose that the parties file another joint status report on September 27, 2021, at which time HUD anticipates it will likely be able to provide an update on the nature and timing of any next steps.

Although the Government does not believe it is appropriate to proceed with oral argument at this time, if the Court determines to do so, the Government believes it would be appropriate for the parties to update the Court with short supplemental briefs prior to oral argument and requests that the Court direct the parties to confer and propose a briefing and oral argument schedule to allow sufficient time for decision-makers in the new administration to familiarize themselves with the issues and review any supplemental briefing prior to oral argument.

Date: June 29, 2021                                             Respectfully submitted,

Kannon K. Shanmugam (#474304)                    BRIAN D. NETTER

| | |
|---|---|
| PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP<br>2001 K Street, N.W.<br>Washington, DC 20006<br>Telephone: (202) 223-7300<br>Facsimile: (202) 223-7420<br><br>*Counsel for Plaintiff* | Deputy Assistant Attorney General<br>Civil Division<br><br>LESLEY FARBY<br>Assistant Branch Director<br>Federal Programs Branch<br><br>*/s/ Emily Newton*<br>EMILY SUE NEWTON<br>Senior Trial Counsel<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street, NW, Room 12104<br>Washington, D.C. 20005<br>Tel: (202) 305-8356 / Fax: (202) 616-8460<br>emily.s.newton@usdoj.gov<br><br>*Counsel for Defendants* |

5