UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES, <br><br>*Plaintiff*, <br><br>v. <br><br>UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*, <br><br>*Defendants*. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> No. 1:13-cv-00966 (RJL) |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff National Association of Mutual Insurance Companies writes to notify this Court of the Supreme Court's recent decision in *Arizona* v. *City and County of San Francisco*, 142 S. Ct. 1926 (2022), concerning the regulation promulgated by the Department of Homeland Security known as the "Public Charge Rule." In *Arizona*, the Supreme Court dismissed the petition for a writ of certiorari as improvidently granted. But in a separate concurring opinion, the Chief Justice, joined by Justices Thomas, Alito, and Gorsuch, wrote to express concern about a recurring practice by administrative agencies after a change in presidential administrations: namely, the refusal of the agency to defend the prior administration's rule in litigation and the subsequent repeal of that rule, without notice-and-comment rulemaking, on the ground that a court had enjoined it. By simultaneously refusing to defend its 2020 disparate-impact rule and failing to finalize its proposed recodification of the 2013 disparate-impact rule, HUD has effectively engaged in a similar maneuver, leaving the 2013 rule in force without completion of the notice-and-comment process. The concern of four Justices that such conduct may not "comport with principles of administrative law," *Arizona*, 142 S. Ct. at 1928 (Roberts, C.J, concurring), provides an additional reason for this Court to reject

HUD's argument that the Court should indefinitely delay a decision on the pending motions for summary judgment.

As the Court is aware, plaintiff asserts a challenge under the Administrative Procedure Act to the application of HUD's 2013 disparate-impact rule, 78 Fed. Reg. 11,460, to risk-based pricing and underwriting of homeowners, property, and hazard insurance. Plaintiff argues that the 2013 Rule contravenes several limitations on disparate-impact liability under the Fair Housing Act (FHA) as articulated in *Texas Department of Housing & Community Affairs* v. *Inclusive Communities Project, Inc.*, 576 U.S. 519 (2015). *See* Dkt. 60, at 1-2.

In September 2020, while this action was pending, HUD published a final rule replacing the 2013 Rule. *See* 85 Fed. Reg. 60,288. The 2020 Rule responded to and would have resolved many of the problems identified by plaintiff in its pending motion for summary judgment. Before the 2020 Rule became effective, however, a federal district court in Massachusetts issued a nationwide preliminary injunction staying the effective date of the 2020 Rule. *See Massachusetts Fair Housing Center* v. *HUD*, 496 F. Supp. 3d 600 (D. Mass. 2020). In December 2020, HUD—acting under the direction of the Trump Administration—filed a notice of appeal of the preliminary injunction.

In February 2021, after President Biden took office, HUD voluntarily dismissed the appeal that it had taken under the Trump Administration from the preliminary injunction in *Massachusetts Fair Housing Center*. Then, on June 25, 2021, HUD issued a notice of proposed rulemaking for a rule titled "Reinstatement of HUD's Discriminatory Effects Standard." *See* 86 Fed. Reg. 33,590. As the title of the proposed rule suggests, HUD "proposes to recodify the 2013 Rule's discriminatory effect standard" and eliminate all but one minor substantive change it made previously in the 2020 Rule, *id.* at 33,594, including the provisions respecting the application of disparate-impact liability to insurers and the defenses that would apply to insurers.

On July 19, 2021, this Court held oral argument on the parties' cross-motion for summary judgment. Both at argument and in their supplemental briefing, HUD urged the Court to delay ruling on the motions in light of the ongoing rulemaking process. *See* Dkt. 126, at 17-19; Dkt. 128, at 6-9. Since the close of the comment period nearly a year ago, however, HUD has taken no further action to finalize the proposed rule. Nor does HUD have any incentive to do so. The 2013 rule, which the proposed rule would recodify, is already in force as a result of the Massachusetts district court's preliminary injunction and HUD's voluntary dismissal of the appeal from that injunction. HUD's conduct here is thus substantially similar to the agency maneuvers that the Chief Justice and his colleagues expressed concern about in *Arizona*. In fact, not only has HUD effectively repealed its 2020 Rule without notice-and-comment rulemaking, but it is also seeking to delay judicial review of that repeal indefinitely by invoking an ongoing rulemaking that it has little incentive to advance. In light of the questions HUD's conduct raises as a matter of administrative law, HUD's arguments for indefinite delay should be rejected, and this Court should proceed to decide the pending motions.

    Respectfully submitted,

    /s/ Kannon K. Shanmugam
    Kannon K. Shanmugam (#474304)
    PAUL, WEISS, RIFKIND,
     WHARTON & GARRISON LLP
    2001 K Street, N.W.
    Washington, DC 20006
    (202) 223-7300
    kshanmugam@paulweiss.com

August 3, 2022

(Slip Opinion) Cite as: 596 U. S. ____ (2022) 1

Per Curiam

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES
_____

No. 20–1775
_____

ARIZONA, ET AL., PETITIONERS v. CITY AND COUNTY OF SAN FRANCISCO, CALIFORNIA, ET AL.

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

[June 15, 2022]

PER CURIAM.

The writ of certiorari is dismissed as improvidently granted.

*It is so ordered.*

Cite as: 596 U. S. ____ (2022) 1

ROBERTS, C. J., concurring

# SUPREME COURT OF THE UNITED STATES

No. 20–1775

ARIZONA, ET AL., PETITIONERS *v.* CITY AND COUNTY OF SAN FRANCISCO, CALIFORNIA, ET AL.

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

[June 15, 2022]

CHIEF JUSTICE ROBERTS, with whom JUSTICE THOMAS, JUSTICE ALITO, and JUSTICE GORSUCH join, concurring.

This case involves a regulation known as the Public Charge Rule, promulgated by the Department of Homeland Security in 2019. See 84 Fed. Reg. 41292 (2019). The Rule set out the test the Department planned to use to determine whether an applicant for admission into the country or adjustment to lawful permanent resident status is "likely at any time to become a public charge," which would make him ineligible. 8 U. S. C. §1182(a)(4)(A). Several parties filed lawsuits arguing that the Rule was unlawful because it defined "public charge" too broadly.

We granted certiorari in this case not to address the merits of that argument, but to decide whether the petitioners—13 States which support the Rule—should have been permitted to intervene in this litigation to defend the Rule's legality in the Court of Appeals. Petitioners argue that the answer is yes, in light of the Government's actions.

When this and other suits challenging the Rule were first brought in 2019, the Government defended it. And when multiple lower courts, including the District Court here, found the Rule unlawful, the Government appealed those decisions. After a change in administrations, though, the Government reversed course and opted to voluntarily dis-

2          ARIZONA *v.* CITY AND COUNTY OF SAN FRANCISCO

ROBERTS, C. J., concurring

miss those appeals, leaving in place the relief already entered.

A new administration is of course as a general matter entitled to do that. But the Government then took a further step. It seized upon one of the now-consent judgments against it—a final judgment vacating the Rule nationwide, issued in a different litigation—and leveraged it as a basis to immediately repeal the Rule, without using notice-and-comment procedures. 86 Fed. Reg. 14221 (2021) ("Because this rule simply implements the district court's vacatur of the August 2019 rule . . . DHS is not required to provide notice and comment."). This allowed the Government to circumvent the usual and important requirement, under the Administrative Procedure Act, that a regulation originally promulgated using notice and comment (as the Public Charge Rule was) may only be repealed through notice and comment, 5 U. S. C. §551(5); see *Perez* v. *Mortgage Bankers Assn.*, 575 U. S. 92, 101 (2015). As part of this tactic of "rulemaking-by-collective-acquiescence," *City and County of San Francisco* v. *United States Citizenship and Immigration Servs.*, 992 F. 3d 742, 744 (CA9 2021) (VanDyke, J., dissenting), the Government successfully opposed efforts by other interested parties—including petitioners here—to intervene in order to carry on the defense of the Rule, including possibly before this Court.

These maneuvers raise a host of important questions. The most fundamental is whether the Government's actions, all told, comport with the principles of administrative law. But bound up in that inquiry are a great many issues beyond the question of appellate intervention on which we granted certiorari, among them standing; mootness; vacatur under *United States* v. *Munsingwear, Inc.*, 340 U. S. 36 (1950); the scope of injunctive relief in an APA action; whether, contrary to what "[t]he government has long argued," the APA "authorize[s] district courts to vacate regulations or other agency actions on a nationwide basis," Brief

for Federal Respondents 5, n. 3; how the APA's procedural requirements apply in this unusual circumstance, cf. §551(5); *FCC* v. *Fox Television Stations, Inc.*, 556 U. S. 502, 515 (2009); and more.

It has become clear that this mare's nest could stand in the way of our reaching the question presented on which we granted certiorari, or at the very least, complicate our resolution of that question. I therefore concur in the Court's dismissal of the writ of certiorari as improvidently granted. But that resolution should not be taken as reflective of a view on any of the foregoing issues, or on the appropriate resolution of other litigation, pending or future, related to the 2019 Public Charge Rule, its repeal, or its replacement by a new rule. See *Cook County* v. *Mayorkas*, 340 F. R. D. 35 (ND Ill. 2021), appeal pending, No. 21–2561 (CA7); 87 Fed. Reg. 10571 (2022) (new proposed rule that would "implement a different policy than the 2019 Final Rule").