UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL ASSOCIATION OF MUTUAL
 INSURANCE COMPANIES,

    Plaintiff,

      v.                   No. 1:13-cv-00966 (RJL)

U.S. DEPARTMENT OF HOUSING AND
 URBAN DEVELOPMENT, *et al*.,

    Defendants.

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## NOTICE OF SUPPLEMENTAL AUTHORITY

    This Court should disregard Plaintiff's Notice of Supplemental Authority because it does not actually provide this Court with notice of a relevant authority and because it inaccurately characterizes Defendants' actions regarding the 2013 Discriminatory Effects Rule at issue in this case.

    First, the "authority" to which Plaintiff draws this Court's attention is not a precedential opinion or order of a court and it therefore has no bearing on the matter before this Court. *See Arizona v. City & Cnty. of San Francisco*, 142 S. Ct. 1926 (2022) (per curiam). To the contrary, the unsigned order is a dismissal of a petition of certiorari as improvidently granted. *See id*.

    Second, the *Arizona v. San Francisco* concurrence to which Plaintiff directs this Court's attention is easily distinguishable from the matter before this Court. That case involved a challenge to a rule promulgated by a prior administration that was declared unlawful by the courts below, after which the succeeding administration decided not to pursue its appeal of the lower courts' rulings and instead opted to repeal the rule without notice and comment. *See id*. The concurrence raised concerns about whether this last course of action "comport[ed] with the

principles of administrative law." *Id*. The facts of the present case are entirely different.

In 2013, after engaging in an extensive notice and comment process, the U.S. Department of Housing and Urban Development ("HUD") published a final rule formally promulgating its long-held position that violations of the Fair Housing Act could be established through evidence of a discriminatory effect. *See* Implementation of the Fair Housing Act's Discriminatory Effects Standard, 78 Fed. Reg. 11460 (Feb. 15, 2013), *codified at* 24 C.F.R. § 100.500 *et seq*. In 2020, after again engaging in the notice and comment process, HUD published a final rule making substantial changes to its 2013 rule. *See* HUD's Implementation of the Fair Housing Act's Disparate Impact Standard, 85 Fed. Reg. 60288 (Sept. 24, 2020). The 2020 rule was preliminarily enjoined before it went into effect. *See Mass. Fair Hous. Ctr. v. U.S. Dep't of Hous. & Urban Dev.*, 496 F. Supp. 3d 600, 611–12 (D. Mass. 2020), *appeal docketed*, No. 21-1003 (1st Cir. Jan. 6, 2021), *appeal dismissed* (Feb. 18, 2021).

Unlike the rule at issue in *Arizona v. San Francisco*, after HUD decided not to pursue its appeal, the agency published yet another a notice in the Federal Register explaining that HUD had reconsidered the 2020 Rule and was proposing to reinstate its 2013 Rule. *See* Reinstatement of HUD's Discriminatory Effects Standard, 86 Fed. Reg. 33590 (June 25, 2021).[1] The agency invited interested persons to submit comments on its proposal by August 24, 2021. *See id*. HUD received over 10,000 comments and is in the process of considering them in preparation for issuance of a final rule, which it anticipates promulgating later this year.

This Court should thus reject Plaintiff's claim that HUD has "effectively repealed its

---

[1] Also unlike the rule at issue in *Arizona v. San Francisco*, HUD did not propose to reinstate the 2013 Rule merely to implement the decision in *Mass. Fair Hous. Ctr., supra*. Rather, the decision enjoining the 2020 Rule was only one of many factors HUD evaluated before proposing to return to the 2013 Rule, including prior public comments and the responses to those comments, prior guidance, legal precedent, and HUD's decades of experience with discriminatory effects cases. *See id*. at 33594.

2020 Rule without notice-and-comment rulemaking." Pl.'s Not. of Supp. Authority at 3, ECF No.

131. HUD is in fact currently engaged in notice and comment rulemaking, and its actions

"comport with the principles of administrative law." *Arizona*, 142 S. Ct. at 1928.[2] Thus, to the

extent *Arizona v. San Francisco* concurrence constitutes authority, it is entirely distinguishable.

    This Court should thus disregard Plaintiff's notice of supplemental authority.

Dated: August 19, 2022

                                        Respectfully submitted,

                                        SARAH HARRINGTON
                                        Deputy Assistant Attorney General

JEANINE M. WORDEN                       LESLEY FARBY
Associate General Counsel               Assistant Branch Director
for Fair Housing
JULIA DYKSTRA                           s/ James D. Todd, Jr.
PAUL I. OSADEBE                         JAMES D. TODD, JR.
TRIAL ATTORNEYS                         U.S. DEPARTMENT OF JUSTICE
U.S. DEPARTMENT OF HOUSING              Civil Division, Federal Programs Branch
AND URBAN DEVELOPMENT                   Ben Franklin Station
                                        P.O. Box 883
*Of Counsel*                            Washington, DC 20044
                                        (202) 305-8356
                                        (202) 514-3378
                                        james.todd@usdoj.gov

                                        Attorneys for Defendants

---

[2] This Court should also reject Plaintiff's contention that HUD was wrong to voluntarily dismiss its appeal of the district court's preliminary injunction. Contrary to Plaintiff's contention, the *Arizona v. San Francisco* concurrence expressly stated that "a new administration is of course as general matter entitled to do just that." *Arizona,* 142 S. Ct. at 1928.