UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES,<br><br>     Plaintiff,<br><br>     v.<br><br>U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*,<br><br>     Defendants. | No. 1:13-cv-00966 (RJL) |

**STATUS REPORT AND MOTION TO
CANCEL THE NOVEMBER 30, 2022, STATUS CONFERENCE**

In light of this Court's October 28, 2022, Minute Entry setting a status conference for November 30, 2022, Defendants file this status report on the forthcoming rule of the U.S. Department of Housing and Urban Development ("HUD") on the discriminatory effects standard under the Fair Housing Act and, for good cause shown herein, moves to cancel the status conference, as HUD now plans to transmit the final rule to the Office of Management and Budget ("OMB") on or before December 9, 2022. In support of this motion, Defendants state as follows:

1. Plaintiff challenges the alleged failure of the U.S. Department of HUD's 2013 Discriminatory Effects Rule, *see* Implementation of the Fair Housing Act's Discriminatory Effects Standard, 78 Fed. Reg. 11460 (Feb. 15, 2013) ("the 2013 Rule"), to provide a categorical exemption to insurers providing and underwriting homeowners, property, and hazard insurance. *See* Am. Compl., ECF No. 57. The parties filed cross motions for summary judgment in 2016. *See* Pl.'s Mot. for Sum. J, ECF No. 60; Defs.' Mot. for Sum. J., ECF No. 64.

2. This matter was stayed for a number of years beginning in 2017, initially to allow

the prior Administration to reconsider HUD's 2013 Rule, then to allow HUD time for notice and comment rulemaking. *See* Minute Orders (Feb. 8, 2017), (Feb. 1, 2018); (Feb. 7, 2018) (Mar. 30, 2018), (May 10, 2018), (July 16, 2018), (Oct. 26, 2018) (Dec. 12, 2018), (Feb. 6, 2019).

3.     This Court continued that stay while HUD proposed and then promulgated a final rule amending the 2013 rule, *see* HUD's Implementation of the Fair Housing Act's Disparate Impact Standard, 85 Fed. Reg. 60288 (Sept. 24, 2020) ("the 2020 Rule"). *See* Minute Orders (Mar. 14, 2019), (Jan. 1, 2020), (Mar. 18, 2020), (May 23, 2020), (July 21, 2020), (Aug. 18, 2020), (Sept. 14, 2020).

4.     After a district court preliminarily enjoined the 2020 rule, *see Mass. Fair Hous. Ctr. v. U.S. Dep't of Hous. & Urban Dev.*, No. 3:20-cv-11765, 2020 WL 6390143 (D. Mass. October 24, 2020), *appeal dismissed*, No. 21-1003 (1st Cir. Feb. 9, 2021), HUD published a notice in the Federal Register that it was reconsidering its 2020 rule and proposing to recodify its 2013 rule, *see* Reinstatement of HUD's Discriminatory Effects Standard, 86 Fed. Reg. 33590 (June 25, 2021) (the "Proposed Rule"). This Court continued the stay during this time, *see* Minute Orders, (Dec. 18, 2020), (Apr. 19, 2021), until this Court set and conducted a hearing on the parties' 2016 cross motions for summary judgment. *See* Minute Order (July 1, 2021), Mots. Hrg. (July 19, 2021).

5.     This Court recently set and conducted a status conference. *See* Minute Orders (Oct. 12, 2021), (Oct. 17, 2022); Status Conf. (Oct. 28, 2022). This Court then set a status conference for November 30, 2022, and ordered someone from HUD's Office of General Counsel to be present at that hearing. *See* Minute Entry (Oct. 28, 2022).

6.     HUD is finalizing its review and response to comments and the final rule itself, and plans to submit the final rule to the OMB for interagency review on or before December 9, 2022. HUD plans to ask OMB for expedited review of the rule and anticipates that it can transmit

the final rule for publication in the Federal Register within weeks of OMB completing its review. HUD's final rule will be the result of a notice and comment rulemaking process that began on July 21, 2021, when HUD announced a Proposed Rule reconsidering the agency's 2020 Rule, *see* 85 Fed. Reg. 60288, and proposing to recodify its 2013 Rule, *see* 86 Fed. Reg. 33590. HUD gave all interested persons 60 days to provide comments, *see id.*, and received over 10,000 comments, including comments received from Plaintiff. HUD has reviewed and considered those comments, as well as those received in response to prior federal register notices concerning the 2013 and 2020 Rules, *see* HUD, Reducing Regulatory Burden; Enforcing the Regulatory Reform Agenda Under Executive Order 13777, 82 Fed. Reg. 22344 (May 15, 2017) (numerous comments on disparate impact received); HUD, Reconsideration of HUD's Implementation of the Fair Housing Act's Disparate Impact Standard, 83 Fed. Reg. 28560 (June 20, 2018) (1,923 comments received); HUD, HUD's Implementation of the Fair Housing Act's Disparate Impact Standard, 84 Fed. Reg. 42854 (Aug. 19, 2019) (45,758 comments received).

7. In light of the updated status of HUD's final rule, Defendants respectfully submit that a status conference is no longer necessary. HUD thus moves to cancel the November 30, 2022, status conference to conserve the resources of the parties and this Court.

### CERTIFICATE OF LCvR 7(M) CONFERENCE

Pursuant to LCvR 7(m), undersigned counsel for Defendants conferred with Plaintiff's counsel regarding this motion. Plaintiff indicated that it takes no position on Defendants' motion.

### CONCLUSION

For good cause shown herein, this Court should grant Defendants' motion to cancel the November 30, 2022, status conference. A proposed order is attached.

Dated: November 23, 2022

Respectfully submitted,

SARAH HARRINGTON
Deputy Assistant Attorney General

JEANINE M. WORDEN
Associate General Counsel
for Fair Housing
JULIA DYKSTRA
PAUL I. OSADEBE
TRIAL ATTORNEYS
U.S. DEPARTMENT OF HOUSING
AND URBAN DEVELOPMENT

*Of Counsel*

LESLEY FARBY
Assistant Branch Director

s/ James D. Todd, Jr.
JAMES D. TODD, JR.
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
Ben Franklin Station
P.O. Box 883
Washington, DC 20044
(202) 305-8356
(202) 514-3378
james.todd@usdoj.gov

Attorneys for Defendants

4