UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES,<br><br>    Plaintiff,<br><br>        v.<br><br>U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*,<br><br>    Defendants. | No. 1:13-cv-00966 (RJL) |

**STATUS REPORT AND MOTION TO
CANCEL THE DECEMBER 13, 2022, STATUS CONFERENCE**

This Court's most recent Minute Order set a status conference for December 13, 2022, *see* Minute Order (November 28, 2022). On December 6, 2022, Plaintiff filed a motion with the consent of Defendants to reschedule that status conference due to Plaintiff's counsel's unavailability. *See* Pl.'s Consent Mot. to Reschedule Status Conf., ECF No. 136. Defendants file this status report on the forthcoming rule of the U.S. Department of Housing and Urban Development ("HUD") on the discriminatory effects standard under the Fair Housing Act and, for good cause shown herein, move to cancel the status conference. HUD transmitted the final rule to the Office of Management and Budget ("OMB") on December 7, 2022, and OMB now lists that rule as pending review. In support of this motion, Defendants state as follows:

1.    Plaintiff challenges the alleged failure of the U.S. Department of HUD's 2013 Discriminatory Effects Rule, *see* Implementation of the Fair Housing Act's Discriminatory Effects Standard, 78 Fed. Reg. 11460 (Feb. 15, 2013) ("the 2013 Rule"), to provide a categorical exemption to insurers providing and underwriting homeowners, property, and hazard insurance. *See* Am. Compl., ECF No. 57. The parties filed cross motions for summary judgment in 2016.

*See* Pl.'s Mot. for Sum. J, ECF No. 60; Defs.' Mot. for Sum. J., ECF No. 64.

2.     This matter was stayed for a number of years beginning in 2017, initially to allow the prior Administration to reconsider HUD's 2013 Rule, then to allow HUD time for notice and comment rulemaking. *See* Minute Orders (Feb. 8, 2017), (Feb. 1, 2018); (Feb. 7, 2018) (Mar. 30, 2018), (May 10, 2018), (July 16, 2018), (Oct. 26, 2018) (Dec. 12, 2018), (Feb. 6, 2019).

3.     This Court continued that stay while HUD proposed and then promulgated a final rule amending the 2013 rule, *see* HUD's Implementation of the Fair Housing Act's Disparate Impact Standard, 85 Fed. Reg. 60288 (Sept. 24, 2020) ("the 2020 Rule"). *See* Minute Orders (Mar. 14, 2019), (Jan. 1, 2020), (Mar. 18, 2020), (May 23, 2020), (July 21, 2020), (Aug. 18, 2020), (Sept. 14, 2020).

4.     After a district court preliminarily enjoined the 2020 rule, *see Mass. Fair Hous. Ctr. v. U.S. Dep't of Hous. & Urban Dev.*, No. 3:20-cv-11765, 2020 WL 6390143 (D. Mass. October 24, 2020), *appeal dismissed*, No. 21-1003 (1st Cir. Feb. 9, 2021), HUD published a notice in the Federal Register that it was reconsidering its 2020 rule and proposing to recodify its 2013 rule, *see* Reinstatement of HUD's Discriminatory Effects Standard, 86 Fed. Reg. 33590 (June 25, 2021) (the "Proposed Rule"). This Court continued the stay during this time, *see* Minute Orders, (Dec. 18, 2020), (Apr. 19, 2021), until this Court set and conducted a hearing on the parties' 2016 cross motions for summary judgment. *See* Minute Order (July 1, 2021), Mots. Hrg. (July 19, 2021).

5.     This Court recently set and conducted a status conference. *See* Minute Orders (Oct. 12, 2021), (Oct. 17, 2022); Status Conf. (Oct. 28, 2022). This Court then set a status conference for November 30, 2022, and ordered a representative from HUD's Office of General Counsel to be present at that hearing. *See* Minute Entry (Oct. 28, 2022). On November 28, 2022, this Court reset the status conference for December 13, 2022. *See* Minute Order (Nov. 28, 2022).

On December 6, 2022, Plaintiff filed a motion with the consent of Defendants to reschedule that status conference due to Plaintiff's counsel's unavailability. *See* Pl.'s Consent Mot. to Reschedule Status Conf., ECF No. 136.

6.     On December 7, 2022, HUD sent the final discriminatory effects rule to OMB's Office of Information and Regulatory Affairs ("OIRA"), and OIRA has accepted the rule and lists it as under review. *See* Reinstatement of HUD's Discriminatory Effects Standard (FR-6251), RIN: 2529-AB02 (Pending Review) (Dec. 7, 2022), https://www.reginfo.gov/public/do/eAgendaViewRule?pubId=202204&RIN=2529-AB02. HUD has asked OMB for expedited review of the rule and anticipates that it can transmit the final rule for publication in the Federal Register within weeks of OMB completing its review.

7.     HUD's final rule will be the result of a notice and comment rulemaking process that began on July 21, 2021, when HUD announced a Proposed Rule reconsidering the agency's 2020 Rule, *see* 85 Fed. Reg. 60288, and proposing to recodify its 2013 Rule, *see* 86 Fed. Reg. 33590. HUD gave all interested persons 60 days to provide comments, *see id*., and received over 10,000 comments, including comments received from Plaintiff. HUD has reviewed and considered those comments, as well as those received in response to prior federal register notices concerning the 2013 and 2020 Rules, *see* HUD, Reducing Regulatory Burden; Enforcing the Regulatory Reform Agenda Under Executive Order 13777, 82 Fed. Reg. 22344 (May 15, 2017) (numerous comments on disparate impact received); HUD, Reconsideration of HUD's Implementation of the Fair Housing Act's Disparate Impact Standard, 83 Fed. Reg. 28560 (June 20, 2018) (1,923 comments received); HUD, HUD's Implementation of the Fair Housing Act's Disparate Impact Standard, 84 Fed. Reg. 42854 (Aug. 19, 2019) (45,758 comments received).

8.     In light of the updated status of HUD's final rule, Defendants respectfully submit that a status conference is no longer necessary. HUD thus moves to cancel the December 13,

2022, status conference to conserve the resources of the parties and this Court. HUD will file a status report when OMB completes its review.

### CERTIFICATE OF LCvR 7(M) CONFERENCE

Pursuant to LCvR 7(m), undersigned counsel for Defendants conferred with Plaintiff's counsel regarding this motion. Plaintiff indicated that it takes no position on Defendants' motion.

### CONCLUSION

For good cause shown herein, this Court should grant Defendants' motion to cancel the December 13, 2022, status conference. A proposed order is attached.

Dated: December 7, 2022

Respectfully submitted,

SARAH HARRINGTON
Deputy Assistant Attorney General

| | |
|---|---|
| JEANINE M. WORDEN | LESLEY FARBY |
| Associate General Counsel | Assistant Branch Director |
| for Fair Housing | |
| KATHLEEN PENNINGTON | s/ James D. Todd, Jr. |
| Assistant General Counsel | JAMES D. TODD, JR. |
| for Fair Housing Enforcement | U.S. DEPARTMENT OF JUSTICE |
| JULIA DYKSTRA | Civil Division, Federal Programs Branch |
| PAUL I. OSADEBE | Ben Franklin Station |
| TRIAL ATTORNEYS | P.O. Box 883 |
| U.S. DEPARTMENT OF HOUSING | Washington, DC 20044 |
| AND URBAN DEVELOPMENT | (202) 305-8356 |
| | (202) 514-3378 |
| *Of Counsel* | james.todd@usdoj.gov |
| | |
| | Attorneys for Defendants |