UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL ASSOCIATION OF MUTUAL
INSURANCE COMPANIES,

    Plaintiff,

        v.

U.S. DEPARTMENT OF HOUSING AND
URBAN DEVELOPMENT, *et al.*,

    Defendants.

No. 1:13-cv-00966 (RJL)

**STATUS REPORT**

    Defendants submit this status report in response to this Court's January 5, 2023, Minute Order requiring Defendants to "be prepared to advise the Court at the January 13 status conference whether they have a good-faith belief that the final rule will differ meaningfully from the 2013 Rule and, if so, the basis for that belief." Minute Order (Jan. 5, 2023), and this Court's request at the December 19, 2022, status conference that, when HUD transmits its final rule to the Federal Register for publication, it simultaneously post the final rule on HUD's website. HUD has determined that, when it transmits the final rule to the Federal Register for publication, it can simultaneously post the Final Rule on its website. For the reasons set forth below, however, Defendants respectfully cannot advise the Court on whether the forthcoming Final Rule will differ from the 2013 Rule. Defendants additionally state as follows:

    1.     Plaintiff challenges the alleged failure of the U.S. Department of HUD's 2013 Discriminatory Effects Rule, *see* Implementation of the Fair Housing Act's Discriminatory Effects Standard, 78 Fed. Reg. 11460 (Feb. 15, 2013) ("the 2013 Rule"), to provide a categorical exemption to insurers providing and underwriting homeowners, property, and hazard insurance. *See* Am. Compl., ECF No. 57. The parties filed cross motions for summary judgment in 2016.

*See* Pl.'s Mot. for Sum. J, ECF No. 60; Defs.' Mot. for Sum. J., ECF No. 64.

2. This matter was stayed for a number of years beginning in 2017. *See* Minute Orders (Feb. 8, 2017), (Feb. 1, 2018); (Feb. 7, 2018) (Mar. 30, 2018), (May 10, 2018), (July 16, 2018), (Oct. 26, 2018) (Dec. 12, 2018), (Feb. 6, 2019), (Mar. 14, 2019), (Jan. 1, 2020), (Mar. 18, 2020), (May 23, 2020), (July 21, 2020), (Aug. 18, 2020), (Sept. 14, 2020), (Dec. 18, 2020), (Apr. 19, 2021).

3. During this time, HUD published a final rule amending the 2013 Rule, *see* HUD's Implementation of the Fair Housing Act's Disparate Impact Standard, 85 Fed. Reg. 60288 (Sept. 24, 2020) ("the 2020 Rule"), but the 2020 Rule was preliminarily enjoined before it went into effect, *see Mass. Fair Hous. Ctr. v. U.S. Dep't of Hous. & Urban Dev.*, No. 3:20-cv-11765, 2020 WL 6390143 (D. Mass. October 24, 2020), *appeal dismissed*, No. 21-1003 (1st Cir. Feb. 9, 2021). On June 25, 2021, HUD published a notice of proposed rulemaking in the Federal Register stating that it was reconsidering its 2020 Rule and proposing to recodify its 2013 Rule, *see* Reinstatement of HUD's Discriminatory Effects Standard, 86 Fed. Reg. 33590 (June 25, 2021) (the "Proposed Rule"). And on July 19, 2021, this Court conducted a hearing on the parties' 2016 cross motions for summary judgment. *See* Mots. Hrg. (July 19, 2021).

4. HUD reviewed the comments received in response to its Proposed Rule and prepared a draft Final Rule. On December 7, 2022, HUD sent a draft Final Rule to OMB's Office of Information and Regulatory Affairs ("OIRA"), and OIRA accepted the rule and lists it as under review. *See* Reinstatement of HUD's Discriminatory Effects Standard (FR-6251), RIN: 2529-AB02 (Pending Review) (Dec. 7, 2022), https://www.reginfo.gov/public/do/eAgendaViewRule?pubId=202204&RIN=2529-AB02. HUD has asked OIRA for expedited review of the rule and anticipates that it can transmit the Final Rule for publication in the Federal Register within weeks of OIRA completing its review. In the meantime, however, OIRA's review is ongoing, and

2

until OIRA's review concludes, for the reasons set forth below, Defendants cannot advise the Court about the contents of the draft Final Rule.

5. While the Final Rule must be a "logical outgrowth" of the Proposed Rule, *see, e.g., Agape Church v. FCC*, 738 F.3d 397, 411 (D.C. Cir. 2013), disclosure of the contents of the rule in advance of its finalization would reveal information protected by Executive privilege. The Executive Branch's deliberations with respect to the Final Rule are ongoing, and will be ongoing until OIRA's review concludes and the Final Rule is posted. The deliberative process privilege, which is a component of Executive privilege, protects the "decision making processes of government agencies." *NLRB v. Sears, Roebuck & Co*., 421 U.S. 132, 150 (1975). The privilege allows the Government to withhold documents and information "that would reveal 'advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" *In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997) (citations omitted). The privilege protects not merely documents, but also the integrity of the deliberative process itself. *See Schell v. Dep't of Health & Human Servs*., 843 F.2d 933, 940 (6th Cir. 1988). Since the draft Final Rule is now in the interagency review process, the Government is still deliberating about the contents of the Final Rule. As a result, HUD may further revise the draft Final Rule up until it publishes a Final Rule. Because that process remains ongoing and the contents of the Final Rule have not been finalized, the information requested by the Court is protected by the deliberative process privilege. Requiring disclosure about the current contents of the draft Final Rule could improperly reveal confidential interagency deliberations and would undermine the Government's decisionmaking process.

6. Executive Order No. 12,866, which governs OIRA's review of the draft Final Rule, reflects the importance of protecting agencies' deliberative processes while review is ongoing. *See* Exec. Order No. 12,866, 58 Fed. Reg. 51735 (Sept. 30, 1993), *as amended* ("E.O.

3

12,866"). Section 8 of the Order provides that "[e]xcept to the extent required by law, an agency shall not publish in the Federal Register or otherwise issue to the public any regulatory action that is subject to review under section 6 of this Executive order until (1) the Administrator of OIRA notifies the agency that OIRA has waived its review of the action or has completed its review without any requests for further consideration, or (2) the applicable time period in section 6(b)(2) expires without OIRA having notified the agency that it is returning the regulatory action for further consideration under section 6(b)(3), whichever occurs first." *Id.* § 8; *see also id*. § 6(b)(2) (generally requiring OIRA to complete its review within 90 days). OIRA has not waived its review of the draft Final Rule, and the applicable time period for OIRA review has not expired. Accordingly, barring an applicable exception, E.O. 12,866 directs Defendants not to make public the draft Final Rule or any portion thereof.

7. This Court should not proceed to a ruling until such time as HUD reviews and addresses any comments it has received through the E.O. 12,866 interagency review process, OIRA completes its review, and HUD publishes the Final Rule in the Federal Register. HUD's forthcoming Final Rule cannot yet be considered final agency action, and, until that time, there is not a closed record of decision-making on Plaintiff's challenge to the 2013 Rule for this Court to review. *See* 5 U.S.C. § 704; *Bennett v. Spear*, 520 U.S. 154, 175 (1997); *Am. Petrol. Inst. v. EPA*, 683 F.3d 382, 386–37 (D.C. Cir. 2012); *Sprint Corp. v. FCC*, 331 F.3d 952, 956 (D.C. Cir. 2003). And in the absence of final agency action, Plaintiff's challenge cannot be considered ripe for this Court's review. *See Ohio Forestry Ass'n v. Sierra Club*, 523 U.S. 726, 732 (1998) (all lawsuits must be "ripe for court review" in order to be justiciable); *Abbott Labs. v. Gardner*, 387 U.S. 136, 148–49 (1967) (ripeness requirement "protect[s] the agencies from judicial interference until an administrative decision has been formalized"); *Sprint Corp. v. FCC*, 331 F.3d 952, 956 (D.C. Cir. 2003) ("Final agency action ... is a crucial prerequisite to ripeness."); *see also Amerijet*

*Int'l, Inc. v. Pistole*, 753 F.3d 1343, 1353 (D.C. Cir. 2014).

8.  Nor should this Court rule on the merits of Plaintiff's challenge until: (i) Plaintiff has had an opportunity to evaluate the Final Rule, and if, Plaintiff deems necessary, amends its Complaint; and (ii) HUD has supplemented the Administrative Record with additional record materials relevant to Plaintiff's challenge. The APA directs the Court to "review the whole record or those parts of it cited by a party." 5 U.S.C. § 706. This requires the Court to review "the full administrative record that was before the Secretary at the time he made h[er] decision." *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 420 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99. HUD's Final Rule will be the result of a notice and comment rulemaking process that began on July 21, 2021, when HUD announced a Proposed Rule reconsidering the agency's 2020 Rule, *see* 85 Fed. Reg. 60288, and proposing to recodify its 2013 Rule, *see* 86 Fed. Reg. 33590. HUD received over 10,000 comments, including comments received from Plaintiff. HUD has reviewed and considered those comments, as well as those received in response to prior federal register notices concerning the 2013 and 2020 Rules, *see* HUD, Reducing Regulatory Burden; Enforcing the Regulatory Reform Agenda Under Executive Order 13777, 82 Fed. Reg. 22344 (May 15, 2017) (numerous comments on disparate impact received); HUD, Reconsideration of HUD's Implementation of the Fair Housing Act's Disparate Impact Standard, 83 Fed. Reg. 28560 (June 20, 2018) (1,923 comments received); HUD, HUD's Implementation of the Fair Housing Act's Disparate Impact Standard, 84 Fed. Reg. 42854 (Aug. 19, 2019) (45,758 comments received). All of these materials will be part of the Administrative Record of HUD's forthcoming Final Rule. HUD anticipates that it can serve these additional record materials on Plaintiff within 30 days of the Final Rule's publication in the Federal Register. Accordingly, this Court should not proceed to a ruling until it has before it the complete Administrative Record in this case, "or those parts of it cited by a party." 5 U.S.C. § 706.

9.  HUD will file a status report when OIRA completes its review and again when HUD posts the Final Rule.

Dated: January 12, 2023

Respectfully submitted,

SARAH HARRINGTON
Deputy Assistant Attorney General

JEANINE M. WORDEN
Associate General Counsel
for Fair Housing
KATHLEEN PENNINGTON
Assistant General Counsel
for Fair Housing Enforcement
JULIA DYKSTRA
PAUL I. OSADEBE
TRIAL ATTORNEYS
U.S. DEPARTMENT OF HOUSING
AND URBAN DEVELOPMENT

*Of Counsel*

LESLEY FARBY
Assistant Branch Director

s/ James D. Todd, Jr.
JAMES D. TODD, JR.
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
Ben Franklin Station
P.O. Box 883
Washington, DC 20044
(202) 305-8356
(202) 514-3378
james.todd@usdoj.gov

Attorneys for Defendants