UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*,<br><br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>)  No. 1:13-cv-00966 (RJL)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF GOVERNMENT FILING IN RELATED CASE

Plaintiff National Association of Mutual Insurance Companies writes to update the Court regarding the Department of Justice's recent filing of a "Statement of Interest of the United States" in a private litigation seeking to enforce the 2013 Disparate Impact Rule against a tenant screening company and a housing provider.  *See Louis, et al.* v. *SafeRent Solutions et al.*, Civ. No. 22-10800 (D. Mass.).  In that putative class action, plaintiffs allege that defendants' use of a tenant screening software algorithm produces a disparate impact on Black and Hispanic rental applicants in violation of the 2013 Rule.  On October 27, 2022, defendants filed motions to dismiss, arguing, *inter alia*, that plaintiffs' allegations do not satisfy the "robust causality" requirement mandated by *Texas Department of Housing & Community Affairs* v. *Inclusive Communities Project, Inc.*, 576 U.S. 519, 543 (2015), and that plaintiffs' theory of liability would impermissibly require "pervasive and explicit" consideration of race.  *See* Dkt. Nos. 29-32.  Those arguments closely resemble arguments currently pending before this Court.

On January 9, 2023, the Department of Justice filed a "Statement of Interest of the United States" in the *SafeRent* litigation.  *See* Dkt. No. 37.  The Department of Justice argues, among other

things, that plaintiffs have no obligation to allege specific facts establishing that a challenged policy is "artificial, arbitrary, and unnecessary," and that *Inclusive Communities* does not require a heightened causality requirement for disparate impact claims. *Id.* at 7, 11; *but see Inclusive Communities*, 576 U.S. at 542-543 (noting that "policies are not contrary to the disparate-impact requirement unless they are 'artificial, arbitrary, and unnecessary,'" and discussing the necessity of a "robust causality requirement" and close judicial scrutiny of a plaintiff's prima facie case).

The federal government's decision to file a statement in support of the plaintiffs in that case illustrates the importance of moving expeditiously to finalize the forthcoming rule. If the federal government is proactively seeking to enforce the 2013 Rule, it should be willing to defend that same rule from challenge.

                                        Respectfully submitted,

                                        /s/ Kannon K. Shanmugam
                                        Kannon K. Shanmugam (#474304)
                                        PAUL, WEISS, RIFKIND,
                                           WHARTON & GARRISON LLP
                                        2001 K Street, N.W.
                                        Washington, DC 20006
                                        Telephone: (202) 223-7300
                                        Facsimile: (202) 223-7420
                                        kshanmugam@paulweiss.com

                                        *Counsel for Plaintiff*
                                        *National Association*
                                        *of Mutual Insurance Companies*

January 27, 2023