UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES,<br><br>    Plaintiff,<br><br>        v.<br><br>U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*,<br><br>    Defendants. | No. 1:13-cv-00966 (RJL) |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF GOVERNMENT FILING

This Court should disregard Plaintiff's latest notice of filing, *see* Not. of Gov't Filing in Related Case, ECF No. 140, because the case it refers to does not relate to this matter and because the notice only seeks to draw this Court's attention to the unremarkable fact that the final rule that Plaintiff challenges here, *see* U.S. Department of Hous. & Urban Devel. ("HUD"), Implementation of the Fair Housing Act's Discriminatory Effects Standard, 78 Fed. Reg. 11460 (Feb. 15, 2013) ("the 2013 Rule"), remains in effect.

The case which Plaintiff asserts is related to this case is a private putative class-action lawsuit brought by potential tenants against a tenant-screening company and a commercial landlord, *not* against a home insurer such as one of Plaintiff's members. *See* Compl. ¶¶ 19–20, *Louis, et al., v. SafeRent Solutions, LLC, et al.*, No. 1:22-cv-10800 (D. Mass. May 25, 2022), ECF No. 1. The *Louis* plaintiffs allege that the defendants' policies and practices have a disproportionate impact on Black and Hispanic rental applicants. *See id.*, Count One, ¶¶ 114-20, Count Two, ¶¶ 121–27. The defendants moved to dismiss on the grounds that the plaintiffs' complaint failed to allege sufficient facts to state a claim for relief, including allegations that the

challenged policy is "artificial, arbitrary, and unnecessary." Def. Metro. Mgmt. Group LLC's Mem. in supp. of Mot. to Dismiss, at 7-9, *Louis, et al., v. SafeRent Solutions, LLC, et al.*, No. 1:22-cv-10800 (D. Mass. Oct. 27, 2022), ECF Nos. 31; Def. SafeRent Solutions' Mem. in supp. of Mot. to Dismiss, at 7-9, *Louis, et al., v. SafeRent Solutions, LLC, et al.*, No. 1:22-cv-10800 (D. Mass. Oct. 27, 2022), ECF No. 33. The United States filed a statement of interest explaining, among other things, that the defendants' motions had improperly sought to conflate the burden-shifting standard for *pleading* a discriminatory-effects claim with the burden-shifting standard for *proving* such a claim. *See* Statement of Interest by the U.S., at 8, *Louis, et al., v. SafeRent Solutions, LLC, et al.*, No. 1:22-cv-10800 (D. Mass. Jan. 9, 2023), ECF No. 37.

      None of this is relevant to Plaintiff's challenge in the present dispute, in which Plaintiff brings a facial challenge to the 2013 Rule's alleged failure to provide a categorical exemption to insurers providing and underwriting homeowners, property, and hazard insurance. *See* Am. Compl., ECF No. 57. If anything, the fact that Plaintiff cites a lawsuit in which private plaintiffs bring a discriminatory effects challenge against non-insurer defendants highlights Plaintiff's continuing failure to demonstrate any concrete and particularized injury to its members arising from the 2013 Rule. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2212 (2021); *Animal Legal Def. Fund, Inc. v. Espy*, 23 F.3d 496, 500 (D.C. Cir. 1994); *Laufer v. Alamac Inc.*, No. 1:20-cv-2206-TNM, 2021 WL 1966574, at *7 (D.D.C. May 17, 2021). *Louis* also demonstrates that individual, fact-specific litigation arising in the context of a concrete injury, rather than Plaintiff's abstract facial challenge, is the appropriate forum for resolving judicially-cognizable concerns about the 2013 Rule. *See Toilet Goods Ass'n v. Gardner*, 387 U.S. 158, 164 (1967). Plaintiff's abstract challenge to HUD's Rule presents "the classic institutional reason to postpone review" until an actual controversy arises, which is the "need to wait for 'a rule to be applied [to see] what its effect will be.'" *La. Envt'l Action Network v. Browner*, 87 F.3d 1379, 1385 (D.C.

Cir. 1996) (quoting *Diamond Shamrock. v. Costle*, 580 F.2d 670, 674 (D.C. Cir. 1978)).

This Court should disregard Plaintiff's notice.

Dated: January 31, 2023

Respectfully submitted,

SARAH HARRINGTON
Deputy Assistant Attorney General

JEANINE M. WORDEN
Associate General Counsel
for Fair Housing
KATHLEEN PENNINGTON
Assistant General Counsel
for Fair Housing Enforcement
JULIA DYKSTRA
PAUL I. OSADEBE
TRIAL ATTORNEYS
U.S. DEPARTMENT OF HOUSING
AND URBAN DEVELOPMENT

*Of Counsel*

LESLEY FARBY
Assistant Branch Director

s/ James D. Todd, Jr.
JAMES D. TODD, JR.
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
Ben Franklin Station
P.O. Box 883
Washington, DC 20044
(202) 305-8356
(202) 514-3378
james.todd@usdoj.gov

Attorneys for Defendants