UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES,<br><br>    Plaintiff,<br><br>        v.<br><br>U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*,<br><br>    Defendants. | No. 1:13-cv-00966 (RJL) |

## DEFENDANT'S STATUS REPORT AND OPPOSITION
## TO PLAINTIFF'S MOTION FOR A STATUS CONFERENCE

On March 17, 2023: (i) the Office of Information and Regulatory Affairs ("OIRA"), completed its review of a Final Rule prepared by the U.S. Department of Housing and Urban Development ("HUD") reinstating the agency's 2013 discriminatory effects standard; (ii) HUD published the Final Rule on its website, *see* HUD, Reinstatement of HUD's Discriminatory Effects Standard (March 17, 2023), https://perma.cc/UEE9-FW9K; and (iii) HUD transmitted the Final Rule to the Federal Register for publication. The Final Rule will take effect 30 days after its publication in the Federal Register. *See id*. at 1. Additionally, HUD has begun assembling the Administrative Record for the Final Rule and currently anticipates that it can serve the record on Plaintiff within 30 days. Finally, HUD contacted Plaintiff to begin meeting and conferring about these developments and to confer on a proposed a schedule for the efficient resolution of this matter. As a result of these developments, this Court should deny Plaintiff's motion for a status conference because the reasons for requesting the conference are moot.

Defendants additionally state as follows:

1. Plaintiff challenges the alleged failure of the HUD's 2013 Discriminatory Effects

Rule, *see* Implementation of the Fair Housing Act's Discriminatory Effects Standard, 78 Fed. Reg. 11460 (Feb. 15, 2013) ("the 2013 Rule"), to provide a categorical exemption to insurers providing and underwriting homeowners, property, and hazard insurance. *See* Am. Compl., ECF No. 57. The parties filed cross motions for summary judgment in 2016. *See* Pl.'s Mot. for Sum. J, ECF No. 60; Defs.' Mot. for Sum. J., ECF No. 64.

2.   This matter was stayed for a number of years beginning in 2017 to promote judicial economy and conserve the parties' resources. *See* Minute Orders (Feb. 8, 2017), (Feb. 1, 2018); (Feb. 7, 2018) (Mar. 30, 2018), (May 10, 2018), (July 16, 2018), (Oct. 26, 2018) (Dec. 12, 2018), (Feb. 6, 2019), (Mar. 14, 2019), (Jan. 1, 2020), (Mar. 18, 2020), (May 23, 2020), (July 21, 2020), (Aug. 18, 2020), (Sept. 14, 2020), (Dec. 18, 2020), (Apr. 19, 2021).

3.   During this time, HUD published a final rule amending the 2013 Rule, *see* HUD's Implementation of the Fair Housing Act's Disparate Impact Standard, 85 Fed. Reg. 60288 (Sept. 24, 2020) ("the 2020 Rule"), but the 2020 Rule was preliminarily enjoined before it went into effect, *see Mass. Fair Hous. Ctr. v. U.S. Dep't of Hous. & Urban Dev.*, No. 3:20-cv-11765, 2020 WL 6390143 (D. Mass. October 24, 2020), *appeal dismissed*, No. 21-1003 (1st Cir. Feb. 9, 2021). On June 25, 2021, HUD published a notice of proposed rulemaking in the Federal Register stating that it was reconsidering its 2020 Rule and proposing to recodify its 2013 Rule, *see* Reinstatement of HUD's Discriminatory Effects Standard, 86 Fed. Reg. 33590 (June 25, 2021) (the "Proposed Rule"). And on July 19, 2021, this Court conducted a hearing on the parties' 2016 cross motions for summary judgment. *See* Mots. Hrg. (July 19, 2021).

4.   On March 17, 2023: (i) the Office of Information and Regulatory Affairs ("OIRA"), completed its review of a Final Rule prepared by the U.S. Department of Housing and Urban Development ("HUD") reinstating the agency's 2013 discriminatory effects standard; (ii) HUD published the Final Rule on its website, *see* cite; and (iii) HUD transmitted the Final

Rule to the Federal Register for publication. The Final Rule will take effect 30 days after its publication in the Federal Register.

5. HUD has begun assembling the Administrative Record for the Final Rule and currently anticipates that it can serve the record on Plaintiff within 30 days.

6. On March 17, 2023, HUD contacted Plaintiff to begin meeting and conferring about these developments and to confer on developing a proposed a schedule for the efficient resolution of this matter.

7. In light of these developments, this Court should deny Plaintiff's motion for a status conference because the reasons for requesting the conference are moot.

Dated: March 17, 2023

                                           Respectfully submitted,

SARAH HARRINGTON
Deputy Assistant Attorney General

LESLEY FARBY
Assistant Branch Director

s/ James D. Todd, Jr.
JAMES D. TODD, JR.
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
Ben Franklin Station
P.O. Box 883
Washington, DC 20044
(202) 305-8356
(202) 514-3378
james.todd@usdoj.gov

Attorneys for Defendants