UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF MUTUAL INSURANCE COMPANIES,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*,<br><br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>) No. 1:13-cv-00966 (RJL)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF RELATED LITIGATION

Plaintiff National Association of Mutual Insurance Companies writes to notify this Court of recent litigation in the Northern District of Illinois that illustrates the flaws in defendant Department of Housing and Urban Development's arguments in its supplemental brief of May 5, 2023. In *Huskey* v. *State Farm Fire & Casualty Co.*, Civ. No. 22-7014, several plaintiffs are pursuing a prospective class action against State Farm Fire & Casualty Company, one of plaintiff's members, alleging a disparate-impact theory of racial discrimination under the Fair Housing Act. *Huskey*, Dkt. 23, at 6. Based almost entirely on statistical disparities, the *Huskey* plaintiffs argue that State Farm is subject to liability simply for using a partially automated claims-processing system that allegedly produces disproportionate delays in the approval of claims submitted by black homeowners as compared to those submitted by white homeowners. *Id.* at 2. The *Huskey* plaintiffs not only contend that the Fair Housing Act authorizes disparate-impact suits against home insurers, but expressly rely on the 2023 Disparate-Impact Rule as authority for that contention. *See Huskey*, Dkt. 33, at 7 n.2.

In its supplemental brief, HUD argued that plaintiff's challenge here is unripe in part because plaintiff "has failed to produce any record evidence of any litigation or enforcement actions against

its members in the ten years since the 2013 Rule was promulgated." Dkt. 150, at 30-31. In response, plaintiff noted that the lack of enforcement actions was irrelevant because "HUD could simply be declining to bring such enforcement actions until this litigation is resolved," and because courts "normally do not require plaintiffs to bet the farm by taking the violative action before testing the validity of the law." Dkt. 151, at 4 (citing *Free Enterprise Fund* v. *Public Company Accounting Oversight Board*, 561 U.S. 477, 490 (2010)). Plaintiffs also noted that "courts are already relying on the 2023 rule in private disparate-impact housing suits," citing several such suits. *Id.* at 4-5.

The *Huskey* litigation demonstrates that HUD's argument is wrong even on its own terms. *Huskey* is precisely an example of FHA "litigation or enforcement actions against [one of plaintiff's] members in the ten years since the 2013 Rule was promulgated." What is more, the plaintiffs in that litigation are invoking the very rule that HUD argues is not yet ripe for challenge.

        Respectfully submitted,

        /s/ Kannon K. Shanmugam
        Kannon K. Shanmugam (#474304)
        PAUL, WEISS, RIFKIND,
         WHARTON & GARRISON LLP
        2001 K Street, N.W.
        Washington, DC 20006
        (202) 223-7300
        kshanmugam@paulweiss.com

July 20, 2023